UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS O'NEAL,

    Plaintiff,

v.                                                    Case No. 8:20-cv-936-KKM-AAS

CDB AMERICAN FRANCHISE SYSTEM,
INC.; CDB AMERICAN SHAMAN,
LLC; SHAMAN BOTANICALS, INC.;
FLORIDA SHAMAN PROPERTIES, LLC;
BRANDON CARNES; and KATELYN SIGMAN,

    Defendants.
_____/

**ORDER**

Plaintiff Thomas O'Neal moves for the entry of a charging lien on Defendant Brandon Carnes's membership interest in these nine Missouri limited liability companies: (1) F&B, LLC; (2) BC Convenience, LLC; (3) Dynamic Distribution, LLC; (4) Missouri A.S. Properties, LLC; (5) AS Mission Wellness, LLC; (6) Arizona AS Properties, LLC; (7) Colorado Shaman Properties, LLC; (8) Eighty8 Investments, LLC; and (9) Vast Distribution, LLC (collectively, the Missouri LLCs). (Doc. 82, p.1).

Mr. O'Neal obtained judgment against Mr. Carnes and others for $608,400.00. (Doc. 78). Under Federal Rule of Civil Procedure 69(a), the procedure for executing judgment "must accord with the procedure of the state

1

where the court is located." Fed. R. Civ. P. 69(a)(1). Thus, Florida procedure for executing judgments applies here.

Florida Statute 605.0503(1) provides:

> On application to a court of competent jurisdiction by a judgment creditor of a member or a transferee, the court may enter a charging order against the transferable interest of the member or transferee for payment of the unsatisfied amount of the judgment with interest. Except as provided in subsection (5), a charging order constitutes a lien upon a judgment debtor's transferable interest and requires the limited liability company to pay over to the judgment creditor a distribution that would otherwise be paid to the judgment debtor.

This court must therefore determine whether it has competent jurisdiction to issue a charging order against Mr. Carnes's membership interests in the Missouri LLCs.

Florida Statute § 605.0501 states that transferable interests in limited liability companies, like membership interests, are personal property. Florida courts have established that membership and other transferable interests in limited liability companies are intangible personal property that "accompan[y] the person of the owner." *Wells Fargo Bank, N.A. v. Barber*, 85 F. Supp. 3d 1308, 1315–16 (M.D. Fla. 2015) (*citing Beverly Beach Props. v. Nelson*, 68 So.2d 604, 611 (Fla.1953)). As such, membership interests in foreign LLCs (like the Missouri LLCs here) may be subject to a charging order issued by a Florida

court if the other jurisdictional requirements are satisfied.

"Florida courts do not have in rem or quasi in rem jurisdiction over foreign property." *Sargeant v. Al–Saleh*, 137 So.3d 432, 434 (Fla. Dist. Ct. App. 2014) (citations omitted). The cases favorably cited by Mr. O'Neal in his motion confirm this requirement. *See Wells Fargo Bank, N.A. v. Barber*, 85 F. Supp. 3d 1308, 1315 (M.D. Fla. 2015) ("Therefore, *because Barber resides in Florida*, Barber's membership interest in Blaker is located with her in Florida and is properly subject to in rem jurisdiction in this state"); *In re McCuan*, 2018 WL 11206025, *5 (Bankr. M.D. Fla. Feb. 13, 2018) ("Here, there is no dispute that this Court has personal jurisdiction over Jill McCuan *because her primary residence is in Florida*").

Mr. O'Neal failed to establish Mr. Carnes's membership interests in the Missouri LLCs are sufficiently domestic to Florida to establish *in rem* or *quasi in rem* jurisdiction. Instead, Mr. Carnes is a Kansas resident with membership interests in limited liability companies solely domestic to Missouri. (*See* Doc. 6, Doc. 82–1). As such, this court cannot exercise jurisdiction over Mr. Carnes's membership interests in the Missouri LLCs.

Accordingly, Mr. O'Neal's motion for a charging lien on Mr. Carnes's limited liability company interests in the Missouri LLCs is **DENIED**.

**ORDERED** in Tampa, Florida on August 20, 2021.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge