UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS O'NEAL,

    Plaintiff,

v.                                                     Case No. 8:20-cv-936-KKM-AAS

AMERICAN SHAMAN FRANCHISE SYSTEM,
LLC; CBD AMERICAN SHAMAN,
LLC; SHAMAN BOTANICALS, LLC;
SVS ENTERPRISES, LLC; STEPHEN
VINCENT SANDERS II; BRANDON CARNES;
and FRANCIS KALAIWAA,

    Defendants.
_____/

## ORDER

Defendants American Shaman Franchise System, LLC, CBD American Shaman, LLC, Shaman Botanicals, LLC, SVS Enterprises, LLC, Stephen Vincent Sanders II, and Francis Kalaiwaa (collectively, the Shaman Defendants) move for entry of a case management order and stay of further discovery "until the case management requirements of Local Rule 3.02 are completed." (Doc. 186, p. 1). Plaintiff Thomas O'Neal opposes the motion. (Doc. 187).

Mr. O'Neal argues post-judgment supplementary proceedings under Florida law "obviat[e] the need for a separate action to collect on the judgment",

1

and thus also do not require entry of a case management order, because the purpose of supplementary proceedings is merely "to aid the holder of a valid and outstanding execution to ferret out what assets the judgment debtor may have or what property of his others may be holding for him." (Doc. 187, p. 4) (*citing Katzman v. Comprehensive Care Corp.*, No. 8:17-cv-2107-SDM-AEP, 2017 WL 4944802, at *2 (M. D. Fla. Nov. 1, 2017) (internal citations omitted)). This is broadly correct. *See Id.* at *3 ("Section 56.29 provides a summary equitable procedure through which a plaintiff can identify and recover the judgment debtor's assets").

However, Mr. O'Neal's supplemental complaint does not seek to merely discover where Mr. Carnes' assets lie. To the contrary, Mr. O'Neal alleges multiple violations of the Florida Uniform Fraudulent Transfer Act (Counts II and III) as well as claims of common law conspiracy (Count I), unjust enrichment (Count IV), and equitable lien (Count V). (Doc. 161, p. 7–18). Thus, Mr. O'Neal's supplemental complaint is effectively an independent civil action. *Walton v. St. Paul Fire & Marine Ins. Co.*, No. 0:17-cv-61391-WPD, 2018 WL 5098965, at *4 (S.D. Fla. Aug. 10, 2018), *report and recommendation adopted in part*, 2018 WL 5098833 (S.D. Fla. Sept. 4, 2018) ("proceedings supplementary brought under the fraudulent transfers subsection of Fla. Stat.

§ 56.29 are deemed independent civil actions"). Therefore, a case management order is warranted.

Further, courts in this district have held that "[m]otions to [s]tay discovery may be granted pursuant to Rule 26(c), Fed. R. Civ. P., and the moving party bears the burden of showing good cause and reasonableness." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citations omitted). The Middle District Handbook on Civil Discovery Practice states:

> Normally, the pendency of a motion to dismiss or a motion for summary judgment will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion. Such motions for stay are rarely granted. However, unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden.

Middle District Discovery (2021) § I.E.4.

The multiple dispositive motions currently pending before the court, coupled with the one-sided[1] nature of existing discovery requests in this matter, present good cause and unusual circumstances justifying a stay of discovery. The Shaman Defendants' Motion for Entry of a Case Management Order and Stay of Further Discovery (Doc. 186) is **GRANTED**. By **April 1, 2022**, the parties must conduct a planning conference as described in Local

---

[1] Mr. O'Neal had served requests for production on "twenty-eight (28) categories of relevant documents" as well as a subpoena *duces tecum* on David L. Luck, an attorney that represented some of the Shaman Defendants in the underlying litigation. (Doc. 187, p. 3).

Rule 3.02, M.D. Fla. The parties must file a case management report by **April 15, 2022**. Discovery is **STAYED** pending the entry of a case management order.

**ORDERED** in Tampa, Florida on March 10, 2022.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge