UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS O'NEAL,

    Plaintiff,

v.                                            Case No. 8:20-cv-0936-KKM-AAS

AMERICAN SHAMAN FRANCHISE
SYSTEM, LLC, et al.,

    Defendants.
_____

## ORDER

In this post-judgment proceeding, Plaintiff Thomas O'Neal filed a Supplemental Complaint in Aid of Execution against Defendants American Shaman Franchise Systems, LLC; CBD American Shaman, LLC; Shaman Botanicals, LLC; SVS Enterprises, LLC; Stephen Vincent Sanders II; Francis Kalaiwaa; (collectively, the Shaman Defendants) and Brandon Carnes. (Doc. 161.) Specifically, O'Neal brings fraudulent transfer claims under Florida law against Carnes to recover the value of a judgment he obtained in the underlying proceeding. (*Id.*) The Shaman Defendants move for judgment on the pleadings, (Doc. 184), and three of them move for retroactive judicial approval of a settlement agreement with O'Neal—which includes a settlement of FLSA claims—in the underlying proceeding. (Doc. 177.) The Magistrate Judge recommends denying both motions. (Doc. 213.) The

1

Shaman Defendants object to the Magistrate Judge's recommendations. (Doc. 224.)

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by the magistrate judge, the district court must conduct a de novo review of that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019) (Steel, J.).

The Court agrees with the Magistrate Judge that the Shaman Defendants are not entitled to retroactive judicial approval of their settlement agreement because the parties' joint stipulation of dismissal under Rule 41(a)(1)(A)(ii) divested this Court of jurisdiction to review and approve the settlement agreement. (Doc. 213); *see Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1277 (11th Cir. 2012) ("[T]he plain language of Rule 41(a)(1)(A)(ii) requires that a stipulation filed pursuant to that subsection is self-executing," "dismisses the case," and "divests the district court of jurisdiction."); *Absolute Activist Value Master Fund Ltd. v. Devine*, 998 F.3d 1258, 1265 (11th Cir. 2021). Therefore, the objection is overruled as to the FLSA approval motion.

But the Court agrees with the Shaman Defendants that they are entitled to

judgment on the pleadings because O'Neal executed a settlement releasing the claims that O'Neal now asserts. (Doc. 224.) Start with the typical case. Ordinarily, settlement of cases and claims "is a matter commended to the discretion of the parties." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1348 (M.D. Fla. 2010) (Merryday, J.). Parties may settle without court approval. *See, e.g.*, Fed. R. Civ. P. 41(a); Local Rule 3.09; *see also Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1263 (M.D. Ala. 2003) ("In most cases when the parties settle, the court does not examine or approve their agreements; the settlements are purely private contracts.").

Once executed, those settlements are binding according to their terms, just like any other contract. *See Williams v. Ingram*, 605 So. 2d 890, 893 (Fla. 1st DCA 1992) ("[S]ettlement agreements [in Florida] are to be interpreted and governed by the law of contracts."). A party who later regrets his decision to settle cannot sue again on the same claims, as his prior agreement prevents him.

Applied here, the result is simple. O'Neal executed a settlement agreement in which he agreed to release claims against Shaman Defendants in exchange for money.[1] (Doc. 180-1.) That release includes the claims that O'Neal reasserts here. Thus, the settlement

---

[1] The Court may consider the release as a basis for granting judgment on the pleadings because it is central to O'Neal's claims and its authenticity is undisputed. (Doc. 185 at 5); *see Sherrod v. Sch. Bd. of Palm Beach Cnty.*, 550 F. App'x 809, 811–12 (11th Cir. 2013) (release attached to a motion to dismiss could be considered because it was central to the plaintiff's claim and its authenticity was undisputed); *see also Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (Rule 12(b)(6) incorporation-by-reference doctrine applies to Rule 12(c) cases).

3

precludes this suit (or entitles the Shaman Defendants to judgment) unless the agreement is unenforceable.

O'Neal argues this suit is not a typical case because his settlement included a (purported) release of FLSA overtime and minimum wage claims. He posits that inclusion of FLSA claims renders the entire settlement unenforceable. He is mistaken.

As O'Neal explains, the FLSA is exceptional. Not only does the FLSA entitle employees to a minimum wage and to overtime pay, *see* 29 U.S.C. §§ 206–207, it also gives these entitlements unique protection. As in the ordinary case, an employee who sues to vindicate his FLSA rights may settle those FLSA claims and terminate the case. *See Casso-Lopez v. Beach Time Rental Suncoast, LLC*, 335 F.R.D. 458, 461 (M.D. Fla. 2020) (Merryday, J.). But there is a catch for the employer. The employee may reassert his FLSA claims in a new suit unless the Secretary of Labor or a district court approved the settlement as fair. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). That protection arises from the Eleventh Circuit's opinion in *Lynn's Food*, wherein it explained that "FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." *Id.* at 1352 (quoting *Barrentine v. Arkansas–Best Freight Sys.*, 450 U.S. 728, 740 (1981)).[2] Thus, a settlement of FLSA claims is not

---

[2] There is little, "if any, statutory basis for a requirement that the district court approve a settlement." *Casso-Lopez*, 335 F.R.D. at 460 n.*. Relying on the purposes of the FLSA, the Supreme Court has held that a

enforceable unless the district court approves it as fair. *See Lynn's Food*, 679 F.2d at 1352–53.

The parties' settlement here was not approved by the Secretary of Labor or a district court. So, as the parties agree, the settlement does not release O'Neal's FLSA claims. After signing the agreement and jointly stipulating to the dismissal of the case, O'Neal was free to sue the Shaman Defendants again under the FLSA. He still is.

