# EXHIBIT 1

**Declaration of Leigh Geither**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS O'NEAL,

                    Plaintiff,

v.                                                    Case No. 8:20-cv-00936-KKM-AAS

BRANDON M. CARNES, et al.,

                    Defendants.

## DECLARATION OF LEIGH GEITHER

**I, Leigh Geither, declare as follows:**

1.      I am the Chief Financial Officer (CFO) for CBD American Shaman, LLC, American Shaman Franchise System, LLC, and Shaman Botanicals, LLC (collectively "Shaman"). I have served as CFO of Shaman since December of 2018. This declaration is submitted in opposition to Plaintiff Thomas O'Neal's motion for preliminary injunction. I have personal knowledge of all matters stated herein.

2.      In my capacity as CFO, I am familiar with Brandon Carnes, who became a franchisee of American Shaman Franchise System in April of 2018.

3.      As a Shaman franchisee, Carnes signed numerous leases with various landlords for the operation of franchise stores in Florida, Tennessee, Arizona, Missouri, and Kansas. Some of these landlords required Shaman to guaranty the lease

obligations, which Shaman did for both Carnes and other franchisees from time to time.

4.  In late 2019, I began to notice concerning behavior by Carnes.

5.  Specifically Carnes would request that Shaman advance him substantial amounts of cash to cover payroll, rent and other operating expenses for his franchise stores. This was a concern to Shaman because these stores should have been profitable and capable of covering these types of expenses.

6.  On multiple occasions, Carnes informed me that he was not able to pay an employee of his named Francis Kalaiwaa, who worked at Carnes' franchise store in Liberty, Missouri. Kalaiwaa also informed me that Carnes was not paying him for his work at the Liberty store, was not paying attention to that store, and was generally not responding to Kalaiwaa. To help resolve this, Shaman agreed to lend money to Carnes and his affiliates so that Kalaiwaa and other employees at Carnes' franchise stores could be paid appropriately.

7.  In 2020, Shaman began receiving demands from Carnes' landlords for payment of delinquent rent and other financial obligations on the leases for Carnes' franchise stores. This was concerning to Shaman on several levels—it was distracting from normal business operations, was causing harm to Shaman's reputation in the business community and franchise industry, and was creating a risk of substantial financial exposure for Shaman as a guarantor on many of those leases. To help resolve this and prevent further risk to its own business, Shaman began paying many of the landlords directly to prevent the franchise stores from being closed for lease defaults.

8.  Through the spring and summer of 2020, Shaman's relationship with Carnes continued to deteriorate and his behavior became more erratic. During this

time, it became evident that Carnes was not properly or responsibly operating his franchise stores. It appeared to Shaman that Carnes was diverting store revenues for his personal use, leaving the stores with insufficient funds to pay the operating expenses. During this time, Shaman continued to receive demands from landlords for unsatisfied rent and other financial obligations on the leases for Carnes' stores. True and accurate copies of some of these demand letters are attached hereto as **Exhibit A**.

9.      By August 2020, Shaman calculated that it had spent at least $130,000 in payments to Carnes' various creditors. As a result of Carnes' increasingly erratic behavior, the mounting financial exposure for Shaman on Carnes' leases and other obligations, and general concerns about the harm Carnes was causing to Shaman's reputation, Shaman decided that it would terminate Carnes' franchise agreement and move to reacquire his stores.

10.      In August 2020, Shaman approached Carnes about a proposed agreement for Carnes to surrender his franchise stores to Shaman.

11.      Following this meeting, Carnes elected to close three of his franchise stores located at: 1986 Osceola Pkwy, Kissimmee, Florida; 3008 Manatee Avenue West, Bradenton, Florida; and 3908b S. Tamiami Trail, Sarasota, Florida. These store closures are reflected in Exhibit M-2 of the 2021 Franchise Disclosure Document issued by American Shaman Franchise System.

12.      The parties continued to negotiate the surrender of Carnes' remaining stores. These negotiations resulted in execution of an Agreement on October 15, 2020 for the reacquisition of Carnes' franchise stores. A true and accurate copy of this Agreement is attached hereto as **Exhibit B**. This Agreement effectively ended Carnes' relationship and affiliation with Shaman.

13.    Under the Agreement, Shaman took over operations and assumed the future financial obligations of 23 stores in Kansas, Missouri, Florida, Tennessee and Arizona. This includes:

a.    Stores located in Sarasota, Florida (2); Tampa, Florida; Overland Park, Kansas (2); Olathe, Kansas (2); Shawnee, Kansas (2); Leawood, Kansas; Mission, Kansas; Kansas City, Missouri (3); Raytown, Missouri; Gladstone, Missouri; Grandview, Missouri; Lee's Summit, Missouri; and St. Joseph, Missouri. All but the Mission, Kansas store are reflected outlets reacquired from franchisees in Tables 3 and 4 of the 2021 Franchise Disclosure Document issued by American Shaman Franchise System. The store in Mission, Kansas is mistakenly identified in Exhibit M-1 of the 2021 FDD as still being operated by Carnes as a franchisee. This was an erroneous entry—that store was reacquired by Shaman in the Agreement with Carnes and should have been counted as a required store in Tables 3 and 4 of the FDD; Carnes did not own or operate that store after the reacquisition Agreement was executed in October 2020.

b.    Stores located in Hendersonville, Tennessee; Goodlettsville, Tennessee; and Phoenix, Arizona. Carnes signed leases for these stores in late 2019, but did not open the stores until later and did not immediately report the new store locations to Shaman before the 2020 FDD was issued in April 2020. For this reason, the stores were not reported in the 2020 FDD as new locations owned by Carnes, and then could not be reported in the 2021 FDD as stores "reacquired" by Shaman. Instead, the stores were reported for

4

the first time in the 2021 FDD and are counted in Table 4 of that FDD as stores opened and owned by Shaman because it took over the stores under the Agreement with Carnes in October 2020. A store located in Dickson, Tennessee, which Shaman closed after the reacquisition agreement. This store is counted in Table 4 of the 2021 FDD as a company-owned stored closed by Shaman.

14.     Under the reacquisition Agreement, the store in Liberty, Missouri was transferred from Carnes to Kalaiwaa. This transaction is reflected in Table No. 2 of the 2021 FDD as a transfer to a new owner and Kalaiwaa is listed in Exhibit M-1 of the 2021 FDD as the new owner of that store. Prior to this transfer, Kalaiwaa did not own or franchise the Liberty, Missouri store (or any other Shaman store). He became a franchisee for the first time after the reacquisition Agreement. Shaman felt Kalaiwaa deserved to become the franchisee of the Liberty, Missouri store in recognition of his unpaid work for Carnes and his substantial efforts to make that store successful.

15.     Other than the Dickson, Tennessee store that was closed because it was not profitable, all stores reacquired from Carnes in October 2020 are still in operation today. All of these stores are viable and Shaman has no plans to close any of the stores.

16.     After entering into the Agreement with Carnes, Shaman continued to receive requests for payment from Carnes' creditors and landlords. In December 2020, Shaman calculated that its future exposure to Carnes' landlords was in excess of $220,000.

17.    Furthermore, on December 22, 2020, the Kansas Department of Revenue contacted Shaman and informed Shaman that Carnes had failed to pay sales tax at several of his locations in Kansas.

18.    As a result of these additional, undisclosed liabilities, Shaman sent a letter to Carnes on December 23, 2020, informing him of these asserted liabilities and invoking a provision of the Agreement that permitted Shaman to withhold all future payments to Carnes on the Agreement. A true and correct copy of this letter is attached hereto as **Exhibit C**. Shaman has not paid Carnes any further money on the Agreement.

19.    Since entering into the Agreement, Shaman has expended in excess of $200,000 for liabilities on Carnes' properties.

20.    Since entering into the Agreement, Shaman has not had any relationship with Carnes.

21.    While he was a Shaman franchisee, Carnes had an entity called F&B, LLC. I understood Carnes to be the sole owner and operator of this company.

22.    Shaman denies that the franchise stores were fraudulently transferred or that the Agreement with Carnes was somehow designed or intended to defraud Plaintiff O'Neal. In any event, the Shaman companies are solvent and financially capable of paying any judgment that might be entered in this matter.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 6th day of January 2022.

Leigh Geither

# EXHIBIT A

---

**Landlord Demand Letters**

## Leigh Geither

| | |
|---|---|
| **From:** | Mitch Kerns |
| **Sent:** | Friday, July 17, 2020 3:05 PM |
| **To:** | Leigh Geither; Vince Sanders |
| **Cc:** | Sean Pickett |
| **Subject:** | Brandon Hndersonville store American Shaman Open Item Statement.pdf |
| **Attachments:** | American Shaman Open Item Statement.pdf; TN - EXECUTED- AMERICAN SHAMAN LEASE.pdf |

I have been working on the landlord the past 2 days. The past due rent including July is $21,676.65.
I have proposed several plans that they would not accept. Their proposal today is as far out as I can push the payment plan.
Past Due: $21, 676.65
Pay now: $11,010.01
Pay balance over 12 months starting Sept. $888.88 added to each months rent. (I started with adding to back end of the lease and then asked for 24 months. Both were turned down)
August rent and NNN paid on Aug 1. $2916.66 base + $652.17 = total monthly $3568.83

I have attached the lease so you all can see the tenant entity and the guarantor.
Let me know if this acceptable and I will have them send us documents.

I am also working on the other past due rents which the next big one is $16,000 +.

Regards,

*Mitch Kerns*



Vice President of Business Development

2300 Main Street  Suite 165
Kansas City, MO  64108

1

Phone:  855-427-2233
Cell:      913-558-8802
mitch@cbdamericanshaman.com
http://www.cbdamericanshaman.com



September 8, 2020

## NOTICE OF FAILURE TO CURE DEFAULT
## DEMAND FOR PAST DUE AMOUNTS

Via Certified Mail, Return Receipt Requested

Shaman Botanicals, Inc
2405 Southwest Blvd
Kansas City, MO 64108

Re:    Notice of Failure to Cure Default; Demand for Past Due Rental Amounts
15165 W. 119th Street, Olathe, Kansas 66062

To whom it may concern:

Our office represents Olathe Station North, LLC ("Landlord") in connection with the November 30, 2018 Lease Agreement (the "Lease") between Landlord and Shaman Botanicals, Inc. ("Tenant"). We have been advised that Tenant remains in default of its obligations due to its failure to pay rent and other charges. Through September 2, 2020, Tenant has an outstanding balance of $14,770.00, which is due and owing to Landlord.

Please note that under Lease Section 2.03, failure to timely pay any rent amount due shall cause such unpaid amount to incur interest charges of fourteen percent (14%) per annum. Present demand of any lesser amount does not waive the right to collect interest.

Lease Sections 20.01 and 20.02 provides that such failure to pay rent grants Landlord remedies, including among other things, the right to "terminate Tenant's right of possession without terminating the Lease and continue to sue for Rent and other charges due under the Lease as it becomes due."

Further, note that under Lease Section 20.02, if Landlord is required to bring legal action to enforce the Lease, including to collect any rent, Tenant has agreed to pay to Landlord reasonable attorneys' fees and "all attorney's fees, costs, and expenses incurred."

Landlord hereby demands immediate payment of all past due amounts. To date, the amount past due equals **$14,770.00**. Payment should be made payable to **Olathe Station North, LLC** and delivered to Landlord's payment address at **c/o**

**The RH Johnson Company, 4520 Madison Avenue, Suite 300, Kansas City, Missouri 64111**. This demand is made with a full and complete reservation of rights and remedies to which Landlord is entitled under the Lease and applicable law. If payment is not received on or before **September 28, 2020**, Landlord will exercise all available remedies against the Tenant.

This demand is made with a full and complete reservation of rights and remedies to which Landlord is entitled under the Lease and applicable law. Nothing in this letter, any other correspondence or any oral communications between Tenant and Landlord may be construed to be a waiver, modification or release of any breach, default or event of default, whether now existing or hereafter arising under the Lease or any of Landlord's rights and remedies under the Lease. Nothing contained herein shall be deemed to waive or otherwise limit any of Landlord's rights to seek repayment from you.

Thank you for your attention to this matter

Very truly yours,

DUGGAN SHADWICK DOERR & KURLBAUM LLC

Alexander J. Aggen



**DUGGAN SHADWICK**
**DOERR & KURLBAUM** LLC

September 8, 2020

## NOTICE OF FAILURE TO CURE DEFAULT
## DEMAND FOR PAST DUE AMOUNTS

VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED

Shaman Botanicals, Inc
2405 Southwest Blvd
Kansas City, MO 64108

  Re: Notice of Failure to Cure Default; Demand for Past Due Rental Amounts
     9438 East 350 Highway, Raytown, Missouri 64133

To whom it may concern:

  Our office represents Raytown Square Center, Inc. ("Landlord") in connection with the December 4, 2018 Lease Agreement (the "Lease") between Landlord and Shaman Botanicals, Inc. ("Tenant"). We have been advised that Tenant remains in default of its obligations due to its failure to pay rent and other charges. Through September 2, 2020, Tenant has an outstanding balance of $16,782.00, which is due and owing to Landlord.

  Please note that under Lease Section 2.03, failure to timely pay any rent amount due shall cause such unpaid amount to incur interest charges of fourteen percent (14%) per annum. Present demand of any lesser amount does not waive the right to collect interest.

  Lease Sections 20.01 and 20.02 provides that such failure to pay rent grants Landlord remedies, including among other things, the right to "terminate Tenant's right of possession without terminating the Lease and continue to sue for Rent and other charges due under the Lease as it becomes due."

  Further, note that under Lease Section 20.02, if Landlord is required to bring legal action to enforce the Lease, including to collect any rent, Tenant has agreed to pay to Landlord reasonable attorneys' fees and "all attorney's fees, costs, and expenses incurred."

  Landlord hereby demands immediate payment of all past due amounts. To date, the amount past due equals **$16,782.00**. Payment should be made payable to **Raytown Square Center, Inc.** and delivered to Landlord's payment address at **c/o**

**The RH Johnson Company, 4520 Madison Avenue, Suite 300, Kansas City, Missouri 64111.** This demand is made with a full and complete reservation of rights and remedies to which Landlord is entitled under the Lease and applicable law. If payment is not received on or before **September 28, 2020**, Landlord will exercise all available remedies against the Tenant.

This demand is made with a full and complete reservation of rights and remedies to which Landlord is entitled under the Lease and applicable law. Nothing in this letter, any other correspondence or any oral communications between Tenant and Landlord may be construed to be a waiver, modification or release of any breach, default or event of default, whether now existing or hereafter arising under the Lease or any of Landlord's rights and remedies under the Lease. Nothing contained herein shall be deemed to waive or otherwise limit any of Landlord's rights to seek repayment from you.

Thank you for your attention to this matter

Very truly yours,

DUGGAN SHADWICK DOERR & KURLBAUM LLC

Alexander J. Aggen



**McNEILEPAPPAS** PC
ATTORNEYS AT LAW

7500 WEST 110TH STREET, SUITE 110   PHONE   **(913) 491-4050**
OVERLAND PARK, KANSAS 66210   FAX   **(913) 491-9318**
www.cmplaw.net

James M. McNeile
Gregory J. Pappas
Austin B. Hayden
Joshua R. Westberg
Kathryn E. Jackson
Barbara B. Liu

*All admitted in*
*Kansas and Missouri*

October 14, 2020

**VIA FIRST-CLASS U.S. MAIL AND**
**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**
Vince Sanders, Member
Shaman Botanicals, LLC
2405 SW Boulevard
Kansas City, MO 64108

**Re:** ***Mission Commons Investors LLC v. Brandon M. Carnes, individually and***
***d/b/a AS Mission Wellness, LLC d/b/a American Shaman, et al.***
***Our File No. 50-4691***

Dear Mr. Sanders:

Please be advised that this firm has been retained by Mission Commons Investors LLC regarding the default under the terms of that Lease Agreement dated April 11, 2019, (the "Lease") with regard to the premises located at 6027 Metcalf Avenue, Suite B, Mission, Kansas 66202 (the "Premises").

As you will recall, Shaman Botanicals executed a Lease Guaranty (the "Guaranty") whereby it unconditionally guaranteed the performance of all of tenant's obligations under the Lease, including, without limitation, the payment of "Rent" (as defined in the Lease).

We have been advised that there is a default under the terms of the Lease and Guaranty for failure to pay base rental and other charges for the period through October 6, 2020 in the amount of $26,867.29.

Please be advised that unless we receive a cashier's check or certified funds in that amount within ten (10) days from the date of this default notice, the necessary action may be taken to protect our client's interests, which may include the filing of a lawsuit to recover possession of the Premises, as well as all monetary damages allowed by the Lease, the Guaranty, and applicable law without further notice to you.

Furthermore, please make certain that all future payments are made on a timely basis to forestall further action.

Please be advised that this letter should not be considered as a waiver by our client of any breach of any term, covenant or condition of the Lease, or of any subsequent breach of the same or any other term, covenant or condition.

Very truly yours,

**McNEILEPAPPAS PC**

Gregory J. Pappas

GJP/df
cc:   Tina Burke, Property Manager, Lane4 Property Group, Inc.

OFFICES ALSO IN INDEPENDENCE, MISSOURI (BY APPOINTMENT ONLY)

# EXHIBIT B

---

**Reacquisition Agreement
between Shaman and Carnes**

## AGREEMENT

This AGREEMENT (this "**Agreement**") is made and entered into as of this _____ day of _____, 20__, (the "**Effective Date**") by and between Brandon Carnes, individually and for Missouri AS Properties, LLC, a Missouri Limited Liability Company, Nashville AS Properties, LLC, a Tennessee Limited Liability Company, Arizona AS Properties, LLC, a Arizona Limited Liability Company, Midtown Botanicals, LLC, and CBD American Shaman, LLC, a Florida Limited Liability Company (collectively "**Carnes**") and Shaman Botanicals, LLC a Missouri Limited Liability Company, CBD American Shaman, LLC, a Missouri limited liability company, American Shaman Franchise System, LLC, and Stephen Vincent Sanders, II, individually (collectively "**Shaman**").

## WITNESSETH:

1. THAT, WHEREAS, Carnes agrees that he is the sole member and shareholder of the following entities: Missouri AS Properties, LLC, a Missouri Limited Liability Company, Nashville AS Properties, LLC, a Tennessee Limited Liability Company, Arizona AS Properties, LLC, a Arizona Limited Liability Company, Midtown Botanicals, LLC, and CBD American Shaman, LLC, a Florida Limited Liability Company.

2. THAT, WHEREAS, Shaman has invested significant capital in such entities and Carnes has pledged to repay such investment

3. THAT, WHEREAS, Carnes, and the aforementioned entities, have leases for the following locations and desires Shaman to manage said properties:

   a. 4016 Cattlemen Road, Sarasota, Florida 34233;

   b. 123 Northcreek Boulevard, Suite 3, Goodlettsville, Tennessee 37072;

   c. 9438 E. 350 Highway, Raytown, Missouri 64133;

   d. 307 "A" NE Englewood Road, Gladstone, Missouri 64118; and

   e. 5501 Truman's Marketplace, Grandview, Missouri 64030.

(hereinafter a "Managed Property" or collectively the "Managed Properties").

4. NOW, Shaman is willing to manage the Managed Properties pursuant to the terms and conditions herein.

5. THAT, WHEREAS, Carnes has leases at the following locations:

   a. 13624 South Blackbob Road, Olathe, Kansas 66062;

   b. 6933 W. 75th Street, Overland Park, Kansas 66204

c.    1638 SE Blue Parkway, Lee's Summit, Missouri 64063;

d.    3703 Main Street, Kansas City, Missouri 64111;

e.    11709 Roe Avenue, Leawood, Kansas 66212;

f.    10069 West 87th Street, Overland Park, Kansas 66212;

g.    3428 Clark Road, Sarasota, Florida, 34231;

h.    189 Henslee, Suite 8, Dickson, Tennessee 37055;

i.    1050 Glenbrook Way, Suite 440, Hendersonville, Tennessee 37075;

j.    15165 W. 119th Street, Olathe, Kansas 66062

k.    6302 N. Chatham Avenue, Kansas City, Missouri 64151

l.    13213 Shawnee Mission Parkway, Shawnee, Kansas 66216;

m.    10025-10235 N. Dale Mabry Highway, Tampa, Florida 33626

n.    139 North Belt Highway, Suite S, St. Joseph, Missouri 64056;

o.    1275 E. Bell Road, Suite 110, Phoenix, Arizona 85022;

p.    1020-1236 West 103rd Street, Kansas City, Missouri 64114;

q.    22354 W. 66th Street, Shawnee, Kansas 66226;

r.    6027 Metcalf Avenue, Suite B, Mission, Kansas 66202;

(hereinafter a "Assigned Property" or collectively the "Assigned Properties").

6.    NOW, Carnes seeks to assign any leases to the Assigned Properties, along with any assets associated with such Assigned Properties, to Shaman, and shall execute an assignment of each lease for an assigned property in the form attached hereto as Exhibit B.

7.    NOW, FURTHER, Carnes agrees to execute an assignment of the lease at 1005 Middlebrook Drive, Suite C, Liberty, Missouri 64068 to Francis Kalaiwaa in the form attached hereto as Exhibit C.

8.    NOW, FURTHER, Carnes affirms and states that he has previously paid any and all sales taxes, and any other taxes, due for both the Managed and Assigned Properties and is current on all such payments.

9.    AFTER the Effective Date of this Agreement, neither Carnes, nor the foregoing entities, shall have any right to operate at either the Managed Properties or Assigned Properties and agree that Shaman shall have the exclusive right to occupy such Properties.

10.    THAT, WHEREAS, in exchange for Carnes entering into this Agreement, Shaman is willing to release Carnes from any debt owed by Carnes to Shaman and pay Carnes the monies identified herein.

11.    THAT, WHEREAS, in further exchange for Carnes entering into this Agreement, Shaman agrees to continue to pay Carnes the affiliate income described herein.

NOW, THEREFORE, in consideration of the mutual covenants and agreements herein contained, the parties hereto agree as follows:

## I.    MANAGED PROPERTIES

**1.  AGREEMENT FOR MANAGED PROPERTIES**Carnes hereby grants to Shaman and Shaman hereby accepts the exclusive right and obligation of administering, managing and operating the business operations at the Managed Properties, including, but not limited to, operating a CBD American Shaman location or other lawful business, at such properties.

**2.  TERM OF AGREEMENT FOR MANAGED PROPERTIES**The term of this Agreement shall commence on the date of the execution of this Agreement and shall continue until the earlier of (1) the expiration of Carnes' lease(s) at such Property; (2) Shaman's assumption of Carnes' lease(s) at such Property; or (3) Shaman's termination of this Agreement with respect to the Managed Properties or any individual Managed Property, all parties recognizing that Shaman may terminate the management of any Managed Property at any time, with or without cause. At all times during the Term, Carnes shall refrain from visiting the Managed or Assigned Properties or contacting any employee of the Managed or Assigned Properties without the express written consent of Shaman.

**3.  SHAMAN'S OBLIGATIONS WITH RESPECT TO MANAGED PROPERTIES** Shaman shall operate a CBD American Shaman, or another lawful business, at each individual Managed Property, and further shall:

a.    Pay all rent for each Managed Property; and

b.    Pay all operating expenses for such Managed Property.

**4.  RENUMERATION TO SHAMAN FOR MANAGED PROPERTIES**.

Shaman shall solely retain all proceeds from the sales of any products at the Managed Properties as its sole renumeration for managing such properties.

## II.   ASSIGNED PROPERTIES

### 1.   AGREEMENT FOR ASSIGNED PROPERTIES

Carnes hereby assigns to Shaman, free from any liabilities, the following assets for each of the Assigned Properties:

  a.  All of Carnes' rights in any lease for the Assigned Properties;
  b.  All of the rights of Carnes with respect to any telephone number and facsimile number currently used by Carnes at the Assigned Properties;
  c.  All of the Carnes inventory at the Assigned Properties; and
  d.  All of the Carnes' rights in any service contracts for the Assigned Properties.

### 2.   PURCHASE PRICE FOR ASSIGNED PROPERTIES[1]

a.  The Purchase Price for the Assigned Properties is the sum of NINETY THOUSAND DOLLARS NO CENTS ($90,000.00), payable as follows:

  i.  TEN THOUSAND DOLLARS AND NO CENTS ($10,000.00) payable upon all parties' execution of this Agreement, confirmation by Shaman of the return of all inventory associated with the Assigned Property located at 3703 Main Street, Kansas City, Missouri 64111 as all parties hereto recognize that Shaman conducted an audit of such inventory one business day before Carnes removed the same. If Carnes fails to return the inventory associated with the Assigned Property located at 3703 Main Street, Kansas City, Missouri 64111 to Shaman, in Shaman's sole determination, on or before 5:00 pm on Wednesday, October 14th, 2020, this Agreement shall be null and void.

  ii.  Subject to Paragraph No. 3 below and assuming all parties and third party landlords have executed the assignments of leases attached hereto as Exhibit B, Shaman shall pay Carnes an additional TEN THOUSAND DOLLARS AND NO CENTS ($10,000.00) on or before the 14th Day of November and December, 2020, and SIX THOUSAND DOLLARS AND NO CENTS ($6,000.00) on or before the 14th day of January, February, March, April, and May, 2021.

  iii.  The remaining THIRTY THOUSAND DOLLARS AND NO CENTS ($30,000.00) (hereinafter the "Escrow Amount") shall be maintained by Shaman in Escrow and disbursed by Shaman to Carnes in accordance with the Escrow Agreement specified in Paragraph II(3).

---

[1] If applicable, a schedule showing all payments and due dates contemplated by this Agreement is attached hereto as Exhibit A.

3.    **ESCROW AGREEMENT**

a.      If any claims are made against Shaman on or before June 14th, 2021 to which Shaman is entitled to indemnity from Carnes pursuant to the terms of this Agreement, or if Shaman reasonably believes monies are owed by Carnes for obligations incurred by Carnes prior to the execution of this Agreement, or if Carnes otherwise violates this Agreement, or if Shaman, in Shaman's sole discretion, determines that any representation made by Carnes herein is false, Shaman has the absolute right to apply any portion or all of the Escrow Amount in order to satisfy any such claims or obligations.  Furthermore, if Shaman, in Shaman's sole discretion, reasonably believes that Shaman's exposure from the items described in the immediately preceding sentence exceeds the Escrow Amount, Shaman may hold any future payments owed to Carnes in Escrow and use any monies so withheld to satisfy any such claims or obligations pursuant to the terms of this Agreement. Conversely, if no such claims are made against Shaman on or before June 14th, 2021, or if no other exception is applicable, Shaman shall pay the Escrow Amount in its entirety to Carnes on or before June 14th, 2021.

III.   **INDEMNIFICATION**

a.   Carnes hereby agrees to indemnify, defend and hold Shaman and its shareholders, officers, employees, directors, agents and affiliates harmless from and against any and all claims, liabilities, losses, damages or injuries together with costs and expenses, including reasonable legal fees, arising out of, related to or resulting from (i) any incorrectness or incompleteness in the representations and warranties made by Carnes in this Agreement, (ii) any breach in any material respect by Carnes of any covenant or agreement of Carnes contained in or arising out of this Agreement, and (iii) any liability or obligation relating to, resulting from or arising out of any other activity performed at the Assigned and Managed Properties by any party prior to the Effective Date of this Agreement.

b.   Shaman hereby agrees to indemnify, defend and hold Carnes and its shareholders, officers, employees, directors, agents and affiliates harmless from and against any and all claims, liabilities, losses, damages or injuries together with costs and expenses, including reasonable legal fees, arising out of, related to or resulting from (i) any incorrectness or incompleteness in the representations and warranties made by Carnes in this Agreement, (ii) any breach in any material respect by Shaman of any covenant or agreement of Shaman contained in or arising out of this Agreement, and (iii) any liability or obligation relating to, resulting from or arising out of any other activity performed at the Assigned and Managed Properties by any party after the Effective Date of this Agreement.

IV.   **NO RIGHT TO USE SHAMAN'S NAME OR TRADEMARKS**

1.      All parties hereto acknowledge that no right, express or implied, is granted by this Agreement for Carnes to use in any manner the name "Shaman" or any other trade name or trademark of the Shaman.

2.      After the execution of this Agreement, Carnes agrees that he shall not, in any way, hold himself out or in any represent to third parties that he is any way associated with Shaman or its affiliates.  Carnes further agrees to promptly remove from social media any indicia that he is employed by or associated with Shaman in any capacity.

## V.      NON-COMPETE AND NON-SOLICITATION BY CARNES

1.      During the term of this Agreement and for a period of five (5) years thereafter, Carnes shall not, directly or indirectly, (i) in any manner whatsoever engage in any capacity with any business competitive with Shaman, any of its subsidiaries or any of its affiliates for the Carnes' own benefit or (ii) have any interest as owner, sole proprietor, stockholder, partner, lender, director, officer, manager, employee, consultant, agent or otherwise in any business that sells cannabidiol (CBD) products containing no more than .3% tetrahydrocannabinol (THC).

2.      During the term of this Agreement and for a period of five (5) years thereafter, Carnes shall not, without Shaman's written consent, directly or indirectly; (i) solicit or encourage any person to leave the employment or other service of Shaman or its Affiliates; or (ii) hire, on behalf of Carnes or any other person or entity, any person who has left the employment of the Shaman for any reason; or (iii) solicit any current or former customer or other individual affiliated with Shaman in any capacity whatsoever for any reason.

## VI.      RELEASE BY CARNES

In consideration for the payments and other consideration set forth in, and intending to be legally bound, Carnes, individually and for and for Missouri AS Properties, LLC, a Missouri Limited Liability Company, Nashville AS Properties, LLC, a Tennessee Limited Liability Company, Arizona AS Properties, LLC, a Arizona Limited Liability Company, Midtown Botanicals, LLC, and CBD American Shaman, LLC, a Florida Limited Liability Company, promises, agrees and generally releases , remises, acquits and forever discharges Shaman, its officers, directors, employees, agents, attorneys, servants and/or former employees, individually and in their representative capacities, and their respective successors and assigns, heirs, executors, administrators and personal representatives, from all manner of actions and causes of actions, suits, debts, dues, accounts, bonds, controversies, sums of money, covenants, reckonings, contracts, torts, promises, agreements, judgments, claims, demands and liabilities of any kind or nature whatsoever at law or in equity, whether known or unknown, asserted or unasserted, especially including, but not limited to any and all claims for compensation, commission, benefits, damages, expenses, wages, severance pay, vacation pay, fringe benefits, reinstatement, reemployment, emotional distress or other monies or accountings, including punitive damages, liquidated damages, exemplary damages or compensatory damages, physical, mental or emotional distress, pain and suffering, back pay, front pay, severance pay, pension and/or health or medical benefits for herself, expert witness costs, costs and attorneys' fees, and any other legal or equitable relief of or relating to Carnes' business relationship with Shaman, or which could be asserted in the future or any other cause, reason, matter or thing whatsoever from the beginning of the world to the date of this Agreement.

## VII.   RELEASE BY SHAMAN

In Consideration of this Agreement and the obligations of each party identified therein, Shaman hereby releases Carnes from that Franchise Agreement entered into by Shaman Franchise and Carnes on April 10, 2018.  In further consideration of this Agreement and the obligations of each party identified therein, Shaman agrees to release Carnes from any debt owed by Carnes to Shaman.

## VIII.   MISCELLANEOUS

**1.**    **AFFILIATE INCOME**   Shaman agrees to continue to distribute affiliate income to Carnes for the affiliates identified in the attached Exhibit D in accordance with Shaman's usual practices until June 14th, 2021.  However, Carnes shall not be allowed any future affiliate income after June 14th, 2021.

**2.**    **REPAYMENT OF SUPPLIES FOR OKLAHOMA LOCATION**   Carnes alleges that he has invested the sum of SEVENTEEN THOUSAND THREE HUNDRED AND EIGHT DOLLARS AND TWENTY NINE CENTS ($17,308.29) (hereinafter "Carnes' Oklahoma Investment") in Shaman's Oklahoma operations. Shaman agrees to repay Carnes Oklahoma Investment pursuant to the following schedule:

a.    FIVE THOUSAND SEVEN HUNDRED SIXTY-NINE DOLLARS AND FORTY-THREE CENTS ($5,769.43) concurrent with all parties' execution of this Agreement, assuming the activities in Paragraph II(2)(a)(i) have occurred.

b.    FIVE THOUSAND SEVEN HUNDRED SIXTY-NINE DOLLARS AND FORTY-THREE CENTS ($5,769.43) on or before January 14th, 2021.

c.    FIVE THOUSAND SEVEN HUNDRED SIXTY-NINE DOLLARS AND FORTY-THREE CENTS ($5,769.43) on or before May 14th, 2021.

**3.**    **GOVERNING LAW**This Agreement shall be governed by and construed in accordance with the laws of the State of Missouri.

**4.**    **APPROVALS**Whenever the approval of either party is required herein, except as otherwise provided in this Agreement, such approval shall not be unreasonably withheld or delayed.

**5.**    **WAIVERS**No waiver of default by either party of any term, covenant or condition hereof to be performed or observed by the other party shall be construed as, or operate as, a waiver of any subsequent default of the same or any other term, covenant or condition hereof.

**6.**    **SEVERABILITY**If any provision hereof is held to be invalid by a court of competent jurisdiction, such invalidity shall not affect any other provision hereof, provided such invalidity does not materially prejudice either party in its rights and obligations contained in the valid provisions of this Agreement.

7.    **NO RIGHT TO ASSIGN THIS AGREEMENT** Neither party shall not assign, encumber or transfer this Agreement or its right, title or interest herein without the prior written consent of the other.

8.    **ENTIRE AGREEMENT** This Agreement, together with all exhibits hereto, constitutes the entire agreement between the parties, and supersedes all representations, statements or prior agreements and understandings both written and oral with respect to the matters contained in this Agreement and exhibits hereto.  No person has been authorized to give any information or make any representation not contained in this Agreement.  This Agreement may be amended only by written agreement of the parties.

9.    **PARTIES BOUND** This Agreement shall be binding upon and inure to the benefit of the parties hereto and their heirs, successors, executors, administrators, legal representatives and permitted assigns.

10.    **MUTUALLY NEGOTIATED AGREEMENT**

The parties mutually warrant that they: (a) have negotiated the terms of this Agreement, (b) have consulted with counsel with respect to the terms hereof, (c) have read this Agreement, (d) understand all the terms and conditions hereof, (e) have had sufficient time in which to read and consider this Agreement, (f) are not incompetent or had a guardian, conservator, receiver or trustee appointed, and (g) enter into this Agreement of their own free will and volition.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

_____        10 - 15-2020
Brandon Carnes, individually and for Missouri        Dated
AS Properties, LLC, a Missouri Limited
Liability Company, Nashville AS Properties,
LLC, a Tennessee Limited Liability Company,
Arizona AS Properties, LLC, a Arizona
Limited Liability Company, Midtown
Botanicals, LLC, and CBD American Shaman,
LLC, a Florida Limited Liability Company
(collectively "Carnes")

_____        10 - 15-20
Stephen Vincent Sanders, II, individually, and        Dated
for Shaman Botanicals, LLC a Missouri
Limited Liability Company, CBD American
Shaman, LLC, a Missouri limited liability
company, American Shaman Franchise
System, LLC

## SCHEDULE OF EXHIBITS

| EXHIBIT A | SCHEDULE OF PAYMENTS |
|---|---|
| EXHIBIT B | ASSIGNMENTS AND ASSUMPTIONS OF LEASES |
| EXHIBIT C | ASSIGNMENT AND ASSUMPTION OF LEASE REGARDING 1005 MIDDLEBROOK DRIVE, SUITE C, LIBERTY, MISSOURI 64068 TO FRANCIS KALAIWAA |
| EXHIBIT D | CARNES' AFFILIATE SCHEDULE |

## EXHIBIT A
## PAYMENT SCHEDULE

| Date | Regular Payment | Oklahoma Payment | Total Payment |
|---|---|---|---|
| October 14, 2020 | $10,000.00 | $5,769.43 | $15,769.43 |
| November 14, 2020 | $10,000.00 | $0.00 | $10,000.00 |
| December 14, 2020 | $10,000.00 | $0.00 | $10,000.00 |
| January 14, 2021 | $6,000.00 | $5,769.43 | $11,769.43 |
| February 14, 2021 | $6,000.00 | $0.00 | $6,000.00 |
| March 14, 2021 | $6,000.00 | $0.00 | $6,000.00 |
| April 14, 2021 | $6,000.00 | $0.00 | $6,000.00 |
| May 14, 2021 | $6,000.00 | $5,769.43 | $11,769.43 |
| June 14, 2021 | $30,000.00 | $0.00 | $0.00 |
| **TOTALS** | **$90,000.00** | **$17,308.29** | **$107,308.29** |

BY SIGNING BELOW, ALL PARTIES HERETO RECOGNIZE THAT CARNES' RIGHT TO ANY PAYMENT(S) IDENTIFIED HEREIN IS EXPRESSLY CONTINGENT ON CARNES SATISFYING HIS OBLIGATIONS PURUSANT TO THIS AGREEMENT.

_____     10 - 15 - 2020
Brandon Carnes, individually and for Missouri     Dated
AS Properties, LLC, a Missouri Limited
Liability Company, Nashville AS Properties,
LLC, a Tennessee Limited Liability Company,
Arizona AS Properties, LLC, a Arizona
Limited   Liability   Company,   Midtown
Botanicals, LLC, and CBD American Shaman,
LLC, a Florida Limited Liability Company
(collectively "Carnes")

_____     10 - 15 - 20
Stephen Vincent Sanders, II, individually, and     Dated
for Shaman Botanicals, LLC a Missouri
Limited Liability Company, CBD American
Shaman, LLC, a Missouri limited liability
company,   American   Shaman   Franchise
System, LLC

## EXHIBIT B
## FORM OF ASSIGNMENT AND ASSUMPTION OF LEASE

THIS ASSIGNMENT AND ASSUMPTION AGREEMENT is made and entered into effective as of _____, 2020, by and between _____(collectively "Assignor") and Shaman Botanicals, Inc., ("Assignee").

In consideration of the mutual covenants contained herein and other good and valuable consideration the receipt and adequacy of which are hereby acknowledged, the parties agree as follows:

1. Assignor hereby assigns and transfers to Assignee all of its right, title and interest as lessee in and to that certain Lease Agreement dated _____by and between _____ ("Landlord"), and Assignor as Tenant for the property located at _____ (the "Property"). Assignee hereby accepts the foregoing assignment and assumes the obligations of tenant under the Lease arising from and after the date hereof.

2. Assignor covenants and agrees to indemnify, defend, and hold harmless Assignee from and against any actions, suites, proceedings or claims, and all costs and expenses (including without limitation reasonable attorneys' fees and costs) incurred in connection therewith, based upon or arising out of any breach or alleged breach of the Lease by Assignor or arising in connection with the Lease occurring or alleged to have occurred before the date of this Assignment.

3. Assignee covenants and agrees to indemnify, defend, and hold harmless Assignor from and against any actions, suites, proceedings or claims, and all costs and expenses (including without limitation reasonable attorneys' fees and costs) incurred in connection therewith, based upon or arising out of any breach or alleged breach of the Lease by Assignee or arising in connection with the Lease occurring or alleged to have occurred from and after the date of this Assignment.

4. This Assignment shall be binding on and inure to the benefit of the parties hereto, their heirs, executors, administrators, successors in interest and assigns.

IN WITNESS WHEREOF, the parties have executed this Assignment and Assumption of Lease effective as of the date first written above.

ASSIGNOR

NAME OF ASSIGNOR

Dated    10 - 15 - 2020


ASSIGNEE
Shaman Botanicals, Inc.
By:

Stephen Vincent Sanders, II

Dated    10 - 15 - 20


AGREED AND CONSENTED TO:
LANDLORD


By: _____

Dated _____

## EXHIBIT C
## FORM OF ASSIGNMENT AND ASSUMPTION OF LEASE

THIS ASSIGNMENT AND ASSUMPTION AGREEMENT is made and entered into effective as of October 14th, 2020, by and between Brandon M. Carnes (collectively "Assignor") and ("Assignee").

In consideration of the mutual covenants contained herein and other good and valuable consideration the receipt and adequacy of which are hereby acknowledged, the parties agree as follows:

1. Assignor hereby assigns and transfers to Assignee all of its right, title and interest as lessee in and to that certain Lease Agreement dated October 27, 2017, by and between Carr Investments, LLC ("Landlord"), and Assignor as Tenant for the property located at 1005 Middlebrook Drive, Suite C, Liberty, Missouri 64068 (the "Property").  Assignee hereby accepts the foregoing assignment and assumes the obligations of tenant under the Lease arising from and after the date hereof.

2. Assignor covenants and agrees to indemnify, defend, and hold harmless Assignee from and against any actions, suites, proceedings or claims, and all costs and expenses (including without limitation reasonable attorneys' fees and costs) incurred in connection therewith, based upon or arising out of any breach or alleged breach of the Lease by Assignor or arising in connection with the Lease occurring or alleged to have occurred before the date of this Assignment.

3. Assignee covenants and agrees to indemnify, defend, and hold harmless Assignor from and against any actions, suites, proceedings or claims, and all costs and expenses (including without limitation reasonable attorneys' fees and costs) incurred in connection therewith, based upon or arising out of any breach or alleged breach of the Lease by Assignee or arising in connection with the Lease occurring or alleged to have occurred from and after the date of this Assignment.

4. This Assignment shall be binding on and inure to the benefit of the parties hereto, their heirs, executors, administrators, successors in interest and assigns.

IN WITNESS WHEREOF, the parties have executed this Assignment and Assumption of Lease effective as of the date first written above.

ASSIGNOR

Brandon M. Carnes

10 - 15 - 2020
Dated


ASSIGNEE
PONO BOTANICALS, LLC
By:

Francis Kalaiwaa

10/15/2020
Dated


AGREED AND CONSENTED TO:
LANDLORD
CARR INVESTMENTS, LLC


By:                                          Dated


Carnes Agreement

**EXHIBIT D**
**CARNES' AFFILIATE SCHEDULE**

| User ID | Name | Email |
|---------|------|-------|
| 11009 | Ranaga Farbiarz | nagasan@sbcglobal.net |
| 4533 | Leavenworth Ric Almack | shamanbotanicalslvn@gmail.com |
| 6680 | Joplin Ric Almack | americanshamanjoplin@gmail.com |
| 15890 | Devon Shouse | freedomlifestylescbd@yahoo.com |
| 2918 | Cynthia (Loudy) Bousman | cb@eveningshadefarms.com |
| 7085 | Katharine Olson | katharine@cbdamericanshaman.com |
| 22155 | Tab Martin | sydax@yahoo.com |
| 21685 | Melinda Reyes | melinda_reyes72@yahoo.com |
| 27405 | Liz Tomc | americanshamanplattecity@gmail.com |
| 28668 | KRISTEN KING | kristen@livingwellnesslife.com |
| 13105 | Russell Werts | rw556@aol.com |
| 25983 | Springfield American Shaman Ric Almack | cbdspringfieldmo@gmail.com |
| 27069 | American Shaman St Joseph Ric Almack | cresentmoonbotanicals@gmail.com |
| 41327 | Lisa & Mark Freidel | cbdamericanshamanchouteau@gmail.com |
| 40809 | Beth  Shaver | 4everwellnesscbd@gmail.com |
| 39754 | Loudy Bousman | hello@ascbdkava.com |
| 60334 | Mitchell Dittman | mrdittman@gmail.com |
| 65757 | Tab Martin | tab@cbdspringtx.com |
| 77704 | Merri Mann | merri_mann@yahoo.com |
| 90075 | Tim Hunt | timrhunt@gmail.com |
| 191893 | Steve Gasperi | steve@gasperigroup.com |
| 11283 | Brandon  Carnes | katelyn.sigman@yahoo.com |
| 32570 | Mark Mills | mbmills@sunflower.com |
| 35227 | Paula Wood | p_cosmo99@yahoo.com |
| 35230 | Kara Roberts | karalynne21@gmail.com |
| 35541 | Suzanne Freese | suzannefreese@gmail.com |
| 35731 | Roger Price | rprice1948@yahoo.com |
| 37660 | Wayne Sharp | waynec.sharp@gmail.com |
| 39915 | Lauren Redington | laurentredington@gmail.com |
| 40115 | Cyndi Gilmour | cyndilapinski@yahoo.com |
| 40216 | Patricia Smith | patti_smith40@hotmail.com |
| 40733 | DEBBI MITCHELL | sammitch6316@yahoo.com |
| 40833 | Alvin Ross | bigal1966@gmail.com |
| 41005 | Gloria Nutt | glorianutt@gmail.com |
| 41400 | Greg Boland | jgboland@comcast.net |
| 42287 | Devon McCunn | devonmccunn@gmail.com |
| 42889 | Beverly Sharp | beverlysharp51@yahoo.com |
| 42923 | Mckenna  Doherty | doherty.mckenna@att.net |
| 43823 | Lisa Norton | lisawaitnorton@yahoo.com |
| 45101 | Darwin Epps | darwin513@comcast.net |
| 45392 | Kayci Fultz | kaycifultz@yahoo.com |
| 49187 | Charlie  Mye | char8146@yahoo.com |

| | | |
|---|---|---|
| 56467 | William Schoffstall | wschoffstall@icloud.com |
| 58372 | Jo Anne Haynes | jhaynes555@hotmail.com |
| 59774 | Demika Hugley | hugleyc55@gmail.com |
| 65967 | HEATHER FOSTER | hlfoster69@yahoo.com |
| 67787 | Damion Strickland | damestrick@gmail.com |
| 70044 | Robert Tooley | r.tooley@godsmovers.com |
| 71571 | Alexandria Davis | alexandriadavis1992@gmail.com |
| 72780 | Garrett Carnes | garrett.carnes19@icloud.com |
| 74583 | Nicole Abel | abelnicole96@gmail.com |
| 75026 | MELISSA READ | melissaaread@hotmail.com |
| 75773 | James Dabney | jdabney@tampabay.rr.com |
| 75977 | Jacob Hobson | jhobson1296@gmail.com |
| 76952 | Lynn Davidson | ladavidso@yahoo.com |
| 77464 | Ashley Eyrich | ashley.ehlers5@gmail.com |
| 78487 | Diego Duran | dad102695@icloud.com |
| 80802 | Amy Farmer | amy_sue_91@gmail.com |
| 82034 | James Nodwell | james.nodwell@yahoo.com |
| 83684 | Alison Smith | alleykat921@gmail.com |
| 89725 | Bart Donelson | bartmandonelson@gmail.com |
| 92914 | Lynda Jaramillo | lyndajaramillo55@gmail.com |
| 93004 | M L CANSLER | mcansler4@kc.rr.com |
| 100915 | Sandra Owen | eowen1@att.net |
| 104095 | Shannon Sullivan | shannonicole85@live.com |
| 108141 | James Wilkinson | notyme58@yahoo.com |
| 112589 | KIM PETERS | kim.smithers1980@gmail.com |
| 113907 | Donald Winder | donrw63@yahoo.com |
| 115125 | Eric Hull | e_hull@hotmail.com |
| 122463 | Rebecca Clyma | rebecca.clyma.rc@gmail.com |
| 123030 | Samuel Igo | saltforkangus@hotmail.com |
| 123323 | Linda Pluta | wearecool@comcast.net |
| 126021 | Travis Jones | tjones072000@gmail.com |
| 131342 | James True | truekc2@hotmail.com |
| 131688 | Andrea Bonner | asbonner@aim.com |
| 133588 | Patti Swenson | sfswenson@yahoo.com |
| 133643 | Kailey Hargis | kailey.hargis@gmail.com |
| 133937 | Victoria Peterson | vdiehls@gmail.com |
| 134020 | Patricia Comer | patricia64138@yahoo.com |
| 135919 | Jessica Sharts | jessica.sharts02@gmail.com |
| 138139 | Sarah Bredeman | sbredeman.sb@gmail.com |
| 138398 | Mitchell Carson | smokedgoodness@yahoo.com |
| 139132 | Katherine Davis | kedavis2009@hotmail.com |
| 139735 | Shellee Cates | floraqueensc@gmail.com |
| 140426 | Lynn Garwood | lynniegarwood@gmail.com |
| 140441 | Joe Winkler | 6927923@gmail.com |
| 141050 | Jeffrey Kueser | jkueser70@gmail.com |
| 141079 | Carrie Nigro | carrieannnigro@gmail.com |

| | | |
|---|---|---|
| 141117 | Marisa Avalos-Viets | reeceev13@yahoo.com |
| 141226 | LaJae Jackson | lajaejackson16@gmail.com |
| 141230 | Dennis Fithen | dfithen@gmail.com |
| 141247 | Veronica Anwuri | veronicaanwuri@gmail.com |
| 141980 | Aerial Griffith | aerialgriffith@gmail.com |
| 143835 | Kriata Cassity | kcassity0320@att.net |
| 144277 | Ellen Ingram | elevatingellen@gmail.com |
| 146128 | Laurie Wood | lauriehullwood@hotmail.com |
| 146337 | Sam Womack | samwomack@centurytel.net |
| 146640 | Mark Zonnefeld | mzonnefeld@gmail.com |
| 147224 | Elizabeth Minnick | kyhillbilly40@gmail.com |
| 159061 | Davis Mullany | davis.c.mullany@gmail.com |
| 162402 | Amy Rice | amy.oriley@hotmail.com |
| 170857 | Amanda Birdsley | abirdsle@stumail.jccc.edu |
| 172855 | Mackenzie Davis | kenziedavis22@yahoo.com |
| 172876 | Amy Garrett | amygarrett1974@gmail.com |
| 173700 | Anthony Topete | atopete6169@gmail.com |
| 173893 | Michael Hensley | michael@hensleyelectric.com |
| 174379 | Macy Hoffmann | macy_hoffmann@ku.edu |
| 175443 | Angela Westerfield | angela.westerfield@yahoo.com |
| 175854 | William Mark Christophene | wmc4mo@gmail.com |
| 176564 | Antonio Becker | feldrance@gmail.com |
| 176584 | Jordan Gardner | xxjjofferxx@gmail.com |
| 177075 | Brandon  Stagner | rebeccaferg2@gmail.com |
| 183866 | Shawna Dalaq | sdalaq@hotmail.com |
| 184328 | Karina Solis | karinasolis14@yahoo.com |
| 184392 | Derrius Burks | seriousleeburks@gmail.com |
| 187452 | Robin Boyer | r2white4@hotmail.com |
| 187606 | Katasha Kumar | kkumar1017@hotmail.com |
| 188063 | Trey Anderson | tanderson0119@gmail.com |
| 188814 | Nancy Dixon | nancydixonusa@gmail.com |
| 190153 | Staci  Adams | erelakashmir@aol.com |
| 191515 | Brian Piech | bjpiech80@gmail.com |
| 192047 | Ruth Hornaday | rehjfh2655@gmail.com |
| 192048 | Ruth Hornaday | ruthmarsar@aol.com |
| 192121 | Deena Holt | deenaholt@gmail.com |
| 192719 | Sergio Martinez | semartinez816@gmail.com |
| 193505 | Beth Barnett | mchabarne8@aol.com |
| 194626 | April Hawk | ahawk476@gmail.com |
| 194627 | Edward Pickett | elonna.milburn@aol.com |
| 194818 | Megan Lillis | meganlillis@hotmail.com |
| 197800 | Tyler Holland | tylerholland1989@gmail.com |
| 198088 | Don Walkup | don.bea-w@sbcglobal.net |
| 200694 | Geovani Niehaus | cartoonanalysis@gmail.com |
| 203704 | Kathy Shanks | shankskathy@hotmail.com |
| 204251 | Jenny Knight | jlknight13@hotmail.com |

| 204566 | Bailey Hurford | baileyhurford@gmail.com |
| 102857 | Steve Gardner | stevgard6@gmail.com |
| 102916 | Kara Brown | karabrown3387@comcast.net |
| 102934 | Scott Alessi | salessi@twoscompany.com |
| 103004 | Joselito | ajdelosreyes2@gmail.com |
| 103012 | Shelby Brockert | sbrockert23@gmail.com |
| 103128 | Will Kahler | wvkahler@gmail.com |
| 103273 | Jaimi Heckadon | jheckadon1@yahoo.com |
| 109023 | Lisa Hill | miknlsa@swbell.net |
| 120983 | Ronald Dunaway | rnkdunaway@hotmail.com |
| 165662 | Bethany Knovs | wildskywoman@gmail.com |
| 165663 | Kristine Rivotto | krivotto@gmail.com |
| 165925 | Robyu Jones | wolfecrafts62@yahoo.com |
| 174061 | Loruren Weber | louvena@gmail.com |
| 174063 | Mindy Strecker | mindystrecken@gmail.com |
| 118418 | Kay Wing | kwing57@yahoo.com |
| 97676 | | cbdstaff@gmail.com |
| 122415 | Marise | marisemarrs@gmail.com |
| 121660 | Vera | veraborum10@gmail.com |

Carnes Agreement

# EXHIBIT C

---

## Letter to Carnes re Notice of No Further Payments



**PORTO**
LAW FIRM

www.portolaw.com | p: 816.463.2311 | f: 816.463.9567 | 1600 Baltimore | Suite 200A Kansas City, MO | 64108

December 23, 2020

Brandon Carnes
23611 W 51st Terrace
Shawnee, KS 66226

      Re:    Notice of CBD American Shaman's Exercise of Rights pursuant to Section II(3)
             of October 15, 2020 Agreement with Brandon Carnes

Dear Mr. Carnes:

Please accept this letter as Notice of CBD American Shaman's ("Shaman") Exercise of Rights pursuant to Section II(3)(a) of October 15, 2020 Agreement with Brandon Carnes. Specifically, Section II(3)(a) states that:

> If any claims are made against Shaman on or before June 14th, 2021 to which Shaman is entitled to indemnity from Carnes pursuant to the terms of this Agreement, or if Shaman reasonably believes monies are owed by Carnes for obligations incurred by Carnes prior to the execution of this Agreement, or if Carnes otherwise violates this Agreement, or if Shaman, in Shaman's sole discretion, determines that any representation made by Carnes herein is false, Shaman has the absolute right to apply any portion or all of the Escrow Amount in order to satisfy any such claims or obligations. Furthermore, if Shaman, in Shaman's sole discretion, reasonably believes that Shaman's exposure from the items described in the immediately preceding sentence exceeds the Escrow Amount, Shaman may hold any future payments owed to Carnes in Escrow and use any monies so withheld to satisfy any such claims or obligations pursuant to the terms of this Agreement. Conversely, if no such claims are made against Shaman on or before June 14th, 2021, or if no other exception is applicable, Shaman shall pay the Escrow Amount in its entirety to Carnes on or before June 14th, 2021.

Shaman presently believes that its exposure from monies owed by you for your obligations incurred prior to the Agreement is at least $222,818.31, to wit:

Brandon Carnes
Page 2

- $20,335.35 back rent is owed at 4016 Cattlemen Road, Sarasota, Florida 34233;
- $18,395.09 back rent is owed at 3438 Clark Road, Sarasota, Florida 34231;
- $20,640.19 back rent is owed at 10025-10235 N. Dale Mabry Highway, Tampa, Florida 33626;
- $32,094.40 back rent is owed at 6027 Metcalf Avenue, Suite B, Mission, Kansas 66202;
- $14,770.00 back rent is owed at 15165 W. 119th Street, Olathe, Kansas 66062;
- $9,780.84 back rent is owed at 6933 W. 75th Street, Overland Park, Kansas 66204;
- $7,734.48 back rent is owed at 10069 W. 87th Street, Overland Park, Kansas 66212;
- $19,163.52 back rent is owed at 22354 W. 66th Street, Shawnee, Kansas 66226;
- $21,747.18 back rent is owed at 13213 Shawnee Mission Parkway, Shawnee, Kansas 66216;
- $14,327.21 back rent is owed at 5501 Truman's Marketplace, Grandview, Missouri 64040;
- $15,883.97 back rent is owed at 1020-1236 West 103rd Street, Kansas City, Missouri 64114;
- $4,940.93 back rent is owed at 1638 SE Blue Parkway, Lee's Summit, Missouri 64063;
- $12,419.35 back rent is owed at 6302 N. Chatham Avenue, Kansas City, Missouri 64151;
- $10,585.80 back rent is owed at 123 Northcreek Boulevard, Suite 3, Goodlettsville, Tennessee 37072;

Furthermore, Shaman has, to date, expended $130,711.10 to satisfy your obligations incurred prior to the Agreement, to wit:

**1275 E. Bell Road, Suite 110, Phoenix, Arizona 85022**

June 2020 Rent $3,451.44

July 2020 Rent $3,451.44

August 2020 Rent $3,451.44

CenturyLink-August 2020 $101.92

**3073 Main Street, Kansas City, Missouri 64111**

Gate City Glass Company $1,170.00

The Evolution $625.00

The Evolution $625.00

The Pitch $1,571.00

Brandon Carnes
Page 3

The Evolution $625.00

The Pitch $1,571.00

The Pitch $1,571.00

The Evolution $625.00

The Pitch $2,500.00

The Evolution $625.00

The Evolution $625.00

The Pitch $1,571.00

July 2020 Rent $1,260.00

August 2020 Rent $1,260.00

September 2020 Rent $1,200.00

CB Downtown-September 2020 $1,035.00

October 2020 Rent $1,260.00

ADT August 2020 $97.28

**189 Henslee, Suite 8, Dickson, Tennessee**

William Adams-Redo Bathroom $2,531.70

August 2020 Rent $2,269.97

Electric August 2020 $172.92

Water August 2020 $27.64

Trash August 2020 $10.00

**4016 Cattlemen Road, Sarasota, Florida 34233**

August 2020 Rent $4,067.07;

3428 Clark Road, Sarasota, Florida 34231

August 2020 Rent $3,573.98

Fee for August Rent $177.09

Fish Window Cleaning $26.00

Brandon Carnes
Page 4

ADT-January 2020 thru August $823.74

Trash 2020 $432.50

Electric July 2020 $157.06

**15165 W. 119th Street, Olathe Kansas 66062**

Cleaning $15.00

August Comcast $138.13

July 2020-Olathe Station 18.66

Rent Deferment $11,885.60

**13624 South Blackbob Road, Olathe, Kansas 66062**

Back Rent $18,548.36

**6933 W. 75th Street, Overland Park, Kansas 66204**

August Cleaning $15.00

August 2020-Comcast $138.13

July 2020-Olathe Station $18.66

Rent Deferment Due $11,713.81

**10069 W. 87th Street, Overland Park, Kansas 66212**

Deferred Rent $1,735.08

August Cleaning $15.00

**307 "A" NE Englewood Road, Gladstone, Missouri 64118**

July/August Rent $5,027.45

August 2020 Time Warner $138.18

Brandon Carnes
Page 5

**5501 Truman's Marketplace, Grandview, Missouri 64030**

August Cleaning $15.00

July Water $8.50

August 2020 Spire $40.36

August Oasis $8.50


**1020-1236 West 103rd Street, Kansas City, Missouri 64114**

August Cleaning $15.00

March Water $8.50

August Spire $41.60


**1638 SE Blue Parkway, Lee's Summit, Missouri 64063**

Rent Deferment $1,940.44


**6302 N. Chatham Avenue, Kansas City, Missouri 64151**

August Rent $15.00

August Spire $41.60

August Oasis $15.99


**9438 E. 350 Highway, Raytown, Missouri 64133**

August Cleaning $15.00

August Comcast $142.41

Back Rent $16,782.00


**139 North Belt Highway, Suite S, St. Joseph, Missouri 64056**

July Water 54.27

Brandon Carnes
Page 6


August City 85.25

August Water $16.31

August AT&T $167.13


**123 Northcreek Boulevard, Suite 3, Goodlettsville, Tennessee 37072**

August Rent $2,913.60

August Electric $335.00


**1050 Glenbrook Way, Suite 440, Hendersonville, Tennessee 37075**

Past Due Rent $11,010.01

August Rent $4,457.71

Rent Catch Up $888.88

Rent Catch Up $888.88

Rent Catch Up $888.88

Rent Catch Up $7,111.04


Lastly, on December 22, 2020, the Kansas Department of Revenue contacted Shaman and informed us that there is outstanding sales tax owed by you for your location at 13624 South Blackbob Road, Olathe, Kansas 66062 and additional undisclosed locations in the State of Kansas.

As a result of the aforementioned items, Shaman, in Shaman's sole discretion, reasonably believes that Shaman's exposure from the items described in the immediately preceding paragraphs exceed the $30,000.00 currently maintained in Escrow. As such, pursuant to Section II(3)(a) of the Agreement, Shaman intends to withhold any future payments owed to you in Escrow and use such monies to satisfy the aforementioned obligations.

If you have questions, please direct them to the undersigned.

Brandon Carnes
Page 7

Very truly yours,

**THE PORTO LAW FIRM**

Nicholas J. Porto

Copy to:

David R. Mitchell, Esq.
Mitchell & Associates., LC
1080 NW South Outer Road
Blue Springs, MO 64015