# EXHIBIT A

**Settlement Agremeent between Plaintiff and Shaman Entities**

**CONFIDENTIAL**

# CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is made and entered into by Thomas O'Neal ("O'Neal"), and American Shaman Franchise Systems, LLC (formerly known as American Shaman Franchise System, Inc.), CBD American Shaman, LLC and Shaman Botanicals, LLC (formerly Shaman Botanicals, Inc.) (collectively "Shaman"). O'Neal and Shaman are individually referred to as a "Party" and collectively referred to as the "Parties." This Agreement is effective as of the date on which it is signed by all Parties (the "Effective Date").

WHEREAS, on April 29, 2020, O'Neal filed his Amended Complaint against Shaman in the United States District Court for the Middle District of Florida, Tampa Division, Case No. 8:20-cv-936-T-60AAS (the "Lawsuit");

WHEREAS, Shaman denied and continues to deny any wrongdoing or liability whatsoever as to O'Neal's claims related to the Lawsuit; and

WHEREAS, in order to avoid the uncertainty, inconvenience, burden and expense of litigation, the Parties wish to settle the Lawsuit on the terms set forth in this Agreement, without any admission of wrongdoing or liability by any Party.

NOW, THEREFORE, in consideration of the promises and undertakings set forth below, for other good and valuable consideration, and intending to be legally bound hereby, the Parties hereby agree as follows:

1. **Payment**

    1.1. Within sixty (60) days of the Effective Date, Shaman shall pay to O'Neal, and his attorneys, a total sum of $50,000.00 to resolve the claims in the Lawsuit (the "Payment"). The Payment shall be made by wire transfer deposit to the Florin Gray Bouzas Owens Trust Account: ABA Routing No.: 063108680, Account No.: 21904090.

    1.2. The allocation of the Payment between O'Neal and his counsel shall be determined between themselves, and Shaman shall have no further obligation with respect to the Payment other than as set forth herein.

2. **Mutual Release**

    2.1. Upon the Effective Date, the Parties, on behalf of themselves and each and all of their agents, employees, representatives, heirs, successors, licensees and assigns, hereby fully, forever and irrevocably release and discharge each other Party, and each of their affiliates, parents, subsidiaries, wholesalers, retailers, or dealers, and each and all of their respective present or former directors, officers, consultants, affiliated entities or corporations, subsidiaries, divisions, franchisees, partners, joint venturers, agents, shareholders, investors, creditors, insurers, attorneys, employees, representatives, successors, licensees, customers, and assigns (hereinafter "Released Parties") from any and all "Claims" (as defined in Section 2.2), that the Parties and

each and all of their agents, employees, representatives, successors, licensees and assigns have had, now have, or hereafter can or shall have against any of the other Released Parties.

    **2.2.** Notwithstanding the foregoing mutual release, nothing herein shall release or provide any rights as a third-party beneficiary to the defendants in this Lawsuit that are not parties to this release: Brandon Carnes, Katelyn Sigman, and Florida Shaman Properties, LLC.

    **2.3.** The term "Claims" shall mean any and all past, present or future claims, demands, obligations, actions, causes of action, property damage claims, harm to chattel claims, bailment claims, indemnification claims, subrogation claims, extra-contractual damages claims (including bad faith), contribution claims, personal injury claims, wrongful death claims, conscious pain and suffering claims, punitive damages claims, spoliation of evidence claims, or any other disability claims, rights, damages, costs, losses of services, losses of use, expenses and compensation of any nature whatsoever, whether based on a tort, equity, contract or other theory of recovery, which the Plaintiff now has, or which may hereafter accrue or otherwise be acquired, on account of, or may in any way grow out of, or which are in any way related to events, acts, conduct, or omissions occurring prior to O'Neal's execution of this Agreement including, but not limited to, any claims that relate in any way to O'Neal's alleged employment with Shaman or otherwise relate to O'Neal's relationship with Shaman.

    **2.3** O'Neal acknowledges and agrees that the release and discharge set forth above is a general release. O'Neal expressly waives and assumes the risk of any and all claims for damages which exist as of this date, but of which the O'Neal does not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect O'Neal's decision to enter into this Settlement Agreement. O'Neal further agrees that O'Neal has accepted payment of the sums specified herein as a complete settlement and compromise of matters involving disputed issues of law and fact. O'Neal assumes the risk that the facts or law may be other than O'Neal believes. It is understood and agreed to by the parties that this settlement is a compromise of a disputed claim, and the payments are not to be construed as an admission of liability on the part of Shaman, by whom liability is expressly denied.

3. **Dismissal of the Lawsuit**

    **3.1.** O'Neal shall dismiss, with prejudice, the Lawsuit within five (5) days of receipt of the Payment specified herein.

4. **Confidentiality**

    **4.1.** As consideration and inducement for this settlement, all terms of the settlement and this document will be held in strict confidence by all parties to this action, including but not limited to the O'Neal and O'Neal's attorneys, agents, representatives and relations. The parties and their attorneys agree to keep the terms

of this settlement in confidence and not to publish, advertise, disclose, disseminate or reveal the settlement amount, terms and/or conditions to anyone, including, but not limited to, any non-party attorneys, publishers, advertisers, websites, web publications, internet publications, media outlets, representatives of the media (which include but are not limited to printed media (such as newspapers), internet media and radio media), legal or other journals or periodicals, legal publications and ATLA publications, in the absence of a court order compelling them to do so and not without prior written notice to the other parties' attorneys.  All parties acknowledge that this requirement of confidentiality is a material term of the settlement of this litigation and that any failure to fully and completely comply with the confidentiality requirement may subject the offending party to legal damages, including sanctions.  By way of clarification, however, all parties may be allowed to disclose the terms of this settlement to a court in order to obtain an order seeking enforcement of the settlement, only or as required by law and only to the minimal extent necessary to state and federal tax authorities, officers of the court, lienholders, related caregivers, and bill collectors.  Out of the settlement payments being made herein, One Hundred Dollars ($100.00) is being paid to the O'Neal as consideration for entering into this confidentiality agreement and Shaman agrees that these payments are adequate consideration for entering into the confidentiality agreement.

5. **Governing Law**

    **5.1.**  The Parties agree that the laws of the State of Florida shall govern the interpretation and enforcement of this Agreement, without giving effect to that state's choice of law rules.

6. **Mutual Non Disparagement**

    **6.1.**  All parties hereto agree that they shall not, in any communications whatsoever, no matter the medium, whether verbally, in writing, or online, with the press or other media or any customer, client or supplier, criticize, ridicule or make any statement which disparages or degrades the other party.

7. **Additional Terms**

    **7.1.**  **Severability**.  In the event that any provision or portion of this Agreement shall be determined by a Court to be invalid, illegal, or unenforceable, the remaining provisions or portions of this Agreement shall continue in full force and effect, unless such severability would frustrate the purpose of this Agreement.

    **7.2.**  **Integration**.  This Agreement represents the only agreement between the Parties regarding the subject matter hereof, and supersedes all prior agreements, proposals, representations, arrangements or understandings, written or oral, with respect thereto.

    **7.3.**  **Binding**.  This Agreement shall be binding on and inure to the benefit of each Party hereto and, to the extent applicable, such Party's respective present or former directors, officers, consultants, affiliated entities or corporations, parents

subsidiaries, divisions, franchisees, partners, joint venturers, agents, shareholders, investors, creditors, insurers, attorneys, employees, representatives, heirs, successors, licensees, customers, and assigns.

       **7.4.** **No Admission of Liability**. The Parties hereby acknowledge and agree that this is a compromise settlement that is not in any respect, nor for any purpose, to be deemed or construed to be or used as evidence of, an admission of any fact, legal conclusion, proposition, or liability whatsoever on the part of any person or entity.

       **7.5.** **Representation of Comprehension of Document**. In entering into this Settlement Agreement, O'Neal represents that he is of sound mind, understands the terms of the settlement, and voluntarily accepts the terms. O'Neal has relied upon the advice of his attorneys, who are the attorneys of his own choice, concerning the legal consequences of this Settlement Agreement, and he has had the opportunity to or has consulted with a tax professional for any tax advice; that the terms of this Settlement Agreement have been completely read and explained to O'Neal by his attorneys; and that the terms of this Settlement Agreement are fully understood and voluntarily accepted by O'Neal.

       **7.6.** **Waivers and Amendments**. Any amendment or modification to this Agreement must be in writing and signed by the Parties. Any waiver of this Agreement, or of any of the terms and conditions to this Agreement, may be accomplished only by a written instrument signed by the Party waiving the right or entitlement.

       **7.7.** **Counterparts**. This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. An electronic, facsimile, or photocopy copy shall be as effective as a signed original.

       **7.8.** **Construction**. This Agreement shall be deemed to have been jointly drafted by the Parties hereto and shall be construed in accordance with its fair meaning, and not strictly against any Party.

       **7.9.** **Notices**. Any notice in connection with this Agreement will be in writing and will be delivered by hand or by a recognized overnight carrier to the Party due to receive the notice through such Party's counsel at their respective addresses as follows or to any such other address as shall be advised by any Party to any other Party in writing. Notices shall be effective as of the date of receipt.

**To O'Neal:**

   Scott Terry, Esq.
   16524 Pointe Village Drive
   Suite 100
   Lutz, Florida 33558

**To Shaman:**

   Nicholas Porto, Esq.

**CONFIDENTIAL**

> The Porto Law Firm
> 1600 Baltimore, Suite 200A
> Kansas City, Missouri 64108

**7.10.** **7.10Attorney's Fees and Costs**. Each party hereto shall bear all attorney's fees and costs arising from the actions of its own counsel in connection with the Lawsuit, this Settlement Agreement and the matters and documents referred to herein, and all related matters.

IN WITNESS WHEREOF, the undersigned have executed this Agreement on the dates written below.

Date: _____

By: Thomas O'Neal

CBD American Shaman, LLC

Date: 05/24/2021

*/s/ Vince Sanders*
By:
Its:

Shaman Botanicals, LLC

Date: 05/24/2021

*/s/ Vince Sanders*
By:
Its:

American Shaman Franchise Systems, Inc.

Date: 05/24/2021

*/s/ Vince Sanders*
By:
Its:

The Porto Law Firm
1600 Baltimore, Suite 200A
Kansas City, Missouri 64108

**7.10.** **7.10Attorney's Fees and Costs.** Each party hereto shall bear all attorney's fees and costs arising from the actions of its own counsel in connection with the Lawsuit, this Settlement Agreement and the matters and documents referred to herein, and all related matters.

IN WITNESS WHEREOF, the undersigned have executed this Agreement on the dates written below.

Date: May 14, 2021

By: Thomas O'Neal

CBD American Shaman, LLC

Date: _____

By: _____
Its: _____

Shaman Botanicals, LLC

Date: _____

By: _____
Its: _____

American Shaman Franchise Systems, Inc.

Date: _____

By: _____
Its: _____

Page 5 of 5