# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

THOMAS O'NEAL,

     Plaintiff,

v.                                    Case No. 8:20-cv-936-KKM-AAS

AMERICAN SHAMAN
FRANCHISE SYSTEM, et al.,

     Defendants.

_____

## ORDER

Thomas O'Neal moves for summary judgment against Defendants American Shaman Franchise System, LLC, CBD American Shaman, LLC, Shaman Botanicals, LLC, SCS Enterprises, LLC, Stephen Vincent Sanders II, and Francis Kalaiwaa's (collectively, the Shaman Defendants) counterclaims. *See* Motion for Summary Judgment (Doc 188.) The Magistrate Judge issued a report recommending that the Court deny O'Neal's motion for summary judgment. *See* Report & Recommendation (Doc. 276.) O'Neal timely objects to the Magistrate Judge's recommendation. *See* Objection (Doc. 281.) For the reasons explained below, I agree with the Magistrate Judge, overrule the objection, and adopt the Report and Recommendation in full.

After conducting a careful and complete review of the findings and

recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by the magistrate judge, the district court must conduct a de novo review with respect to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

O'Neal objects on three grounds: (1) the Magistrate Judge was incorrect to conclude that the Shaman Defendants properly pleaded a sufficient cause of action for bad faith; (2) the Magistrate Judge was incorrect to conclude that Florida's Litigation Privilege does not bar the Shaman Defendants' counterclaim for breach of contract; and (3) the Magistrate Judge improperly considered parol evidence. Upon a de novo review, I agree with the well-reasoned explanation of the Magistrate Judge on those points.

First, the Magistrate Judge concluded that O'Neal is not entitled to judgment as a matter of law because "as the court has already concluded, the releases in the prior settlement agreement barred Mr. O'Neal from raising his fraudulent transfer claims against the Shaman Defendants." R&R at 10. O'Neal objects that his and his counsel's alleged bad faith does not violate Florida law. Objection at 13. O'Neal argues that the specific statute

applicable to the Shaman Defendants' allegations is Fla. Stat. § 57.105, which permits the recovery of attorney's fees when a party files a claim not supported by then-existing law. *Id.* O'Neal fails to offer specifics as to why his conduct does not meet the statutory requirements. I agree that the Shaman Defendants provide sufficient evidence to show that O'Neal and his counsel violated the Prior Settlement Agreement and acted in bad faith by filing the post-judgment fraudulent transfer claims. And as explained by the Magistrate Judge, I have already concluded that the releases in the Prior Settlement Agreement barred O'Neal from raising his fraudulent transfer claims against the Shaman Defendants. Order Adopting R&R (Doc. 230).

Second, I agree with the Magistrate Judge that Florida's litigation privilege does not extend absolute immunity to the filing of a lawsuit where that specific act breaches a contract. R&R at 7–8. Again, I have already concluded that O'Neal's filing of a supplemental claim for fraudulent transfer violated the Prior Settlement Agreement. *See* Order Adopting R&R (Doc. 230) at 8. And as O'Neal himself admits in a previous motion to dismiss, the litigation privilege "does not extend absolute immunity to the filing of a lawsuit where that specific act breaches a contract." Motion to Dismiss Counterclaims (Doc. 195) at 23 (quoting *Sun Life Assur. Co. of Canada v. Imperial Premium Fin., LLC,* 904 F.3d 1197, 1219 (11th Cir. 2018)).

Finally, O'Neal objects to the Magistrate Judge's reference to a proposal by O'Neal's

attorney that was "not included in the Settlement Agreement." R&R at 8–9. But this was not the basis for the Magistrate Judge's recommendation that O'Neal's motion be denied. The Magistrate Judge referenced the Shaman Defendants' evidence that O'Neal and his counsel acted in bad faith to show that O'Neal and his attorney knew or should have known that filing the supplemental complaint for fraudulent transfer would violate the Settlement Agreement. This is an element of bad faith and not a violation of the parol evidence rule. Indeed, Florida's parol evidence rule only bars the introduction of evidence extrinsic to a contract when it is offered "to vary or contradict the unambiguous language of a valid contract." *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1309 (11th Cir. 1998). Neither the Shaman Defendants nor the Magistrate Judge offer evidence of prior rejected proposals to contradict the terms of the Settlement Agreement, but rather to show that O'Neal and his counsel acted in bad faith in filing the supplemental complaint for fraudulent transfer.

Accordingly, the following is **ORDERED**:

1. O'Neal's Objection (Doc. 281) is **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. 276) is **ADOPTED in full**.

3. O'Neal's Motion for Summary Judgment on the Shaman Defendants' counterclaims (Doc. 233) is **DENIED**.

**ORDERED** in Tampa, Florida, on February 17, 2023.

Kathryn Kimball Mizelle
United States District Judge