UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERICAN SHAMAN FRANCHISE SYSTEM,
LLC, et al.,

    Counter-Plaintiffs,

v.     Case No. 8:20-cv-936-KKM-AAS

THOMAS O'NEAL,

    Counter-Defendant.
_____/

# ORDER

Counter-defendant Thomas O'Neal moves for an order compelling non-party Lewis Brisbois Bisgaard & Smith, LLP ("LBBS") to file amended responses to Mr. O'Neal's subpoena. (Doc. 318). Mr. O'Neal also requests an order compelling prior counsel for counter-plaintiffs American Shaman Franchise System, LLC (Shaman Franchise), CBD American Shaman, LLC (American Shaman), Shaman Botanicals, LLC, SVS Enterprises, LLC, Stephen Vincent Sanders II, and Francis Kalaiwaa's (collectively, the Shaman Parties), Attorney David Luck, to file a sworn declaration addressing factual allegations raised by Mr. O'Neal. (*Id*. at 13–14). LBBS responds in opposition. (Doc. 333). For the reasons stated below, the motion (Doc. 318) is **GRANTED in part and DENIED in part**.

**I.     BACKGROUND**

1

This case arises from a post-judgment dispute between Mr. O'Neal and the Shaman Parties. The two active claims in this litigation are counterclaims raised by the Shaman Parties in answering Mr. O'Neal's supplemental complaint (Doc. 135). (Doc. 188). The two counterclaims are: a counterclaim for a declaratory judgment that a settlement agreement between Mr. O'Neal and the Shaman Parties in the underlying proceeding (the Prior Settlement Agreement) is enforceable (Count I) and a counterclaim for breach of contract by Mr. O'Neal for allegedly raising his post-judgment action against the Shaman Parties in violation of the Prior Settlement Agreement (Count II). (*Id.*).

Attached to the Shaman Parties' answer and counterclaims is Attorney Luck's seven-page declaration (Doc. 188, Ex. C). The Shaman Parties first rely on Attorney Luck's declaration in ¶ 25 of the counterclaim and state the declaration "is incorporated by reference as though fully set forth herein." (Doc. 188, ¶ 25). According to the declaration, Attorney Luck is a partner at LBBS and was "defense counsel of record and involved in defending the case, including settlement negotiations." (Doc. 188, Ex. C, ¶ 1). Attorney Luck describes O'Neal's attorneys' involvement in the settlement negotiations (*see, e.g., id.* at ¶ 4) and the parties' understandings as to the mutual general release contained in the settlement agreement (*see, e.g., id.* at ¶¶ 9–10).

## II. ANALYSIS

Mr. O'Neal served LBBS with a subpoena requesting documents from LBBS related to the underlying proceeding and Mr. O'Neal's post-judgment action. (Doc. 318, Ex. 4). Mr. O'Neal now requests this court compel LBBS to produce two sets of information: (1) amended responses to Mr. O'Neal's subpoena (Doc. 318, p. 13); and (2) a sworn declaration by LBBS Attorney David Luck on factual allegations raised by Mr. O'Neal (*Id*. at 13–14). The court will address each request in turn.

### 1. Amended Responses

Mr. O'Neal requests the court order LBBS provide amended responses to Mr. O'Neal's subpoena. (Doc. 318, p. 13). Mr. O'Neal does not appear to contend LBBS's response to Mr. O'Neal's subpoena lacks certain responsive documentary evidence or is otherwise unresponsive. Mr. O'Neal instead appears to suggest the manner in which LBBS responded to Mr. O'Neal's subpoena did not comply with Federal Rule of Civil Procedure 45(e). (*Id*. at 13).

Rule 45(e)(1)(A) states "[a] person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business **or** must organize and label them to correspond to the categories in the demand." Fed. R. Civ. P. 45(e)(1)(A) (emphasis added). Mr. O'Neal's motion provides no caselaw in support and little in the way of argument that LBBS failed to comply with Rule 45 beyond claiming LBBS engaged in a "'document dump' to obscure the true facts and frustrate Mr. O'Neal's legitimate discovery

3

requests." (Doc. 318, p. 13).

Mr. O'Neal's argument appears to start and end with his claim that LBBS's failure to label each of the 38 total pages of documents so that they "correspond to the individual requests in the subpoena" violates Rule 45(e). (Doc. 318, p. 11). However, LBBS's response indicates the 38 total pages of documents produced in response to Mr. O'Neal's subpoena produced were produced via a file transfer website in the manner they were kept in the ordinary course of business at LBBS. (Doc. 333, pp. 2, 11–15). The court thus concludes LBBS's response to Mr. O'Neal's subpoena did not violate Rule 45(e).

**2. Luck Declaration**

Mr. O'Neal requests this court compel Attorney Luck to provide a sworn declaration on factual allegations raised by Mr. O'Neal. (Doc. 318, p. 14). This request arises from Mr. O'Neal and his attorney Kevin Graham's continued factual allegation that Attorney Graham did not negotiate, draft or edit the Prior Settlement Agreement at the center of the Shaman Parties' counterclaims against Mr. O'Neal. *See* (Doc. 244, p. 7; Doc. 247, p. 6; Doc. 318, p. 6). Attorney Graham argues he cannot be held to have acted in bad faith (as alleged in the Shaman Parties' counterclaim) because he was not part of the negotiations of the Prior Settlement Agreement and thus did not know it barred Mr. O'Neal from raising his post-judgment action. Mr. O'Neal's motion again makes this point. *See* (Doc. 188, pp. 19–33) (counterclaim against Mr.

4

O'Neal and Attorney Graham); (Doc. 318, Ex. 1) (a declaration by Mr. O'Neal's prior counsel Scott Terry wherein Attorney Terry states he "personally negotiated the terms of the Settlement Agreement" that Attorney Graham made no "'mark-ups' or revisions to.").

Mr. O'Neal argues getting an additional declaration from Attorney Luck is necessary for Attorney Graham to support his claim that he did not participate in drafting the Prior Settlement Agreement. (*Id*. at 14). Mr. O'Neal cites to Federal Rule of Civil Procedure 26(c), which states "[t]he court may, for good cause, issue an order to protect a party [from] undue burden or expense [by] prescribing a discovery method other than the one selected by the party seeking discovery," and argues this rule grants the court the capacity to order Attorney Luck to provide another sworn declaration in lieu of participating in a deposition. (*Id*. at 11–13) (*citing* Fed. R. Civ. P. 26(c)). Mr. O'Neal's thus argues his request for Attorney Luck's declaration is "less invasive" than deposing Attorney Luck about this factual allegation. (Doc. 318, p. 13).

Mr. O'Neal and Attorney Graham cite no authority suggesting this court has the authority to order counsel for an opposing party to submit testimony via sworn declaration merely on the belief that said testimony would contradict other evidence already in the record. The court concludes this justification is insufficient to necessitate the court compel Attorney Luck to submit a sworn declaration addressing Mr. O'Neal and Attorney Graham's factual allegations

5

instead of deposing Attorney Luck.

Rather than require some type of unspecified additional declaration that will just continue to prolong the parties' discovery disputes, Mr. O'Neal and Attorney Graham have established a short deposition of Attorney Luck is warranted. Depositions of opposing counsel are generally disfavored. *See Curley v. Stewart Title Guar. Co.*, No: 2:18-cv-9-FtM-38UAM, 2019 WL 2552245, at *3 (M.D. Fla. Feb. 20, 2019) ("[c]ourts routinely find that depositions of attorneys inherently constitute an invitation to harass the attorney and parties, and to disrupt and delay the case."). However, by incorporating Attorney Luck's seven-page declaration into its counterclaim allegations, the Shaman Parties have affirmatively placed Attorney Luck's knowledge of the circumstances of the negotiation and drafting of the Prior Settlement Agreement at issue in this litigation. (Doc. 188, Ex. C). Mr. O'Neal and Attorney Graham should therefore be granted the opportunity to inquire as to the matters about which Attorney Luck declares.

### III. CONCLUSION

Mr. O'Neal's Motion to Compel (Doc. 318) is **DENIED** as to requiring LBBS to submit better document responses to Mr. O'Neal's subpoena. Mr. O'Neal's Motion to Compel (Doc. 318) is **GRANTED in part and DENIED in part** as to the request for this court to compel Attorney Luck to submit a sworn declaration. Mr. O'Neal may depose Attorney Luck about the testimony in his

declaration for a period no longer than 2 hours.

In light of the court's indication that a short deposition of Attorney Luck is the more appropriate way for Mr. O'Neal and Attorney Graham to test the testimony contained in Attorney Luck's declaration (which was incorporated into the Shaman parties' counterclaim), an award of expenses is unjust. *See* Fed. R. Civ. P. 37(a)(5)(C) (giving the court discretion on whether to award fees when the discovery motion is granted in part and denied in part).

**ORDERED** in Tampa, Florida on July 12, 2023.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge