## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**AMERICAN SHAMAN FRANCHISE SYSTEM, LLC, et al.,**

      **Counter-Plaintiffs,**

**v.**                            **Case No. 8:20-cv-936-KKM-AAS**

**THOMAS O'NEAL,**

      **Counter-Defendant.**

_____/

## <u>ORDER</u>

Counter-defendant Thomas O'Neal moves for an order compelling counsel for counter-plaintiffs American Shaman Franchise System, LLC (Shaman Franchise), CBD American Shaman, LLC (American Shaman), Shaman Botanicals, LLC, SVS Enterprises, LLC, Stephen Vincent Sanders II, and Francis Kalaiwaa's (collectively, the Shaman Parties), Attorney Nicholas Porto, to file a sworn declaration addressing factual allegations raised by Mr. O'Neal. (Doc. 326). The Shaman Parties respond in opposition. (Doc. 334).  Mr. O'Neal's Motion to Compel (Doc. 326) is **GRANTED in part and DENIED in part**.

## I.  BACKGROUND

This case arises from a post-judgment dispute between Mr. O'Neal and the Shaman Parties. The two active claims in this litigation are counterclaims

1

raised by the Shaman Parties in answering Mr. O'Neal's supplemental complaint (Doc. 135). (Doc. 188). The two counterclaims are: a counterclaim for a declaratory judgment that a settlement agreement between Mr. O'Neal and the Shaman Parties in the underlying proceeding (the Prior Settlement Agreement) is enforceable (Count I) and a counterclaim for breach of contract by Mr. O'Neal for allegedly raising his post-judgment action against the Shaman Parties in violation of the Prior Settlement Agreement (Count II). (*Id*.).

Attached to the Shaman Parties' answer and counterclaims is Attorney Luck's seven-page declaration (Doc. 188, Ex. C). The Shaman Parties first rely on Attorney Luck's declaration in ¶ 25 of the counterclaim and state the declaration "is incorporated by reference as though fully set forth herein." (Doc. 188, ¶ 25). According to the declaration, Attorney Luck is a partner at LBBS and was "defense counsel of record and involved in defending the case, including settlement negotiations." (Doc. 188, Ex. C, ¶ 1). Attorney Luck's declaration notes he represented the Shaman Parties in their settlement negotiations with Mr. O'Neal alongside the Shaman Parties' "outside general counsel, Nicholas Porto." (*Id*. at ¶ 5). Attorney Luck describes O'Neal's attorneys' involvement in the settlement negotiations (*see, e.g., id*. at ¶ 4) and the parties' understandings as to the mutual general release contained in the settlement agreement (*see, e.g., id*. at ¶¶ 9–10).

Mr. O'Neal now moves to compel Attorney Porto to file a "sworn declaration" regarding those settlement negotiations (*Id.* at 1).

## II.   ANALYSIS

This request arises from Mr. O'Neal and his attorney Kevin Graham's continued factual allegation that Attorney Graham did not negotiate, draft or edit the Prior Settlement Agreement at the center of the Shaman Parties' counterclaims against Mr. O'Neal. *See* (Doc. 244, p. 7; Doc. 247, p. 6; Doc. 318, p. 6). Attorney Graham argues he cannot be held to have acted in bad faith (as is alleged in the Shaman Parties' counterclaim) because he was not part of the negotiations of the Prior Settlement Agreement and thus did not know it barred Mr. O'Neal from raising his post-judgment action. Mr. O'Neal's motion again makes this point. *See* (Doc. 326, Ex. 1) (a declaration by Mr. O'Neal's prior counsel Scott Terry wherein Attorney Terry states he "personally negotiated the terms of the Settlement Agreement" that Attorney Graham made no "'mark-ups' or revisions to.").

Mr. O'Neal argues Attorney Porto "is uniquely situated in this litigation as both an advocate and a fact witness," such that taking his deposition is necessary for Attorney Graham to support his claim that he did not participate in drafting the Prior Settlement Agreement. (Doc. 326, p. 2). Mr. O'Neal cites to Federal Rule of Civil Procedure 26(c), which states "[t]he court may, for good cause, issue an order to protect a party [from] undue burden or expense [by]

prescribing a discovery method other than the one selected by the party seeking discovery," and argues this rule grants the court the capacity to order Attorney Porto to provide a sworn declaration in lieu of participating in a deposition. (*Id*. at 9–10) (*citing* Fed. R. Civ. P. 26(c)). Mr. O'Neal's thus argues his request for Attorney Porto's declaration is a "less intrusive alternative" to deposing Attorney Porto about this factual allegation. (Doc. 326, p. 1).

Mr. O'Neal and Attorney Graham cite no authority suggesting this court has the authority to order counsel for an opposing party to submit testimony via sworn declaration merely on the belief that said testimony would contradict other evidence already in the record. Perhaps a deposition by written questions, as permitted by Rule 31, is what Mr. O'Neal and Attorney Graham envision and that would be a more appropriate use of available discovery tools than the proposed compulsory declaration.

Nevertheless, on these facts, Mr. O'Neal and Attorney Graham have established a short oral deposition of Attorney Porto is warranted. Depositions of opposing counsel are generally disfavored. *See Curley v. Stewart Title Guar. Co.*, No: 2:18-cv-9-FtM-38UAM, 2019 WL 2552245, at *3 (M.D. Fla. Feb. 20, 2019) ("[c]ourts routinely find that depositions of attorneys inherently constitute an invitation to harass the attorney and parties, and to disrupt and delay the case."). However, by incorporating Attorney Luck's declaration into the counterclaim pleading and by Attorney Luck affirmatively declaring that

Attorney Porto shares the same knowledge as Attorney Luck about the settlement negotiations, the Shaman Parties have affirmatively placed Attorney Porto's knowledge of the circumstances of the negotiation and drafting of the Prior Settlement Agreement at issue in this litigation.

Attorney Porto's knowledge is duly relevant as co-counsel for the Shaman Parties during the negotiation of the Prior Settlement Agreement, particularly given Attorney Luck's reference to Attorney Porto in Attorney Luck's declaration. *See Lifenet Health v. RTI Surgical, Inc.*, Case No. 1:18-cv-00146MW/GRJ, 2019 WL 13182519, at *1 (N.D. Fla. Mar. 29, 2019) (exhibits attached to the complaint are considered part of the pleadings 'for all purposes.'"). Mr. O'Neal and Attorney Graham should therefore be granted the opportunity to inquire as to the matters discussed in Attorney Luck's declaration (Doc. 188, Ex. C).

## IV. CONCLUSION

Mr. O'Neal's Motion to Compel (Doc. 326) is **GRANTED in part and DENIED in part**. Mr. O'Neal may depose Attorney Porto about the topics addressed in Attorney Luck's declaration for a period no longer than 2 hours.

In light of the court's indication that a short deposition of Attorney Porto is the more appropriate way for Mr. O'Neal and Attorney Graham to test the testimony contained in Attorney Luck's declaration (which was incorporated into the Shaman parties' counterclaim), an award of expenses is unjust. *See*

Fed. R. Civ. P. 37(a)(5)(C) (giving the court discretion on whether to award fees when the discovery motion is granted in part and denied in part).

**ORDERED** in Tampa, Florida on July 12, 2023.

AMANDA ARNOLD SANSONE
United States Magistrate Judge