UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**AMERICAN SHAMAN FRANCHISE SYSTEM,**
LLC, et al.,

    **Counter-Plaintiffs,**

v.                                                                                          Case No. 8:20-cv-936-KKM-AAS

**THOMAS O'NEAL,**

    **Counter-Defendant.**
_____/

## **ORDER**

Counter-defendant Thomas O'Neal moves to compel the production of documents responsive to Mr. O'Neal's Second Request for Production (RFP) of Documents. (Doc. 313). Counter-plaintiffs American Shaman Franchise System, LLC (Shaman Franchise), CBD American Shaman, LLC (American Shaman), Shaman Botanicals, LLC, SVS Enterprises, LLC, Stephen Vincent Sanders II, and Francis Kalaiwaa's (collectively, the Shaman Parties) respond in opposition. (Doc. 321).

**I.    BACKGROUND**

This case arises from a post-judgment dispute between Mr. O'Neal and the Shaman Parties. Mr. O'Neal initiated supplemental proceedings against the Shaman Parties on December 20, 2021. (Doc. 135). Mr. O'Neal's post-judgment complaint brought fraudulent transfer claims under Florida law

1

against Brandon Carnes to recover the value of a judgment Mr. O'Neal obtained in the underlying proceeding. (*Id.*). Mr. O'Neal alleged the Shaman Parties were duly liable because they "received direct benefits as a consequence of the fraudulent conveyance." (*Id.* at ¶ 36).

On February 28, 2022, the Shaman Parties answered Mr. O'Neal's supplemental complaint and raised two counterclaims: a counterclaim for a declaratory judgment that a settlement agreement between Mr. O'Neal and the Shaman Parties in the underlying proceeding (the Prior Settlement Agreement) is enforceable (Count I) and a counterclaim for breach of contract by Mr. O'Neal for allegedly raising his post-judgment action against the Shaman Parties in violation of the Prior Settlement Agreement (Count II). (Doc. 188).

On July 11, 2022, District Judge Kathryn Kimball Mizelle granted judgment on the pleadings on Mr. O'Neal's supplemental complaint in favor of the Shaman Parties, leaving the Shaman Parties' counterclaims against Mr. O'Neal as the only active claims in this action. (Doc. 230). Mr. O'Neal now moves to compel the Shaman Parties to produce documents responsive to Mr. O'Neal's Second Request for Production of Documents. (Doc. 313).

## II.   LEGAL STANDARD

A party may obtain discovery about any nonprivileged matter relevant

2

to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Discovery helps parties ascertain facts that bear on issues. *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) (citations omitted).

A party may move for an order compelling discovery from the opposing party. Fed. R. Civ. P. 37(a). The party moving to compel discovery has the initial burden of proving the requested discovery is relevant and proportional. *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-CV-1185-Orl-22TBS, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quotation and citation omitted). The responding party must then specifically show how the requested discovery is unreasonable or unduly burdensome. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559–60 (11th Cir. 1985).

## III. ANALYSIS

Mr. O'Neal requests the court overrule the Shaman Parties' objections to eight document requests and compel the production of responsive documents. (Doc. 313). Mr. O'Neal's motion to compel is denied because the documents responsive to Mr. O'Neal's Second Request for Production are irrelevant to the active claims in this litigation.

Each request asks for documents related to Mr. O'Neal's pursuit of post-judgment claims against Mr. Carnes. *See* (Doc. 313, Ex. 1, pp. 7–10) (Mr. O'Neal's second set of requests). This is clear both from the substance of each

request and from Mr. O'Neal's repeated invocation of Federal Rule of Civil Procedure 69, which governs the execution of judgments. *See* Fed. R. Civ. P. 69; (Doc. 313, p. 2) (stating the requests were "served pursuant to Rules 69(a)(2) and 26" and arguing the requested discovery is necessary to Mr. "O'Neal's efforts to tract [Mr.] Carnes' assets and otherwise try to enforce his judgment [against Mr. Carnes]."); (*Id.* at 4) (arguing Mr. O'Neal need not establish his requests "have probative value on the pending counterclaims" (internal citations omitted); (*Id.* at 10–16) (wherein Mr. O'Neal cites Rule 69 as governing authority over each objected-to request).

Mr. O'Neal specifically invokes Rule 69(a)(2), which states "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). However, as this court has repeatedly explained, Mr. O'Neal no longer has active post-judgment claims in this action. *See, e.g.*, (Doc. 273, p. 11; Doc. 284, p. 9; Doc. 286, p. 7). Instead, the two active claims are: the Shaman Parties' counterclaim for a declaratory judgment that the Prior Settlement Agreement between Mr. O'Neal and the Shaman Parties is enforceable (Count I) and the Shaman Parties' counterclaim for breach of contract by Mr. O'Neal for allegedly raising his prior post-judgment action against the Shaman Parties in violation of the Prior

4

Settlement Agreement (Count II). *See* (Doc. 188). Neither claim raised by the Shaman Parties invokes the execution of a prior judgment; thus, this case is no longer acting "[i]n aid of [a] judgment or execution" and Rule 69 no longer applies. Fed. R. Civ. P. 69(a)(2).

Mr. O'Neal argues these requests are valid under Rule 69 because they were originally "propounded prior to the dismissal of [Mr.] O'Neal's Supplemental Complaint." (Doc. 313, p. 2). But the mere timing of when Mr. O'Neal's requests were originally served is irrelevant to the consideration of whether the requests are relevant to the active claims and defenses remaining in this action. Mr. O'Neal provides no case law supporting the notion that requests only relevant to previously-dismissed post-judgment claims may still be propounded and this court has not independently found any.

Therefore, under Rule 26, Mr. O'Neal as the moving party must first establish the relevance and proportionality of his requested discovery. *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-CV-1185-Orl-22TBS, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quotation and citation omitted). Mr. O'Neal's motion does not argue or otherwise suggest his requests are relevant to the Shaman Parties' counterclaims or his defenses to those counterclaims. *See* (Doc. 313). The Shaman Parties' counterclaims go virtually unmentioned in Mr. O'Neal's motion because Mr. O'Neal's requests are rooted in the false notion he may use the present action to gather from the Shaman Parties

5

"information regarding [Mr. Carnes'] assets, his operation of the franchised stores . . . and his past and present whereabouts." (*Id.* at 4). As such, Mr. O'Neal fails to meet the initial burden of establishing the relevance of his requests to any active claims or defenses in this action.

## IV. CONCLUSION

For the aforementioned reasons, Mr. O'Neal's Motion to Compel (Doc. 313) is **DENIED**. If the court denies a motion to compel, the court must award the prevailing party reasonable expenses, including attorney's fees, incurred as a result of submitting the motion unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(b). The court must give the losing party an opportunity to be heard on the issue of reasonable expenses. Fed. R. Civ. P. 37(a)(5). The parties' counsel therefore must confer in good faith to stipulate to the reasonable expenses incurred. If the parties fail to stipulate, the Shaman Parties may submit a motion, supported by a declaration and any expense records, to support why the expenses they request are reasonable.

**ORDERED** in Tampa, Florida on July 12, 2023.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge