UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERICAN SHAMAN FRANCHISE SYSTEM,
LLC, et al.,

      Counter-Plaintiffs,

v.                                  Case No. 8:20-cv-936-KKM-AAS

THOMAS O'NEAL,

      Counter-Defendant.

_____/

## ORDER

Counter-defendant Thomas O'Neal moves to compel the production of documents responsive to Mr. O'Neal's Third Request for Production (RFP) of Documents. (Doc. 339). Counter-plaintiffs American Shaman Franchise System, LLC (Shaman Franchise), CBD American Shaman, LLC (American Shaman), Shaman Botanicals, LLC, SVS Enterprises, LLC, Stephen Vincent Sanders II, and Francis Kalaiwaa's (collectively, the Shaman Parties) respond in opposition. (Doc. 348).

## I.    BACKGROUND

This case arises from a post-judgment dispute between Mr. O'Neal and the Shaman Parties. Mr. O'Neal initiated supplemental proceedings against the Shaman Parties on December 20, 2021. (Doc. 135). Mr. O'Neal's post-judgment complaint brought fraudulent transfer claims under Florida law

against Brandon Carnes to recover the value of a judgment Mr. O'Neal obtained in the underlying proceeding. (*Id.*). Mr. O'Neal alleged the Shaman Parties were duly liable because they "received direct benefits as a consequence of the fraudulent conveyance." (*Id.* at ¶ 36).

On February 28, 2022, the Shaman Parties answered Mr. O'Neal's supplemental complaint and raised two counterclaims: a counterclaim for a declaratory judgment that a settlement agreement between Mr. O'Neal and the Shaman Parties in the underlying proceeding (the Prior Settlement Agreement) is enforceable (Count I) and a counterclaim for breach of contract by Mr. O'Neal for allegedly raising his post-judgment action against the Shaman Parties in violation of the Prior Settlement Agreement (Count II). (Doc. 188).

On July 11, 2022, District Judge Kathryn Kimball Mizelle granted judgment on the pleadings on Mr. O'Neal's supplemental complaint in favor of the Shaman Parties, leaving the Shaman Parties' counterclaims against Mr. O'Neal as the only active claims in this action. (Doc. 230). Mr. O'Neal now moves to compel the Shaman Parties to produce documents responsive to his Third Request for Production of Documents. (Doc. 339).

## II.   LEGAL STANDARD

A party may obtain discovery about any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed.

R. Civ. P. 26(b)(1). Discovery helps parties ascertain facts that bear on issues. *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) (citations omitted).

A party may move for an order compelling discovery from the opposing party. Fed. R. Civ. P. 37(a). The party moving to compel discovery has the initial burden of proving the requested discovery is relevant and proportional. *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-CV-1185-Orl-22TBS, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quotation and citation omitted). The responding party must then specifically show how the requested discovery is unreasonable or unduly burdensome. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559–60 (11th Cir. 1985).

## III.   ANALYSIS

Mr. O'Neal requests the court overrule the Shaman Parties' objections to sixteen requests and compel the production of responsive documents. (Doc. 339). The court will address Mr. O'Neal's arguments in support of compelling responsive documents to each request in turn.

### 1. Requests 1 and 2

Requests 1 and 2 request drafts of the Prior Settlement Agreement and documents sufficient to "identify the drafter of any proposed edits to the [Prior] Settlement Agreement." (Doc. 339, Ex. 1, pp. 1–2). Mr. O'Neal argues the Shaman Parties' response is deficient because the Shaman Parties only

produced to Mr. O'Neal documents previously produced in this action. (Doc. 339, pp. 13–15). However, the protracted nature of this litigation and its focus on the circumstances surrounding the drafting of the Prior Settlement Agreement appears to have naturally led to certain of Mr. O'Neal's requested documents being produced as exhibits to prior motions or responses. Mr. O'Neal fails to argue or otherwise allege the Shaman Parties are withholding documents or otherwise failing to comply with Requests 1 or 2. The court thus denies Mr. O'Neal's motion to compel as to Requests 1 and 2 because Mr. O'Neal has not established the Shaman Parties' responses to Requests 1 and 2 are deficient.

**2. Requests 3, 4, and 6–9**

Requests 3, 4, and 6–9 request "communications prior to execution of the [Prior] Settlement Agreement" on a range of subsections of the Prior Settlement Agreement. (Doc. 339, pp. 2–5). The Shaman Parties objected to each request claiming attorney-client privilege and attorney work-product protections. (*Id*.). Mr. O'Neal argues these document requests "overlap" with a prior request for production served on the Shaman Parties, and the Shaman Parties' current privilege objections are deficient because the Shaman parties failed to raise privilege objections to the earlier set of requests. (Doc. 339, pp. 5–7, 10–12, 15–17).

However, as explained in the court's order (Doc. 360) on Mr. O'Neal's

4

Motion to Compel (Doc. 313), that prior set of requests sought a separate tranche of documents "relate[d] to Mr. O'Neal's pursuit of post-judgment claims against Mr. Carnes." (Doc. 360, p. 3). Mr. O'Neal does not specify (and this court is unable to independently identify) how any request in his prior set of requests so closely overlaps with the requests at issue in this motion such that the Shaman Parties waived any privilege objections by failing to raise them in response to this prior set of requests. Accordingly, the court rejects Mr. O'Neal's argument that the Shaman Parties waived claims of privilege and work-product protection as to Requests 3, 4, and 6–9.

Moreover, the court disagrees with Mr. O'Neal's assertion that the Shaman Parties "failed to demonstrate that the recipients of the documents are 'privileged persons.'" (Doc. 339, p. 17). Each of the Shaman Parties' objections states the communications requested in Requests 3, 4, and 6–9 are between "counsel and representatives of the Shaman Parties." (Doc. 339, Ex. 1, pp. 2–5). The only specific individual in the Shaman Parties' privilege log[1] Mr. O'Neal claims was not previously identified is Summer Marshall. (Doc. 339, p. 6). However, as noted in the Shaman Parties' response, Summer Marshall is both specifically identified in the Shaman Parties' privilege log as

---

[1] This privilege log is an identical copy of a prior privilege log draft by Lewis Brisbois Bisgaard & Smith, LLP, which the Shaman Parties "incorporate[d] and adopt[ed]" into their response to Mr. O'Neal's requests. *See* (Doc. 339, Ex. 1).

one of "Lewis Brisbois['] attorneys, paralegals, or legal assistants," and appears

on emails between parties in this litigation. *See* (Doc. 348, Exs. 2, 3). This

information is sufficient to identify Summer Marshall under the Shaman

Parties' privilege log.[2] *See Nguyen v. Raymond James & Assoc., Inc.*, Case No.

8:20-cv-195-CEH-AAS, 2021 WL 9525212, at *2 (M.D. Fla. Aug. 12, 2021)

("When a paralegal works on behalf of a lawyer who is representing a client,

the attorney-client privilege applies to the paralegal.").

For the aforementioned reasons, the court denies Mr. O'Neal's Motion to

Compel as to Requests 3, 4, and 6–9.

### 3. Request 12

Request 12 requests "All billing records of your attorneys reflecting work

on the Settlement Agreement or any related matter pertaining to the litigation

and mediation from which the Settlement Agreement arose." (Doc. 339, p. 17).

The Shaman Parties objected to producing documents responsive to this

request on grounds of irrelevancy. (*Id.* at 17–18). Mr. O'Neal argues this

request seeks relevant documents because "[a] party who places attorney

billing records 'at issue by moving for attorney fees' waives any right to claim

that the 'billing records included communications protected by' the attorney-

---

[2] The court also takes seriously the Shaman Parties' claim that this particular issue may have been swiftly resolved had Mr. O'Neal not allegedly failed to adequately confer with the Shaman Parties before filing the present motion as required under Local Rule 3.01(g), M.D. Fla. (Doc. 348, pp. 2–3, 5).

client communication or opinion attorney-work product privileges." (Doc. 339, p. 18) (*citing Schuller v. Geovera Specialty Ins. Co.*, Case No. 8:16-cv-2606-T-35AAS, 2018 WL 11344857, at *2 (M.D. Fla. Dec. 6, 2018)).

This argument is predicated on the Shaman Parties' request for attorneys' fees as part of the damages sought in their counterclaims against Mr. O'Neal. *See* (Doc. 188). However, the Shaman Parties' counterclaims seek only the attorneys' fees "incurred in this action," meaning the attorneys' fees incurred defending itself against Mr. O'Neal's post-judgment action and pursuing its counterclaims. (Doc. 188, pp. 29–32). The Shaman parties are thus correct that Request 12 seeks irrelevant information because the documents responsive to Request 12 would include only billing records prior to the completion of the Prior Settlement Agreement (and thus months prior to the creation of any records documenting fees accrued as part of the Shaman Parties' damages claim in its counterclaim). The court thus denies Mr. O'Neal's Motion to Compel as to Request 12.

### 4. Requests 13, 14, and 16–20

Requests 13, 14, and 16–20 seek documents related to Mr. O'Neal's post-judgment action against Mr. Carnes. *See* (Doc. 339, p. 19) (stating these requests are "limited to documents addressing the time period Carnes and the Carnes' LLCs operated the transferred stores prior to October 15, 2020, and in the year immediately following."). As is more thoroughly explained in this

court's order (Doc. 360) on Mr. O'Neal's prior motion to compel (Doc. 313), Mr. O'Neal no longer has active post-judgment claims in this action and these requests are therefore irrelevant to the active claims in this litigation. The court thus denies Mr. O'Neal's Motion to Compel as to Request 13, 14, and 16–20.

## IV. CONCLUSION

For the aforementioned reasons, Mr. O'Neal's Motion to Compel (Doc. 339) is **DENIED**. If the court denies a motion to compel, the court must award the prevailing party reasonable expenses, including attorney's fees, incurred as a result of submitting the motion unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(b). The court must give the losing party an opportunity to be heard on the issue of reasonable expenses. Fed. R. Civ. P. 37(a)(5). The parties' counsel therefore must confer in good faith to stipulate to the reasonable expenses incurred. If the parties fail to stipulate, the Shaman Parties may submit a motion, supported by a declaration and any expense records, to support why the expenses they request are reasonable.

**ORDERED** in Tampa, Florida on July 12, 2023.

_Amanda Arnold Sansone_
AMANDA ARNOLD SANSONE
United States Magistrate Judge

8