UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERICAN SHAMAN FRANCHISE SYSTEM,
LLC, et al.,

    Counter-Plaintiffs,

v.                                       Case No. 8:20-cv-936-KKM-AAS

THOMAS O'NEAL,

    Counter-Defendant.
_____/

## ORDER

    Counter-defendant Thomas O'Neal requests the court shorten the deadline by which counter-plaintiffs American Shaman Franchise System, LLC (Shaman Franchise), CBD American Shaman, LLC (American Shaman), Shaman Botanicals, LLC, SVS Enterprises, LLC, Stephen Vincent Sanders II, and Francis Kalaiwaa (collectively, the Shaman Parties) must respond to a set of requests for admissions served on July 6, 2023. (Doc. 354). The Shaman Parties responded in opposition. (Doc. 366).

    On July 5, 2023, the court extended the discovery deadline in this action to July 31, 2023 and the dispositive motion deadline to August 14, 2023 to provide the parties time to abide by a slate of orders the court anticipated docketing shortly thereafter. (Doc. 353). Five days later, the court entered those orders. *See* (Docs. 357–362). Two of those orders permitted limited

1

depositions, both in scope and in duration, of attorneys David Luck and Nick Porto. The court's July 5 order extending the discovery deadlines did not contemplate or authorize additional written discovery and none of the subsequent discovery-related orders compelled or authorized further written discovery.

Mr. O'Neal's eleventh hour requests for admission appear to relate to a new defense whereby Mr. O'Neal argues the Shaman Parties' alleged failure to abide by a confidentiality provision in a settlement agreement between Mr. O'Neal and the Shaman Parties in the underlying proceeding (the Prior Settlement Agreement) moots the Shaman Parties' breach of contract counterclaim. (*Id.* at 3–4).

As the Shaman Parties point out, the Middle District Civil Discovery Handbook states "[u]ntimely discovery requests are subject to objection on that basis." (Doc. 366, p. 3) (*citing* Middle District Discovery (2021) at Section I.F). Mr. O'Neal makes no effort to explain why he serves these requests for admission now, over eighteen months after Mr. O'Neal initiated post-judgment proceedings against the Shaman Parties and nearly four months after District Judge Kathryn Kimball Mizelle reset the discovery deadline for the Shaman Parties' counterclaims. The court thus concludes Mr. O'Neal's request should be denied because this written discovery is untimely.

Additionally, the written discovery Mr. O'Neal seeks is unnecessary

2

because the court records and settlement agreement speak for themselves and the Local Rules and CM/ECF guidelines are government publications that may be judicially noticed. Further, to the extent there is a factual dispute over whether the Shaman Parties provided "prior written notice" to Mr. O'Neal or his counsel, the parties' factual positions may be addressed through declarations filed in connection with the summary judgment briefing.

Mr. O'Neal's motion to shorten the Shaman Parties' time to respond to Mr. O'Neal's request for admissions (Doc. 354) is **DENIED**.

**ORDERED** in Tampa, Florida on July 20, 2023.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge