## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**AMERICAN SHAMAN FRANCHISE SYSTEM,
LLC, et al.,**

      **Counter-Plaintiffs,**

**v.**                               **Case No. 8:20-cv-936-KKM-AAS**

**THOMAS O'NEAL,**

      **Counter-Defendant.**

_____/

### <u>ORDER</u>

Counter-plaintiffs American Shaman Franchise System, LLC (Shaman Franchise), CBD American Shaman, LLC (American Shaman), Shaman Botanicals, LLC, SVS Enterprises, LLC, Stephen Vincent Sanders II, and Francis Kalaiwaa's (collectively, the Shaman Parties) request an order directing counter-defendant Thomas O'Neal to show cause why the Shaman Parties should not be awarded expenses as the prevailing party on their motion for protective order (Doc. 340). (Doc. 347). The Shaman Parties further request that the order direct Mr. O'Neal's counsel, Kevin Graham, "to show cause why he should not be sanctioned for repeated extortionist threats against the Shaman Parties and their counsel." (*Id.* at 6).

Despite the court's order directing Mr. O'Neal to respond to the Shaman Parties' motion by July 26, 2023 (Doc. 356), Mr. O'Neal did not respond so the

court does not have the benefit of his position.

For the reasons outlined below, the Shaman Parties' motion (Doc. 347) is **GRANTED**.

## I.   BACKGROUND

This motion arises from a post-judgment dispute between Mr. O'Neal and the Shaman Parties. Mr. O'Neal initiated supplemental proceedings against the Shaman Parties on December 20, 2021. (Doc. 135). Mr. O'Neal's post-judgment complaint brought fraudulent transfer claims under Florida law against Brandon Carnes to recover the value of a judgment Mr. O'Neal obtained in the underlying proceedings. (*Id.*). Mr. O'Neal alleged the Shaman Parties were duly liable because they "received direct benefits as a consequence of the fraudulent conveyance." (*Id.* at ¶ 36).

On February 28, 2022, the Shaman Parties answered Mr. O'Neal's supplemental complaint and raised two counterclaims: a counterclaim for a declaratory judgment that a settlement agreement between Mr. O'Neal and the Shaman Parties in the underlying proceeding (the Prior Settlement Agreement) is enforceable (Count I) and a counterclaim for breach of contract by Mr. O'Neal for allegedly raising his post-judgment action against the Shaman Parties in violation of the Prior Settlement Agreement (Count II). (Doc. 188).

On July 11, 2022, District Judge Kathryn Kimball Mizelle granted

judgment on the pleadings on Mr. O'Neal's supplemental complaint in favor of the Shaman Parties, leaving the Shaman Parties' counterclaims against Mr. O'Neal as the only active claims in this action. (Doc. 230).

## II.   ANALYSIS

Mr. O'Neal served a demand letter for liability insurance information on non-party Lewis Brisbois Bisgaard and Smith (LBBS) on May 22, 2023. (Doc. 349, Ex. 1). Three days later, Mr. O'Neal served nearly identical demand letters on counsel for the Shaman Parties. (Doc. 340, Ex. 1). After the Shaman Parties moved for a protective order requesting the court bar Mr. O'Neal from obtaining this liability insurance information, Mr. O'Neal withdrew his demand letters. (Doc. 347, Exs. 1–2). Upon notifying the court of Mr. O'Neal's withdrawal, the court denied as moot the Shaman Parties' motion for protective order. (Doc. 363).

"Under Rules 26(c)(3) and 37(a)(5) . . . the Court has the discretion to impose the costs of the motion for a protective Order to the prevailing party" *Kryszak v. Chase Bank USA, N.A.*, 2008 WL 822015, *4 (W.D.N.Y. 2008) (*citing* 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2035, at 487 (Civil 2d ed.1994)). The court concludes a show cause order on the prevailing party issue is unnecessary because Mr. O'Neal's withdrawal of his demand letter (which he concedes was "the subject of [the Shaman Parties'] Motion for Protective Order") makes the Shaman Parties' the

prevailing party on their motion. (Doc. 347, Ex. 1, p. 2); *see also Marin v. JM Auto, Inc.*, No. 10-cv-61072, 2011 WL 13213838, *5 (S.D. Fla. Mar. 10, 2011) ("Without the fee-shifting provisions of Rule 37(a)(5)(A), a party could unreasonably object to discovery requests, and then withdraw those objections as soon as the opposing party expended the time and effort necessary to move to compel discovery."). As the prevailing party on the motion for protective order (Doc. 340), the Shaman Parties are entitled to reimbursement of their reasonable expenses, including reasonable attorney's fees, in bringing that motion.

The Shaman Parties also request that Attorney Graham have "to show cause why he should not be sanctioned for repeated extortionist threats against the Shaman Parties and their counsel." (Doc. 347, p. 6). The emails attached to the Shaman Parties' motion show Attorney Graham emailing the Shaman Parties on September 8, 2022, nearly two months after Mr. O'Neal's post-judgment claims were dismissed. (Doc. 347, Ex. 3). Despite Mr. O'Neal's post-judgment claims being dismissed, Attorney Graham's email threatens to file "class action recission claims," stating "this is not my first rodeo and I have personally witnessed the carnage that can happen. This conspiracy can destroy everything [Stephen Vincent Sanders II] has worked so hard to build." (*Id.* at 3). In a subsequent email later that day, Attorney Graham claimed these statements were "[j]ust settlement negotiations." (*Id.*). But not two weeks

later, on September 22, 2022, Attorney Graham threatened to raise claims against the Shaman Parties relating to a "pattern of criminal activity" and "pattern of racketeering activity." (Doc. 347, Ex. 4, p. 3).

Mr. O'Neal and Attorney Graham thereafter filed multiple motions to amend the previously-dismissed post-judgment complaint with new causes of action that the court interpreted as "an attempt at maneuvering around the court's order" dismissing Mr. O'Neal's original post-judgment complaint. (Doc. 273, p. 11). The court concluded the "over a year and a half" delay between entering into the Prior Settlement Agreement (Doc. 65) and raising the new causes of action raised "at least the specter of undue delay, bad faith and dilatory motive." (Doc. 273, p. 12). Attorney Graham's emails only add to the troubling nature of his and Mr. O'Neal's litigation of this case. The Shaman Parties' motion and Mr. O'Neal's lack of opposition establishes a need for an order requiring Mr. O'Neal's counsel, Kevin Graham, to show cause why he should not be sanctioned for the litigation conduct referenced in the Shaman Parties' motion.

## III.  CONCLUSION

The Shaman Parties' Motion for Sanctions and Orders to Show Cause (Doc. 347) is **GRANTED**. The parties' counsel must confer in good faith to stipulate to the reasonable expenses incurred by the Shaman Parties' relating to their motion for a protective order (Doc. 340). If the parties fail to stipulate,

the Shaman Parties may submit a motion, supported by a declaration and any expense records, to support why the expenses they request are reasonable.

Further, Attorney Graham must **SHOW CAUSE** by **August 21, 2023** why he should not be sanctioned for the litigation conduct referenced in the Shaman Parties' motion (Doc. 347) and its attached emails. Failure to do so may result in further sanctions.

**ORDERED** in Tampa, Florida on August 3, 2023.

AMANDA ARNOLD SANSONE
United States Magistrate Judge