UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERICAN SHAMAN FRANCHISE
SYSTEM, LLC, et al.,

    Counter-Plaintiffs,

v.                                                              Case No: 8:20-cv-00936-KKM-AAS

THOMAS O'NEAL,

    Counter-Defendant.
_____

## ORDER

Counter-Defendant Thomas O'Neal moves to reconsider two of this Court's orders. 3d Mot. for Reconsideration (Doc. 402). The first order granted Counter-Plaintiffs' motion for judgment on the pleadings on O'Neal's supplemental complaint, (Doc. 230), and the second order denied a pair of motions for leave to amend, (Doc. 273). O'Neal's most recent motion represents at least his third request, over the course of this litigation, that the Court reconsider these orders. *See* (Docs. 235, 279, 288). The Court has denied each one. *See* (Docs. 240, 284, 292). Denial of this motion is also appropriate, as none of O'Neal's arguments, old or new, justify reconsideration. That is all the more true given that O'Neal's motion is largely duplicative of already-litigated issues and was filed months after the July 11, 2022, and January 30, 2023, orders that he requests I reconsider. Thus, and for

substantially similar reasons as the Court has elaborated on elsewhere, O'Neal's latest "attempt at maneuvering around the [C]ourt's order granting [Counter-Plaintiffs'] motion for judgment on the pleadings" is denied. (Doc. 273) at 11.

## I. BACKGROUND

This motion, like the last two years of this litigation, arises out of O'Neal's post-judgment supplemental complaint. *See* (Doc. 135). After O'Neal amended the supplemental complaint in January 2022, *see* (Doc. 161), Counter-Plaintiffs answered, asserting a counterclaim for breach of contract and an affirmative defense that O'Neal's claims were barred by a settlement agreement between the parties, *see* (Docs. 180, 188). Counter-Plaintiffs also moved for judgment on the pleadings based on the settlement agreement, (Doc. 184), which the Court granted on review of the Magistrate Judge's Report and Recommendation, (Doc. 230). O'Neal moved for reconsideration of that order under Rules 59 and 60, (Doc. 235), which the Court denied, (Doc. 240).

About a month after the Court granted judgment on the pleadings, O'Neal moved for leave to amend his supplemental complaint to add a rescission claim. (Doc. 241). Several months later, O'Neal renewed that motion to try to add several more claims. (Doc. 272). The Court denied both motions in an omnibus order, concluding that O'Neal had not met even the "low threshold" for amendment under Federal Rule of Civil Procedure 15(a). (Doc. 273) at 7. The Court explained that the rescission claim making up O'Neal's

initial proposed amendment "suffered from severe fatal factual flaws," *id.* at 8, and was not adequately pleaded, *id.* at 7–10. The Court also determined that O'Neal's second proposed amendment "appear[ed] to be an attempt at maneuvering around the [C]ourt's order granting [Counter-Plaintiffs'] motion for judgment on the pleadings." *Id.* at 11. Noting O'Neal's lack of justification for raising a host of new claims and affirmative defenses nearly a year after filing the supplemental complaint, the Court denied the motion after concluding that the "unexplained delay . . . raise[d] at least the specter of undue delay, bad faith, and dilatory motive." *Id.* at 12. O'Neal moved to reconsider this order too, (Doc. 279), which the Court also denied, (Doc. 284).

Less than two weeks later, O'Neal again moved to "revisit" the order granting judgment on the pleadings and several follow-on orders, including the orders denying leave to amend and reconsideration. (Doc. 288) at 1. Again, the Court denied reconsideration, explaining that it "ha[d] repeatedly denied O'Neal's requests to re-visit [the order for judgment on the pleadings and follow-on orders]." (Doc. 292). O'Neal's arguments, the Court concluded, still failed to "show that 'exceptional circumstances' justif[ied] the

3

'extraordinary remedy' of providing relief from an order." *Id.* (quoting *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)).

More than seven months after his last motion on this subject, O'Neal yet again moves to reconsider the Court's underlying orders, largely repeating arguments that have already been rejected.

## II.   LEGAL STANDARD

Reconsideration under Rule 60(b) is an "extraordinary remedy" committed to the discretion of the Court. *Griffin*, 722 F.2d at 679–80. To justify such relief, a "movant[] for reconsideration must show 'extraordinary circumstances justifying the reopening of a final judgment.'" *F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 65 (11th Cir. 2013) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).[1]

## III.   ANALYSIS

O'Neal's motion is meritless for three reasons. First, the motion repeats O'Neal's argument from a previously denied request that the Court improperly converted Counter-

---

[1] Although O'Neal purports to move under Rule 54(b), 3d Mot. for Reconsideration at 6, that rule merely allows district courts to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties" in actions that present more than one claim for relief or involve multiple parties. FED. R. CIV. P. 54(b). It does not merit a different substantive analysis than a motion properly brought under Rule 60(b). *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, 10 FEDERAL PRACTICE & PROCEDURE § 2654 (4th ed. Apr. 2023 Update) ("The basic purpose of Rule 54(b) is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available." (footnote omitted)). This underscores the duplicative nature of O'Neal's motion, which so understood represents at least the third Rule 60(b) motion challenging the complained-of orders. *See* (Docs. 235, 279, 288).

4

Plaintiffs' motion for judgment on the pleadings into a motion for summary judgment. *Compare* (Doc. 288) at 8–15 (arguing for reconsideration based on a claim that the Court wrongly converted Counter-Plaintiffs' motion for judgment on the pleadings into a motion for summary judgment), *with* 3d Mot. for Reconsideration at 7–9 (same). This argument did not justify reconsideration when O'Neal last argued it in March 2023, *see* (Doc. 292), and it does not justify reconsideration today.

Second, O'Neal's argument that the Court failed to treat the settlement agreement as an affirmative defense is both untimely and wrong. O'Neal does not even try to explain why he could not have made this argument in one of his many previous reconsideration motions, rather than waiting most of a year to do so now. As the Court has observed, such an unexplained delay "raises at least the specter of undue delay, bad faith, and dilatory motive," especially when the newly unearthed argument is purely legal. (Doc. 273) at 12; *see also* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, 11 FEDERAL PRACTICE & PROCEDURE § 2857 (3d ed. Apr. 2023 Update) ("Equitable principles may be taken into account by a court in the exercise of its discretion under Rule 60(b)." (footnote omitted)). Regardless of the equities, however, the Court did not fail to treat the settlement agreement as an affirmative defense. Rather, the Court granted judgment on the pleadings based on O'Neal's operative complaint and Counter-Plaintiffs' operative answer and motion, the latter of which included the settlement agreement as an attachment. (Doc. 230); *see*

5

WRIGHT & MILLER, 5C FEDERAL PRACTICE & PROCEDURE § 1368 (3d ed. Apr. 2023 Update) ("If the affirmative defense clearly is established in the pleadings . . . then a judgment on the pleadings may be appropriate." (footnote omitted)); *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340 n.12 (11th Cir. 2014) ("[O]n a motion for judgment on the pleadings, documents that are not a part of the pleadings may be considered, as long as they are central to the claim at issue and their authenticity is undisputed.").

Finally, O'Neal's argument that he should have been allowed to further amend his supplemental complaint has already been rejected twice. As the Court explained in its initial reconsideration order on this subject, it "denied Mr. O'Neal's motion for two reasons: (1) because Mr. O'Neal failed to adequately plead certain claims . . . ; and (2) because the time and manner in which Mr. O'Neal filed his motions to amend raised at least the specter of undue delay, bad faith, and dilatory motive such that leave to amend was not warranted under Federal Rule of Civil Procedure 15." (Doc. 284) at 7 (cleaned up). Nothing in O'Neal's most recent motion changes that analysis, or the Court's conclusion that reconsideration is not appropriate.

Thus, O'Neal's motion should be denied. Counter-Plaintiffs also request that the Court order O'Neal's counsel, Kevin H. Graham, to pay their costs and reasonable attorney's fees incurred in responding to the motion under 28 U.S.C. § 1927. (Doc. 403) at 3. "Attorney's fees may be awarded under [§ 1927] when an attorney multiplies the

proceedings in any case unreasonably and vexatiously." *Squitieri v. Nocco*, No. 8:19-cv-906-KKM-AAS, 2022 WL 1136885, at *2 (M.D. Fla. Apr. 18, 2022) (quotations omitted). "An attorney multiplies the proceedings unreasonably and vexatiously only when the attorney's conduct is so egregious that it is tantamount to bad faith." *Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010) (quotations omitted). Bad faith in this context "is an objective standard that is satisfied when an attorney knowingly or recklessly pursues a frivolous claim." *Id.* In filing a third reconsideration motion raising largely duplicative arguments, despite the Court having resolved these issues against O'Neal at least twice before, Graham both acted "unreasonably and vexatiously" and multiplied the already extensive proceedings in this case. Indeed, the Court has identified a consistent pattern of "attempt[s] at maneuvering around the [C]ourt's order granting . . . judgment on the pleadings" throughout this litigation. (Doc. 273) at 11.

These repeated attempts to sidestep the Court's previous decisions, of which the pending motion is only the most recent, have vastly multiplied the proceedings and amounted to an incredible waste of judicial and legal resources. Under these circumstances, holding Graham liable for Counter-Plaintiffs' reasonable costs and attorney's fees is appropriate under § 1927.

7

## IV. CONCLUSION

Accordingly, O'Neal's motion for reconsideration is **DENIED**. Counter-Plaintiffs' request for costs and reasonable attorney's fees under 28 U.S.C. § 1927 is **GRANTED**. The Court assesses the excess costs and attorney's fees that Counter-Plaintiffs incurred in responding to the motion against O'Neal's counsel, Kevin H. Graham. Counter-Plaintiffs are thus **DIRECTED** to file a Supplemental Motion on Amount under Local Rule 7.01(c) within forty-five days of this Order.

**ORDERED** in Tampa, Florida, on November 8, 2023.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge