UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS O'NEAL,

    Plaintiff,

v.                               Case No. 8:20-cv-936-KKM-AAS

AMERICAN SHAMAN FRANCHISE SYSTEM,
LLC; CBD AMERICAN SHAMAN,
LLC; SHAMAN BOTANICALS, LLC;
SVS ENTERPRISES, LLC; STEPHEN
VINCENT SANDERS II; BRANDON CARNES;
and FRANCIS KALAIWAA,

    Defendants.
_____/

## ORDER

Plaintiff Thomas O'Neal moves, for the second time, for the court to determine the applicability of the crime-fraud exception to communications and work-product produced by Defendants American Shaman Franchise System, LLC (Shaman Franchise), CBD American Shaman, LLC (American Shaman), Shaman Botanicals, LLC, SVS Enterprises, LLC, Stephen Vincent Sanders II, and Francis Kalaiwaa's (collectively, the Shaman Defendants) and their attorneys. (Doc. 398). The Shaman Defendants respond in opposition. (Doc. 401). For the reasons set forth below, Mr. O'Neal's second motion to determine the applicability of the crime-fraud exception (Doc. 398) is **DENIED**.

1

The undersigned denied Mr. O'Neal's first request for an order determining the applicability of the crime-fraud exception on substantive grounds. (Doc. 286). Mr. O'Neal contends this second attempt cures the defects from his first. (Doc. 398, p. 4). Specifically, Mr. O'Neal claims the court denied his first request as "premature" and for failure to identify specific documents. (*Id.*). Similar to his first motion, there are fatal defects in Mr. O'Neal's second motion. First, the court did not deny Mr. O'Neal's first attempt for being premature. (Doc. 286, pp. 6–9). All the reasons for the substantive denial the first time around persist.

Second, although Mr. O'Neal attempts to identify with more specificity which documents he believes should be exempted from attorney-client and work product privileges, he also asks for "all otherwise privileged attorney-client written or oral communications." (Doc. 398, p. 4). Mr. O'Neal gives one example, the "withheld emails," but asserts the crime-fraud exception just as blanketly as in his first motion. As explained in the court's previous order (Doc. 286, p. 8), it is improper to apply the crime-fraud exception to such a broad category without proof that each item relates to criminal or fraudulent activity. *See Drummond Co., Inc. v. Conrad & Scherer*, 885 F.3d 1324, 1338 (11th Cir. 2018) ("[F]or the crime-fraud exception to apply, a court must find that the *specific document or testimony* that the court is ordering to be produced reflects work of the attorney that was performed in furtherance of

2

the criminal or fraudulent activity or that was closely related to it.") (emphasis added).

Most importantly, Mr. O'Neal has again failed to establish a prima facie basis for applying the crime-fraud exception. The undersigned previously explained:

> Mr. O'Neal fails to establish a prima facie basis for granting any crime-fraud exception to the attorney-client privilege in this matter. Much of the allegations Mr. O'Neal raises in his motion to substantiate his claims of fraud are just that — allegations, unsupported beyond bare reference to public state financial disclosure documents and exhibits filed by both parties as part of this postjudgment action. The undersigned has previously concluded the Shaman Defendants "provided a plausible and legitimate explanation for the reacquisition of the Transferred Stores." (Doc. 215, p. 22). Nothing in Mr. O'Neal's motion presently rebuts that explanation sufficient to substantiate "a prima facie showing that the client was engaged in criminal or fraudulent conduct when he sought the advice of counsel, that he was planning such conduct when he sought the advice of counsel, or that he committed a crime or fraud subsequent to receiving the benefit of counsel's advice." *Drummond*, 885 F.3d at 1335 (citing *In re Grand Jury Investigation*, 842 F.2d 1223, 1226 (11th Cir. 1987)).

(Doc. 286, p. 9). Mr. O'Neal fails to argue any new information or evidence to change the undersigned's prior conclusion that he fails to establish a prima facie showing that the Shaman Defendants were engaged in crime or fraud. Further, Mr. O'Neal has not shown that the Shaman Defendants obtained attorney assistance in furtherance of any crime or fraud.

Last, it is again worth noting that Mr. O'Neal has not had any active claims against the Shaman Defendants since the court granted the Shaman Defendants' motion for judgment on the pleadings. (Docs. 184, 230). With his fraudulent transfer claims adjudicated, the information he seeks to compel with a determination that the crime-fraud exception applies would need to be relevant to an active claim. Mr. O'Neal does not argue, and it is entirely unclear, how his allegations would be relevant to the only active claims left in the case – the Shaman Defendants' counterclaims.

Therefore, Mr. O'Neal's second motion to determine the applicability of the crime fraud exception (Doc. 398) is **DENIED**.

**ORDERED** in Tampa, Florida on March 15, 2024.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge