UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS O'NEAL,

     Plaintiff,

v.                                                         Case No: 8:20-cv-00936-KKM-AAS

AMERICAN SHAMAN FRANCHISE
SYSTEM, LLC, CBD AMERICAN
SHAMAN, LLC, SHAMAN BOTANICALS,
LLC, SVS ENTERPRISES, LLC, STEPHEN
VINCENT SANDERS II, BRANDON
CARNES, and FRANCIS KALAIWAA,

     Defendants.

_____

## ORDER

In April 2021, Thomas O'Neal settled claims against a group of Defendants (collectively, the Shaman Defendants) related to his efforts to open several new American Shaman CBD stores in Florida. (Doc. 65). Eight months later, O'Neal filed a supplemental complaint in aid of execution of a default judgment against a different group of Defendants, claiming that the Shaman Defendants made fraudulent transfers to help the defaulted Defendants evade enforcement. Supplemental Compl. (Doc. 135). The Shaman Defendants counterclaimed that O'Neal breached the settlement agreement by filing the supplemental complaint. 2d Shaman Counterclaim (Doc. 188) at 19–34.

After the Magistrate Judge issued a Report and Recommendation, I granted the Shaman Defendants judgment on the pleadings as to O'Neal's supplemental claims, leaving only the counterclaims. (Doc. 230). Recently, the Magistrate Judge entered four orders resolving the Parties' final tranche of discovery motions, *see* (Docs. 360–61, 374–75), and issued a Report and Recommendation on the Parties' cross-motions for summary judgment, *see* R&R (Doc. 410). O'Neal objected to each of the discovery orders and to the Report and Recommendation. (Docs. 376–77, 379, 382, 411). After carefully considering O'Neal's objections, I affirm the Magistrate Judge's rulings in three of the four discovery orders and adopt the Report and Recommendation in full.

## I.   BACKGROUND

### A. Procedural Background

In April 2020, O'Neal sued a large group of defendants, including the Shaman Defendants, for acts related to American Shaman's efforts to expand its hemp-based CBD business in Florida. *See* Compl. (Doc. 1); Am. Compl. (Doc. 6). After a year of litigation, O'Neal settled his claims against the Shaman Defendants and the parties jointly stipulated to dismiss the claims with prejudice. *See* (Docs. 65, 72). O'Neal obtained a default judgment against other Defendants, including Brandon Carnes. *See* (Docs. 58, 76–78).

In December 2021, O'Neal filed a supplemental complaint against the Shaman Defendants in aid of execution of his default judgment. Supplemental Compl. The

supplemental complaint alleged that the Shaman Defendants had engaged in fraudulent transfers to help Carnes evade O'Neal's efforts to enforce his judgment. *See generally id.* The Shaman Defendants counterclaimed for declaratory judgment and breach of the settlement agreement. *See* 2d Shaman Counterclaim at 19–33. The counterclaim requested that I hold O'Neal and his attorney jointly and severally liable for the Shaman Defendants' attorney's fees based on an allegation that both men acted in bad faith and knew that the claims in the supplemental complaint were barred by the settlement agreement. *See id.* at 32–33.

In July 2022, on review of objections to the Magistrate Judge's report and recommendation, *see* (Docs. 184, 213, 224), I granted the Shaman Defendants judgment on the pleadings with respect to O'Neal's supplemental claims, *see* (Doc. 230). Since that order, the Parties have extensively litigated the Shaman Defendants' counterclaims. O'Neal has also repeatedly attempted to relitigate already-decided issues. *See, e.g.,* (Doc. 404) at 1 (denying motion to reconsider because "none of O'Neal's arguments, old or new, justify reconsideration," especially given that "O'Neal's motion is largely duplicative of already-litigated issues and was filed months after [the orders] that he requests I reconsider").

All matters are now ripe. The Magistrate Judge has decided the last remaining evidentiary issues, (Docs. 360–61, 374–75), discovery has closed, *see* (Doc. 353), and the

Parties have cross-moved for summary judgment on the counterclaims, (Docs. 385, 390).

The Magistrate Judge issued a report and recommendation with respect to the cross-

motions recommending that both motions should be granted in part and denied in part,

R&R, and O'Neal's objections are ripe, *see* (Docs. 376–77, 379, 382, 411).

### B. Factual Background

O'Neal's objection to the Magistrate Judge's Report and Recommendation turns on

the settlement agreement's confidentiality provision. That provision states:

> As consideration and inducement for this settlement, all terms of the settlement and this document will be held in strict confidence by all parties to this action, including but not limited to the O'Neal and O'Neal's attorneys, agents, representatives and relations. The parties and their attorneys agree to keep the terms of this settlement in confidence and not to publish, advertise, disclose, disseminate or reveal the settlement amount, terms and/or conditions to anyone, including, but not limited to, any non-party attorneys, publishers, advertisers, websites, web publications, internet publications, media outlets, representatives of the media (which include but are not limited to printed media (such as newspapers), internet media and radio media), legal or other journals or periodicals, legal publications and ATLA publications, in the absence of a court order compelling them to do so and not without prior written notice to the other parties' attorneys. All parties acknowledge that this requirement of confidentiality is a material term of the settlement of this litigation and that any failure to fully and completely comply with the confidentiality requirement may subject the offending party to legal damages, including sanctions. By way of clarification, however, all parties may be allowed to disclose the terms of this settlement to a court in order to obtain an order seeking enforcement of the settlement, only or as required by law and only to the minimal extent necessary to state and federal tax authorities, officers of the court, lienholders, related caregivers, and bill collectors. Out of the settlement payments being made herein, One Hundred Dollars ($100.00) is being paid to the O'Neal as consideration for entering into this confidentiality agreement and Shaman

agrees that these payments are adequate consideration for entering into the confidentiality agreement.

*See* Shaman Statement of Facts (Doc. 391) ¶ 24; Settlement Agreement (Doc. 391-11) ¶ 4.1.

The only other relevant facts are as follows: On September 21, 2021, O'Neal initiated an action for registration of a default judgment in the Western District of Missouri. Shaman Statement of Facts ¶ 34. O'Neal issued subpoenas to several Shaman Defendants related to his fraudulent transfer theories and later moved to compel. *Id.* ¶¶ 35–36. In support of their opposition, the Shaman Defendants filed a redacted version of the settlement agreement on the public docket. *Id.* ¶¶ 37–40. The motion was eventually denied without prejudice based on the Court's understanding that O'Neal "appear[ed] to no longer be pursuing enforcement of the subpoena." *Id.* ¶ 41. The Shaman Defendants also filed a redacted copy of the settlement agreement in this Court as an attachment to their opposition to O'Neal's motion for leave to file a supplemental complaint. *Id.* ¶¶ 42–44; *see also* (Doc. 119-6). It is undisputed that the Shaman Defendants did not provide O'Neal's counsel with prior written notice before filing the redacted settlement agreement in the Missouri action. O'Neal Statement of Facts (Doc. 388) ¶ 4.

## II.   LEGAL STANDARDS

### A. Objections to the Magistrate Judge's Discovery Orders

Rule 72 permits objection to a magistrate judge's non-dispositive orders and provides that "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). The clear error standard is highly deferential. *Cf. Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005). For a finding to be clearly erroneous, the district court must be "left with the definite and firm conviction that a mistake has been committed." *Id.*

Additionally, magistrate judges are afforded substantial discretion in resolving non-dispositive pretrial discovery orders. *See Jordan v. Comm'r, Mississippi Dep't Corr.*, 947 F.3d 1322, 1327 (11th Cir. 2020); *see also* Local Rule 1.02(a); *In re Authority of United States Magistrate Judges in the Middle District of Florida*, No. 8:20-mc-100 (M.D. Fla. Oct. 29, 2020) (Doc. 3). Thus, for a non-dispositive discovery ruling to merit reversal, the objecting party must show that the "ruling resulted in substantial harm to [that party's] case." *See Staley v. Owens*, 367 F. App'x 102, 104 (11th Cir. 2010) (per curiam); *Burke v. Bowens*, 654 F. App'x 683, 690 (11th Cir. 2016) (per curiam) (applying the substantial

harm standard to a district court's affirmance of a magistrate judge's non-dispositive discovery order).

## B. Summary Judgment

Summary judgment is appropriate if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A fact is material if it might affect the outcome of the suit under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The movant always bears the initial burden of informing the district court of the basis for its motion and identifying those parts of the record that demonstrate an absence of a genuine issue of material fact. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). When that burden is met, the burden shifts to the nonmovant to present evidentiary materials (e.g., affidavits, depositions, exhibits, etc.) demonstrating that there is a genuine issue of material fact which precludes summary judgment. *Id.* A moving party is entitled to summary judgment if the nonmoving party "fail[s] to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court reviews the record evidence as identified by the parties and draws all legitimate inferences in the nonmoving party's favor. *See Sconiers v. Lockhart*, 946 F.3d 1256, 1262 (11th Cir. 2020); *Reese v. Hebert*, 527 F.3d 1253, 1268 (11th Cir. 2008).

## III.   ANALYSIS

I begin by addressing O'Neal's objections to the discovery orders before turning to the report and recommendation on summary judgment.

### A. Document 360: Order Denying Motion to Compel

First, the Magistrate Judge denied O'Neal's motion to compel the production of documents responsive to his second request for production. (Docs. 313, 360). "Each request ask[ed] for documents related to Mr. O'Neal's pursuit of post-judgment claims against Mr. Carnes." (Doc. 360) at 3. The Magistrate Judge denied the motion because, rather than show such discovery was relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26,[1] O'Neal wrongly invoked Rule 69(a), which allows judgment creditors to "obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located" "[i]n aid of the judgment or execution." FED. R. CIV. P. 69(a)(2). The Magistrate Judge explained that Rule 69(a)(2) was inapplicable because, in the light of my order granting the Shaman Defendants' motion for judgment on the pleadings as to O'Neal's

---

[1] Because the only remaining claims are the Shaman Defendants' counterclaims for declaratory judgment and breach of contract, there is no way that O'Neal could show that documents related to his pursuit of post-judgment discovery against Carnes were relevant or proportional to the needs of the case. (Doc. 360) at 5–6. But even if O'Neal could meet this burden, he has made no effort to do so. *See id.*

supplemental complaint, "O'Neal no longer ha[d] active post-judgment claims in this action." (Doc. 360) at 4.

O'Neal objects to the ruling on two grounds. First, he argues that he need not meet the ordinary requirements of Rule 26 to show that his proposed discovery is relevant and proportional because Rule 69 controls. (Doc. 376) at 10–11. Second, he argues that the Shaman Defendants' objections to his discovery requests should have been overruled because the objections did not comply with Rule 34(b)(2)(C)'s procedural requirements. *Id.* at 11–12. Neither objection is meritorious.

Rule 69(a)(2) applies when deployed "[i]n aid of the judgment or execution." FED. R. CIV. P. 69(a)(2). For the almost two years since I granted judgment on the pleadings as to O'Neal's supplemental claims, this has ceased to be a suit "[i]n aid of the judgment or execution"—only the Shaman Defendants' counterclaims remain, and those have nothing to do with the default judgment against Carnes or O'Neal's efforts to enforce it. O'Neal has cited no authority where a judgment creditor filed a supplemental complaint in aid of execution based on independent fraudulent transfer claims, had judgment entered against him on those claims, and yet still had a right to seek discovery under Rule 69(a)(2). That makes sense—the "independent action" in aid of execution is no more. *Cf. Jackson-Platts v. Gen. Elec. Cap. Corp.*, 727 F.3d 1127, 1138–39 (11th Cir. 2013) ("Quite simply,

Florida's courts have treated a [Florida fraudulent transfer] supplementary proceeding as a substantive, independent action." (footnote omitted)).

Second, O'Neal's own authority and the plain text of Rule 69(a)(2) show that, even if the rule applied here, O'Neal may not simply ignore Rule 26. *See* FED. R. CIV. P. 69(a)(2) (providing that a judgment creditor may seek post-judgment discovery "*as provided in these rules* or by the procedure of the state where the court is located" (emphases added)); *see* (Doc. 376) at 10 (citing *United States v. S. Cap. Constr., Inc.*, No. 8:16-cv-705, 2018 WL 7017412, at *2-3 (M.D. Fla. Sept. 24, 2023) (analyzing motion to quash under Rule 26 in a case in which Rule 69(a)(2) also applied).

Finally, O'Neal cannot show that the failure to receive this discovery substantially harmed his case because information about Carnes and any allegedly fraudulent transfers has nothing to do with the Shaman Defendants' counterclaims. No amount of post-judgment discovery into Carnes's finances can change the meaning of the settlement agreement or whether either party committed a material breach. Thus, any error would have been harmless. *See Staley*, 367 F. App'x at 104; *Burke*, 654 F. App'x at 690. The lack of substantial harm likewise dooms O'Neal's second objection.

### B. Document 361: Order Denying Motion to Compel

Second, the Magistrate Judge denied a different motion to compel responses to O'Neal's third request for production. (Docs. 339, 361). Several of the requests, like those

discussed above, sought "documents related to Mr. O'Neal's post-judgment action against Mr. Carnes." (Doc. 361) at 7. Because O'Neal's objections and arguments on that issue are identical to the ones I rejected above, I reject them here as well. And none of the other objections, *see id.* at 3–7; (Doc. 377) at 5–11, fare any better.

As to O'Neal's requests for drafts of the settlement agreement, information sufficient to identify the drafter of any proposed edits, and various communications related to the settlement agreement, the Shaman Defendants produced responsive documents and otherwise asserted the attorney-client and work-product privileges. *See* (Doc. 377) at 5–6, 8–10. O'Neal's objection lacks clarity, but he appears to argue that the Magistrate Judge should have allowed him to inspect the Shaman Defendants' computer systems to look for additional responsive documents. *Id.* at 6–8, 10–11. Indeed, it remains unclear if some of O'Neal's disagreements are really objections. *See id.* at 10–11. In any case, O'Neal never explains why he would be entitled to more than the Shaman Defendants produced, nor does he mount any real attack on either the asserted privileges or the Magistrate Judge's substantive grounds for denying the motion to compel. Absent such arguments, O'Neal's objections fail.

### C. Document 374: Order Granting Motion for Protective Order

Next is the Magistrate Judge's order granting nonparty Lewis Brisbois Bisgaard & Smith, LLP's motion for a protective order barring O'Neal from executing demand letters

seeking liability insurance information from the firm. (Docs. 349, 374). O'Neal argues that he was entitled to Lewis Brisbois's insurance information as a "claimant" under § 627.4137, FLA. STAT. *See* (Doc. 382) at 11–13. The statute provides that "the insured, . . . upon written request of the claimant or the claimant's attorney, shall disclose the name and coverage of each known insurer to the claimant and shall forward such request for information as required by this subsection to all affected insurers." § 627.4137(1), FLA. STAT. "The insurer shall then supply the information required in this subsection to the claimant within 30 days of receipt of such request." *Id.* O'Neal also argues that the demand letter was not discovery governed by Rules 26 or 37. *Id.* at 13–14.

I need not address the merits of O'Neal's arguments because the motion for protective order was mooted on June 28, 2024, when Lewis Brisbois informed the Court that O'Neal had withdrawn the demand letters. *See* (Doc. 351) at 2–3. Because the underlying controversy is moot, the Magistrate Judge's order resolving the motion and awarding Lewis Brisbois expenses under Rule 37 is vacated as moot, which in turn moots O'Neal's objection. Under these circumstances, I conclude that it would be unjust to award Rule 37 expenses to either party. *See* FED. R. CIV. P. 37(a)(5) (requiring that the court not award expenses if the "circumstances make an award of expenses unjust").

12

### D. Document 375: Order Granting Motion to Compel

Finally, the Magistrate Judge granted the Shaman Defendants' motion to compel O'Neal's current and former counsel, attorneys Scott Terry and Kevin Graham, to sit for depositions. (Docs. 364, 375). The Magistrate Judge granted this relief after granting O'Neal's opposed motions to compel depositions of current and former counsel for the Shaman Defendants, David Luck and Nicholas Porto, *see* (Docs. 358–59), on the theory that O'Neal had "injected" counsel's role in drafting the settlement agreement by raising a defense that Graham "was not part of the negotiations of the Prior Settlement Agreement and thus did not know it barred Mr. O'Neal from raising his post-judgment action," supported by declarations from Terry to that effect. (Doc. 375) at 6; *see also id.* at 3–7. O'Neal objects, arguing that the Magistrate Judge erred by failing to apply a test from the Eighth Circuit, that the attorneys' testimony was privileged, and that the testimony was not crucial to the Shaman Defendants' counterclaims. (Doc. 379) at 10–18. The Shaman Defendants argue that this objection is moot because, despite a court order extending the discovery deadline solely to take the attorney depositions, *see* (Doc. 353), none of the depositions ever occurred and discovery subsequently closed, *see* (Doc. 389) at 3–4.

I agree with the Shaman Defendants. The extended discovery deadline closed without either party moving for a further extension and the Parties' cross-motions for summary judgment are fully briefed. And neither party is substantially disadvantaged

because neither took attorney depositions. O'Neal's objection is moot. The Shaman Defendants request that I award them expenses under Rule 37 because O'Neal's objections were not substantially justified given that they were filed after the close of discovery. (Doc. 389) at 9. That issue is referred to the Magistrate Judge.

### E. Document 414: Report and Recommendation on Cross-Motions for Summary Judgment

O'Neal asserts two objections to the Magistrate Judge's Report and Recommendation. *See* Objections (Doc. 411). First, he argues that the Magistrate Judge wrongly rejected his contention that, by filing a redacted copy of the settlement agreement on the public docket in the Missouri action, the Shaman Defendants materially breached. *Id.* at 6–15. Second, he objects that the Magistrate Judge mischaracterized his argument by failing to include his contention that the Missouri disclosure was made without prior written notice. *Id.* at 15.

I begin with the second objection. To the degree that this discussion should even be considered an objection, I understand O'Neal to take issue with the Magistrate Judge's phrasing of his lack-of-prior-written-notice theory of material breach in the Missouri action. To be sure, the Magistrate Judge did not restate O'Neal's precise notice argument as to the Missouri disclosure. R&R at 13–14. But she expressly acknowledged the argument as to similar disclosures in this case in the same sentence, and there is no sign that her conclusion that the Shaman Defendants did not materially breach relied on

14

treating the Missouri disclosure differently. *See id.* Regardless, the point is moot because I consider and reject O'Neal's prior written notice argument, including as to the Missouri disclosure, on contract interpretation grounds below.

O'Neal's main objection is to the rejection of his argument that the Shaman Defendants materially breached when they filed a redacted copy of the settlement agreement on the public docket in the Missouri action without providing prior written notice to O'Neal's counsel. Objections at 6–15. This argument fails because it depends on an incorrect interpretation of the confidentiality provision.

As fully set out above, the general obligations clause requires the Parties "to keep the terms of this settlement in confidence and not to publish, advertise, disclose, disseminate or reveal the settlement amount, terms and/or conditions to anyone, including, but not limited to, [a list of entities] in the absence of a court order compelling them to do so and not without prior written notice to the other parties' attorneys." Settlement Agreement ¶ 4.1. That language is broad and unequivocal—if it were the only language in the confidentiality provision, O'Neal might well have a point.

But the general clause is followed—two sentences later—by a carveout that narrows the Parties' general obligations: "*By way of clarification, however, all parties may be allowed to disclose the terms of this settlement to a court in order to obtain an order seeking enforcement of the settlement*, only or as required by law and only to the minimal extent

15

necessary to state and federal tax authorities, officers of the court, lienholders, related caregivers, and bill collectors." *Id.* (emphases added). The Shaman Defendants and the Magistrate Judge both read this more specific language to establish an exception to the general clause's prior written notice requirement. *See* R&R at 13–14; Resp. (Doc. 413) at 2–8. I agree with both.

Under Florida law, which governs the settlement agreement's interpretation, "when 'provisions of a contract conflict . . . a specific provision dealing with a particular subject will control over a different provision dealing only generally with that same subject.' " *Hunters Run Prop. Owners Ass'n, Inc. v. Centerline Real Est., LLC*, No. 20-11800, 2023 WL 2707318, at *8 (11th Cir. Mar. 30, 2023) (quoting *Idearc Media Corp. v. M.R. Friedman & G.A. Friedman, P.A.*, 985 So. 2d 1159, 1161 (Fla. 3d DCA 2008) (Lagoa, J.), and citing Restatement (Second) of Contracts § 203 (Am. L. Inst. 1981)).

The settlement agreement contains two conflicting clauses regarding the Parties' confidentiality obligations, one general and the other specific. The general clause imposes a broad obligation that applies to all potential recipients "in the absence of a court order compelling [disclosure] and not without prior written notice to the other parties' attorneys." Shaman Statement of Facts ¶ 24. But that obligation is qualified by the more specific carveout clause, expressly offset with the phrase "[b]y way of clarification, however," to highlight the contradiction. *Id.* And the carveout clause, within its scope, is permissive—

16

it provides that "*all parties may be allowed to disclose the terms of this settlement to a court in order to obtain an order seeking enforcement of the settlement.*" *Id.* (emphases added). The ordinary meaning of this language, taken in context, is a limited exception for certain disclosures to the general clause's more rigorous procedural requirements. Indeed, it could not be anything else without being superfluous, as courts are already within the unlimited universe of potential disclosures covered by the general clause's "including, but not limited to" language. *See Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscaping Servs., Inc.*, 556 F.3d 1232, 1242 (11th Cir. 2009) (explaining that, under Florida contract law, courts "must read [a] contract to give meaning to each and every word it contains" and "avoid treating a word as redundant or mere surplusage if any meaning, reasonable and consistent with other parts, can be given to it." (quotations omitted)).

A potential drafting error, the use of "*only or* as required by law and only to the minimal extent necessary" introduces some ambiguity with respect to the precise scope of the carveout clause. The Shaman Defendants argue that the first "only" is a scrivener's error and that the carveout clause should read "all parties may be allowed to disclose the terms of this settlement to a court in order to obtain an order seeking enforcement of the settlement, *or* as required by law and only to the minimal extent necessary to state and federal tax authorities, officers of the court, lienholders, related caregivers, and bill collectors." *See* Resp. at 3 n.1 (emphasis added). Given that "only or as required by law"

makes little sense, I am inclined to agree that either the "only" or the "or" is an error. But I need not delve deeply into the matter or decide whether the sub-qualifier "as required by law and only to the minimal extent necessary" applies to the first subclause because either way, the carveout clause conflicts with and supersedes the general clause's court order and prior written notice requirements. And that point is the only one O'Neal has properly preserved.

In sum, the general clause of the confidentiality provision requires a court order and prior written notice. But the carveout clause allows parties to disclose to a court to obtain an order seeking enforcement without satisfying the general clause's procedural requirements. The Missouri disclosure, made seeking an order quashing O'Neal's subpoena based on the settlement agreement, fell squarely within the carveout clause's exception. Thus, the Magistrate Judge correctly concluded that the Shaman Defendants did not materially breach. O'Neal's objection to the Report and Recommendation is overruled.

## IV.   CONCLUSION

Accordingly, the following is **ORDERED**:

1. O'Neal's objections to the Magistrate Judge's orders denying motions to compel (Docs. 376–77) and to the Magistrate Judge's Report and Recommendation (Doc. 411) are **OVERRULED**.

2. O'Neal's objection to the Magistrate Judge's order granting the Shaman Defendants' motion to compel (Doc. 379) is **DENIED as moot**.

    a.  The issue of whether an award of expenses under Rule 37 is appropriate is referred to the Magistrate Judge.

3. O'Neal's objection to the Magistrate Judge's order granting Lewis Brisbois a protective order (Doc. 382) is **DENIED as moot**. The Magistrate Judge's order granting the motion for protective order and awarding Lewis Brisbois Rule 37 expenses (Doc. 374) is **VACATED as moot**. Under these circumstances, the Court concludes that it would be unjust to award either party expenses under Rule 37.

4. The Magistrate Judge's Report and Recommendation (Doc. 410) is **ADOPTED** and made a part of this Order for all purposes.

    a.  O'Neal's Motion for Summary Judgment (Doc. 385) is **GRANTED-IN-PART** and **DENIED-IN-PART**. The motion is **GRANTED** on the issue of the Shaman Defendants' request for attorney's fees as declaratory judgment damages in Count I. Otherwise, the motion is **DENIED**.

    b.  The Shaman Defendants' Motion for Summary Judgment (Doc. 390) is **GRANTED-IN-PART** and **DENIED-IN-PART**. As to Count I, the

19

motion is **DENIED as moot** as to liability and **DENIED** as to damages. As to Count II, the motion is **GRANTED**. Nominal damages of one dollar are awarded for breach of the non-disparagement provision and reasonable attorney's fees and expenses are awarded as damages for breach of the release. The Shaman Defendants are **DIRECTED** to file a supplemental motion on the amount of attorney's fees and expenses under Local Rule 7.01(c) no later than **April 22, 2024.**

c.  The Shaman Defendants' request for sanctions against Attorney Graham is **DENIED without prejudice** pending more detailed briefing and an evidentiary hearing. Additionally, given Attorney Graham's request for a hearing and the Magistrate Judge's recommendation to hold a consolidated sanctions hearing, *see* (Doc. 409) at 2 n.1, the portion of the Court's Order Denying Reconsideration (Doc. 404) awarding the Shaman Defendants reasonable costs and attorney's fees under 28 U.S.C. § 1927 is **VACATED** and the related supplemental motion (Doc. 408) is **DENIED as moot**. The Shaman Defendants are **DIRECTED** to file a single consolidated sanctions motion addressing every ground asserted for the imposition of sanctions against Attorney Graham, which will be

the subject of a single hearing. The motion should be filed no later than

**April 22, 2024.**

    d.  O'Neal's request for oral argument (Doc. 412) is **DENIED as moot.**

**ORDERED** in Tampa, Florida, on March 25, 2024.

Kathryn Kimball Mizelle
United States District Judge