UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS O'NEAL,

    Plaintiff,

v.                                        Case No. 8:20-cv-936-KKM-AAS

AMERICAN SHAMAN FRANCHISE SYSTEM,
LLC; CBD AMERICAN SHAMAN,
LLC; SHAMAN BOTANICALS, LLC;
SVS ENTERPRISES, LLC; STEPHEN
VINCENT SANDERS II; BRANDON CARNES;
and FRANCIS KALAIWAA,

    Defendants.
_____/

## ORDER

Plaintiff Thomas O'Neal moves, for the third time, for the court to determine the applicability of the crime-fraud exception to emails withheld from production as attorney-client communications by Defendants American Shaman Franchise System, LLC (Shaman Franchise), CBD American Shaman, LLC (American Shaman), Shaman Botanicals, LLC, SVS Enterprises, LLC, Stephen Vincent Sanders II, and Francis Kalaiwaa (collectively, the Shaman Defendants). (Doc. 434). The Shaman Defendants respond in opposition. (Doc. 442). For the reasons set forth below, Mr. O'Neal's third motion to determine the applicability of the crime-fraud exception (Doc. 434) is **DENIED**.

1

Two prior orders denied Mr. O'Neal's previous requests for an order determining the applicability of the crime-fraud exception because Mr. O'Neal failed to establish a prima facie showing that the Shaman Defendants were engaged in crime or fraud. (*See* Docs. 286, 414). Mr. O'Neal does not bring forth any evidence to bolster his third request, and therefore he again fails to meet the requisite burden for applicability of the crime-fraud exception. *Drummond Co., Inc. v. Conrad & Scherer*, 885 F.3d 1324, 1335 (11th Cir. 2018) (citing *In re Grand Jury Investigation*, 842 F.2d 1223, 1226 (11th Cir. 1987) ("[T]here must be a prima facie showing that the client was engaged in criminal or fraudulent conduct when he sought the advice of counsel, that he was planning such conduct when he sought the advice of counsel, or that he committed a crime or fraud subsequent to receiving the benefit of counsel's advice. Second, there must be a showing that the attorney's assistance was obtained in furtherance of the criminal or fraudulent activity or was closely related to it.")).

Accordingly, Mr. O'Neal's third motion to determine the applicability of the crime-fraud exception (Doc. 434) is **DENIED**.

**ORDERED** in Tampa, Florida on July 2, 2024.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

3