UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS O'NEAL,

    Plaintiff,

v.   Case No. 8:20-cv-936-KKM-AAS

AMERICAN SHAMAN FRANCHISE SYSTEM,
LLC; CBD AMERICAN SHAMAN,
LLC; SHAMAN BOTANICALS, LLC;
SVS ENTERPRISES, LLC; STEPHEN20-936
VINCENT SANDERS II; BRANDON CARNES;
and FRANCIS KALAIWAA,

    Defendants.
_____/

## ORDER

After ascertaining the availability of counsel for both parties, the court scheduled an evidentiary hearing on the pending motion for sanctions (Doc. 424) for July 10, 2024 (which gave both sides almost two months of advance notice and preparation time for the hearing). (Doc. 437). Attorney Kevin Graham, counsel for Plaintiff Thomas O'Neal, requests this court reconsider the order setting the July 10 hearing and postpone the hearing. (Docs. 445, 456). Defendants American Shaman Franchise System, LLC (Shaman Franchise), CBD American Shaman, LLC (American Shaman), Shaman Botanicals, LLC, SVS Enterprises, LLC, Stephen Vincent Sanders II, and Francis Kalaiwaa (collectively, the Shaman Defendants) respond in

1

opposition. (Doc. 450). For the reasons set forth below, Mr. Graham's motion for reconsideration (Doc. 445) and motion for continuance of the hearing (Doc. 456) are **DENIED**.

Mr. Graham makes four requests: (1) the court direct the Shaman Defendants to establish a prima facie showing that Mr. Graham engaged in bad faith before the scheduled hearing; (2) the court establish staggered deadlines for the parties to file their witness and exhibit lists; (3) the court set deadlines for the parties to file motions compelling witness testimony or other tangible evidence; and (4) the court reschedule the hearing on the motion for sanctions for a later date. (Doc. 445, p. 3).

Mr. Graham's first request is for the court to direct the Shaman Defendants to "file and serve such testimonial and/or documentary evidence establishing to the satisfaction of the court at least a prima facie showing that Attorney Graham actually engaged in any 'bad faith' conduct necessitating the Hearing and the specific issues of 'fact' that will be adjudicated at the Hearing." (Doc. 445, p. 3). The Shaman Defendants argue in their motion for sanctions that Mr. Graham engaged in sanctionable conduct throughout this case under 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11(b). (Doc. 424, pp. 3–16). The burden is on the Shaman Defendants, not Mr. Graham, to prove the necessary elements for an award of sanctions with evidence at the scheduled hearing. There is no requirement

2

for the Shaman Defendants to establish a prima facie case of bad faith before the court may hold an evidentiary hearing.

Mr. Graham's second request is for the court to stagger the deadlines by when the parties submit their witness and exhibit lists. (Doc. 445, p. 3). This request comes from Mr. Graham's concern that he will be "ambushed" by the Shaman Defendants at the hearing. (*Id.*). On May 16, 2024, the court directed the parties to file their witness and exhibit lists by June 26, 2024. (Doc. 437, p. 2). Mr. Graham filed his witness and exhibit lists well in advance of the deadline – on June 4, 2024 (Doc. 447) – and so is hard-pressed to support his position that the mutual disclosure deadline (three weeks later) prejudiced him. Also, the Shaman Defendants complied with the deadline and provided their witness list and exhibit list on June 26, 2024. (Docs. 453, 454). Consequently, Mr. Graham has ample notice of whom the Shaman Defendants intend to call as witnesses and what documents the Shaman Defendants will attempt to enter into evidence.

Mr. Graham's third request is for the court to set deadlines for the parties to file motions compelling witness testimony or other tangible evidence. (Doc. 445, p. 3). Because the order setting the hearing scheduled the hearing two months out, the parties had ample time to file any necessary pre-hearing motions. In fact, Mr. Graham filed a motion compelling witness

3

testimony (Doc. 449) and a motion compelling production of privileged documents (Doc. 434).

Mr. Graham's fourth request is for the court to reschedule the July 10 hearing. (Doc. 445, p. 3). Mr. Graham has since filed a second motion for continuance of the hearing date, making the same request he makes in the earlier motion. (Doc. 456). The court scheduled the hearing on a date selected by Mr. Graham and counsel for the Shaman Defendants. The requests do not establish good cause to continue the July 10, 2024 evidentiary hearing.

Accordingly, Mr. O'Neal's motion for reconsideration (Doc. 445) and motion for continuance of the hearing (Doc. 456) are **DENIED**.

**ORDERED** in Tampa, Florida on July 2, 2024.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge