UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS O'NEAL,

    Plaintiff,

v.                                        Case No. 8:20-cv-936-KKM-AAS

AMERICAN SHAMAN FRANCHISE SYSTEM,
LLC; CBD AMERICAN SHAMAN,
LLC; SHAMAN BOTANICALS, LLC;
SVS ENTERPRISES, LLC; STEPHEN
VINCENT SANDERS II; BRANDON CARNES;
and FRANCIS KALAIWAA,

    Defendants.
_____/

## ORDER

Attorney Kevin Graham, counsel for Plaintiff Thomas O'Neal, requests this court compel the attendance of certain witnesses at the evidentiary hearing scheduled for July 10, 2024. (Doc. 449). Defendants Shaman Franchise System, LLC (Shaman Franchise), CBD American Shaman, LLC (American Shaman), Shaman Botanicals, LLC, SVS Enterprises, LLC, Stephen Vincent Sanders II, and Francis Kalaiwaa (collectively, the Shaman Defendants) respond in opposition. (Doc. 452). For the reasons set forth below, Mr. Graham's motion to compel (Doc. 449) is **DENIED**.

Mr. Graham requests this court compel the attendance of Stephen Vincent Sanders, II, Leigh Geither, and Kathi Miley at the July 10, 2024

1

hearing on the pending motion for sanctions (Doc. 424) against Mr. Graham. (Doc. 449, p. 1). Mr. Sanders, Ms. Geither, and Ms. Miley are corporate officers for the Shaman Franchise. (*Id.*). Mr. Graham alleges he "has no alternative but to subpoena each potential fact witness." (Doc. 449, p. 4). The Shaman Defendants allege Mr. Graham has not attempted to subpoena any of these witnesses. (Doc. 452, p. 1).

Mr. Graham fails to explain in his motion why the court has the power to subpoena these witnesses under Federal Rule of Civil Procedure 45. (*See* Doc. 449). On the contrary, Mr. Graham contends "[t]he Corporate Officers are beyond the subpoena power of the court." (Doc. 449, p. 4). Mr. Graham is correct on this point. *See* Fed. R. Civ. P. 45(c)(1) ("A subpoena may command a person to attend a trial, hearing, or deposition only as follows: within 100 miles of where the person resides, is employed, or regularly transacts business in person; or within the state where the person resides, is employed, or regularly transacts business in person."). Neither Mr. Sanders, Ms. Gaither, nor Ms. Miley fit any of the required listings under Rule 45. *See* Fed. R. Civ. P. 45(c)(1). As such, the court is without power to compel the attendance of these witnesses. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1331 (11th Cir. 2011); *Image Linen Servs., Inc. v. Ecolab, Inc.*, No. 5:09-cv-149-10GRJ, 2011 WL 862226, *6 (M.D. Fla. Mar. 10, 2011) ("[T]his Court lacks the authority to compel any of these [out-of-state] witness[es] to attend

proceedings in this jurisdiction."). Accordingly, Mr. Graham's motion to compel (Doc. 449) is **DENIED**.

Additionally, Mr. Graham repeatedly cites an August 3, 2023 order to show cause (Doc. 381) in his filings regarding the upcoming hearing. (Doc. 434, pp. 3, 18; Doc. 445, p. 1; Doc. 449, pp. 1–4). United States District Judge Kathryn Kimball Mizelle directed the Shaman Defendants to file "a single consolidated sanctions motion addressing every ground asserted for the imposition of sanctions against Attorney Graham, which will be the subject of a single hearing." (Doc. 415, p. 20–21). The undersigned is proceeding under the consolidated motion for sanctions, and that motion and its response will be the subject of the July 10, 2024 evidentiary hearing. (Docs. 424, 426).

**ORDERED** in Tampa, Florida on July 2, 2024.

AMANDA ARNOLD SANSONE
United States Magistrate Judge