UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS O'NEAL,

    Plaintiff,

v.                                                    Case No: 8:20-cv-00936-KKM-AAS

AMERICAN SHAMAN FRANCHISE
SYSTEM, LLC, CBD AMERICAN
SHAMAN, LLC, SHAMAN BOTANICALS,
LLC, SVS ENTERPRISES, LLC, STEPHEN
VINCENT SANDERS II, BRANDON
CARNES, and FRANCIS KALAIWAA,

    Defendants.

_____

## ORDER

    This action began in April 2020, when Thomas O'Neal sued several parties (a subset of which are collectively known as the Shaman Defendants/Shaman Counter-Plaintiffs) for violating state and federal law in relation to O'Neal's efforts to open new American Shaman retail locations. O'Neal eventually faced two counterclaims based on breach of a settlement agreement that had resolved his initial dispute. (Doc. 415) at 1–4 (discussing the factual background and intervening litigation in more detail). In late 2023, the parties cross-moved for summary judgment and the magistrate judge issued a report recommending disposition in favor of the Shaman Counter-Plaintiffs. (Doc. 410).

On March 25, 2024, the magistrate judge's report was adopted in full, granting the Shaman Counter-Plaintiffs summary judgment on Count II (for breach of contract) and acknowledging that judgment on Count I (for declaratory judgment) had already been won. (Doc. 415). Nominal damages of $1 were awarded for breach of the settlement agreement's non-disparagement provision and "reasonable attorney's fees and expenses" were awarded for breach of the release. (Doc. 415) at 19–20. To determine damages, the Shaman Counter-Plaintiffs were "directed to file a supplemental motion on the amount of attorney's fees and expenses under Local Rule 7.01(c)." (Doc. 415) at 20.

After the Shaman Counter-Plaintiffs complied, the magistrate judge issued another report recommending that the supplemental motion be granted-in-part and denied-in-part. (Docs. 423, 451). O'Neal's objections to that report are now ripe. (Docs. 455, 464).

## I. LEGAL STANDARDS

A court may accept, reject, or modify a magistrate judge's report after conducting a careful and complete review of the findings and recommendations therein. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact, the court must review that issue de novo. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). And the court must review legal conclusions de novo even absent objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

2

## II. ANALYSIS

The Shaman Counter-Plaintiffs seek $229,320 in fees for 655.2 hours of work by attorneys Stephen J. Moore and Nicholas J. Porto at a rate of $350 per hour. (Doc. 423) at 10. The magistrate judge's report recommends a reduced award of $220,850 because the Shaman Counter-Plaintiffs incurred $8,470 in fees before November 16, 2021, when O'Neal breached the settlement agreement by filing a supplemental complaint barred by the release. (Doc. 451) at 9, 11.

O'Neal concedes that Moore's and Porto's rates are reasonable but contends that the magistrate judge's report still misstates the amount of fees owed. (Doc. 425) at 1; (Doc. 451) at 8; (Doc. 455) at 12. O'Neal's primary argument is that the Shaman Counter-Plaintiffs are entitled to only those fees related to defending against O'Neal's supplemental complaint (and perhaps also prosecuting Count II, but to the same extent). This objection lacks merit.

The magistrate judge's summary judgment report, which was adopted in full, recommended an award to the Shaman Counter-Plaintiffs of "their reasonable attorney's fees and expenses incurred in these post-judgment proceedings," proceedings that were set in motion by O'Neal's supplemental complaint. (Doc. 410) at 19; (Doc. 415) at 19–20. That makes sense, as the counterclaims were unnecessary but for O'Neal's breach of the release. (Doc. 180) (answer to O'Neal's supplemental complaint and counterclaims); (Doc.

451) at 10 ("Due to Mr. O'Neal filing a supplemental complaint barred by the Settlement Agreement, the Shaman Defendants incurred damages from defending against Mr. O'Neal's supplemental complaint and prosecuting their counterclaim[s]. Accordingly, it is recommended the attorney's fees incurred in prosecuting the Shaman Defendants' counterclaims be included in the measure of damages for Mr. O'Neal's breach of the release."). Because the Shaman Counter-Plaintiffs prevailed on Count II, they are entitled to attorney's fees incurred because of O'Neal's breach, including fees incurred prosecuting the counterclaims. (Doc. 415) at 19–20.

To be sure, the court declined to permit a second attorney's fees award based on Count I's declaratory judgment claim and awarded only nominal damages for breach of the settlement agreement's non-disparagement provision. (Doc. 410) at 10–12, 15–16; (Doc. 415) at 19–20. But those rulings prevented duplicative recovery and only confirm that the remedy for breach of the release "is that amount of money which will put [the Shaman Counter-Plaintiffs] in as good a position as [they] would have been if [O'Neal] had not breached the [settlement agreement] and which naturally result[s] from the breach." *Wilmington Tr., N.A. v. Est. of Gonzalez*, No. 15-cv-23370, 2017 WL 11479258, at *4 (S.D. Fla. Sept. 15, 2017). The Shaman Counter-Plaintiffs' actions since November 16, 2021, both defending against O'Neal's claims and prosecuting their related counterclaims, have been the natural result of O'Neal's breach. Thus, the Shaman Counter-Plaintiffs are

"entitled to their reasonable attorney's fees and expenses incurred in these post-judgment proceedings." (Doc. 410) at 19; (Doc. 415) at 19–20.

O'Neal also briefly asserts that Luck and Porto used "block billing" practices that "preclude[] the court from determining whether the services constitute 'damages for breach of the release.'" (Doc. 455) at 6–9. To the extent that this objection relies on O'Neal's distinction between time spent defending against his claims and time spent prosecuting the counterclaims, it fails for the reasons outlined above. And so far as O'Neal states a more general "block billing" objection, I agree with the magistrate judge that "[t]he portions of billing records Mr. O'Neal [identifies] do not contain block billing because each entry breaks out the amount of time spent on a particular task." (Doc. 410) at 11.

### III. CONCLUSION

Accordingly, the following is **ORDERED**:

1. O'Neal's objections to the magistrate judge's report are **OVERRULED**. The report and recommendation (Doc. 451) is **ADOPTED** and made a part of this order for all purposes. The Shaman Counter-Plaintiffs' supplemental motion for attorney's fees (Doc. 423) is **GRANTED-IN-PART AND DENIED-IN-PART**.

2. The Clerk must **ENTER JUDGMENT** for the Shaman Counter-Plaintiffs (American Shaman Franchise System, LLC; CBD American Shaman, LLC;

5

Shaman Botanicals, LLC; SVS Enterprises, LLC; Stephen Vincent Sanders, II; and Francis Kalaiwaa) and against O'Neal in the amount of $220,851.00 ($220,850.00 in attorney's fees for breach of the release plus $1.00 in nominal damages for breach of the non-disparagement provision).

**ORDERED** in Tampa, Florida, on August 29, 2024.

/s/ Steven D. Merryday
**STEVEN D. MERRYDAY**
**UNITED STATES DISTRICT JUDGE**[*]

---

[*] Signed by Judge Steven D. Merryday to expedite the resolution of this motion. This case remains assigned to Judge Kathryn Kimball Mizelle.