But O'Neal asks for more. In effect, he argues that the FLSA's extraordinary protections should be extended to non-FLSA claims if the dismissed action also included FLSA claims. O'Neal's arguments in support of expansion are unavailing.

Most troubling, there is no statutory basis for expansion. The FLSA creates wages and overtime claims and—according to *Lynn's Food*—protects those claims from unsupervised compromise. But the FLSA does not protect every claim an employee brings against an employer. And there is no statutory reason to think the FLSA protects non-FLSA claims simply because they are included in a joint settlement.

O'Neal identifies no caselaw extending the *Lynn's Food* judicial-approval requirement to non-FLSA claims. Instead, he points to language suggesting that a court

---

private agreement cannot alter or avoid the requirements of the FLSA. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1232–35 (M.D. Fla. 2010) (Merryday, J.) (explaining these decisions at length). Even apart from the merits of those decisions, the propriety of extending their reasoning to deprive "an employee [of] the right to settle, in good faith, a bona [fide] controversy with his employer"—as *Lynn's Food* does—is a matter worth reconsidering. *Atlantic Co. v. Broughton*, 146 F.2d 480, 483 (5th Cir. 1944) (Waller, J., dissenting).

5

may need to review an entire settlement agreement—including the resolution of non-FLSA claims—to ensure that the compromise of the FLSA claims is fair. Perhaps so. Judges in this District certainly follow that practice. But the point is irrelevant. The parties agree that O'Neal's FLSA claims were not compromised in the settlement agreement; nothing said there prevents O'Neal from bringing those claims again.

O'Neal presses on, arguing that the terms of the agreement were unfair. He suggests that the Shaman Defendants leveraged the payment of his overtime and minimum wage claims to extract a broad release of other claims. Of course, if he believes that the settlement of his FLSA claims was unfair, he may reassert his FLSA claims. But otherwise, parties are free to release their legal claims without court supervision. Neither the FLSA nor binding caselaw compel a separate fairness finding for a settlement of non-FLSA claims. *Cf. Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1247 (M.D. Fla. 2010) (Merryday, J.) ("As an initial matter, the district court must determine whether the employee purports to compromise an FLSA right."); *Dumas v. 1 Able Reality, LLC*, No. 617-cv-765, 2018 WL 5020134, at *2 (M.D. Fla. Mar. 9, 2018) (Spaulding, Mag. J.) (reasoning that no fairness finding is necessary for FLSA retaliation claims). So, a settlement releasing non-FLSA claims is binding unless it violates contract law.

O'Neal does not identify a reason in contract law that the settlement is ineffectual.[3]

---

[3] Although O'Neal did not attach it to his complaint, it is proper to consider the settlement because it is central to his claims and of undisputed authenticity. *See Moore v. Camden Prop. Tr.*, 816 F. App'x 324,

Of course, *Lynn's Food* renders the settlement of the FLSA claims unenforceable. But that does not affect the validity of the settlement as a whole. The agreement's severability clause explains that if one provision or portion of the agreement is unlawful, the rest remains binding. (Doc. 180-1 at 3.) Under Florida law, a severability clause saves a partially unlawful contract from complete invalidity if valid promises remain on both sides. *See 4927 Voorhees Rd., LLC v. Tesoriero*, 291 So. 3d 668, 671 (Fla. 2d DCA 2020). Here, each party promises something of value even after excising the release of the FLSA claims: the Shaman Defendants receive the release of all non-FLSA claims (including future claims arising out of the matter) and O'Neal receives the settlement money. To be sure, O'Neal does not contend that the released claims do not include the claims he asserts here against the Shaman Defendants, and the plain language of the contract captures them. (*See* Doc. 180-1 at 3–4 ("[T]he Parties . . . forever and irrevocably release and discharge . . . any and all 'Claims' . . . that the Parties . . . have had, now have, or hereafter can or shall have against any of the other Released Parties."); *id.* at 4 ("The term 'Claims' shall mean any and all past, present or future claims, demands, obligations, actions, causes of action, . . . which the Plaintiff now has, or which may hereafter accrue or otherwise be acquired, on account of, or may in any way grow out of, or which are in any way related to . . . O'Neal's alleged employment with Shaman or otherwise relate to O'Neal's relationship with

327 n.3 (11th Cir. 2020); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

7

Shaman.").)

In sum, this case is a typical one. Despite the inclusion of FLSA claims, the settlement binds O'Neal to his promise to release his non-FLSA claims. His attempt to reassert those claims violates that agreement. Thus, the Shaman Defendants are entitled to judgment on the pleadings.

Accordingly, the following is **ORDERED**:

1. The Shaman Defendants' objection (Doc. 224) as to the Motion for Judgment on the Pleadings is **SUSTAINED**. The Magistrate Judge's Report and Recommendation (Doc. 213) is otherwise **ADOPTED** and made a part of this Order for all purposes.

2. The Shaman Defendants' Motion for Judgment on the Pleadings (Doc. 184) is **GRANTED** and their Motion for Court Approval of FLSA Settlement (Doc. 177) is **DENIED**.

3. In the light of the above, the remaining pending motions are **DENIED without prejudice as moot.**

4. The parties are directed to submit a joint notice by **July 22, 2022,** that proposes new case management deadlines, including deadlines for the counterclaims and any motion for attorney's fees, in the light of this order.

**ORDERED** in Tampa, Florida, on July 11, 2022.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge