UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS O'NEAL,

    Plaintiff,

v.                                                              Case No: 8:20-cv-936-KKM-AAS

AMERICAN SHAMAN FRANCHISE
SYSTEM, LLC, et al.,

    Defendants.

_____

ORDER

Thomas O'Neal, through his attorney Kevin Graham, moved to disqualify the United States Magistrate Judge assigned to this case. Mot. to Disqualify (MTD) (Doc. 475). The Magistrate Judge denied the motion (Doc. 479) and O'Neal objects. (Doc. 483). O'Neal argues that the Magistrate Judge lacked the authority under Article III of the Constitution and 28 U.S.C. § 636(b) to adjudicate the motion to disqualify. *Id.* He asks for the vacatur of the Magistrate Judge's order as well as a de novo review of the merits of the motion to disqualify. *Id.*

First, contrary to O'Neal's arguments, 28 U.S.C. § 455(a) governs recusal and that statute is clear that a magistrate judge has the authority to consider her own recusal. *See* 28 U.S.C. § 455(a) ("Any justice, judge, or magistrate judge of the United States shall

1

disqualify himself in any proceeding in which his impartiality might reasonably be questioned."); *see also McCone v. Kest*, No. 21-13667, 2022 WL 1693541, at *2 (11th Cir. May 26, 2022) (per curiam) (affirming magistrate judge's decision to deny a post-judgment motion for recusal); *Harpo v. Intermark Mgmt. Corp.*, No. 1:21-CV-87, 2023 WL 5949435, at *1 (S.D. Ga. Aug. 28, 2023) ("Section 455 provides authority for a judge or magistrate judge to 'disqualify himself,' not someone else."); *Sabatier v. Suntrust Bank*, No. 06-20418-CIV, 2009 WL 2430892, at *1 (S.D. Fla. Aug. 7, 2009) ("On its face, § 455 requires the judge assigned to a case and who is the subject of a motion to recuse to decide the matter."). O'Neal cites no authority for the proposition that a magistrate judge lacks the authority to consider a post-judgment motion for recusal.

Second, even if O'Neal is correct that he is entitled to de novo review of the Magistrate Judge's order and I were to review O'Neal's motion in the first instance, his argument for disqualification is meritless. A magistrate judge must disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455. Under § 455(a), "[t]he test is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Parker v. Conners Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988). Because the bias must be personal in nature, in almost all circumstances "a judge's rulings in the same . . . case are not a sufficient basis for recusal."

*Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam); *accord In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1274 (11th Cir. 2009) ("Challenges to adverse rulings are generally grounds for appeal, not recusal."). Only where "pervasive bias" is shown will a judge's rulings provide a sufficient basis for recusal. *Bolin*, 225 F.3d at 1239.

After de novo review, O'Neal has not demonstrated that the Magistrate Judge holds pervasive bias. The motion is nothing more than an effort to relitigate the Magistrate Judge's handling of the defendants' motion for sanctions (Docs. 424, 472) and O'Neal's motion for leave to file an amended supplemental complaint, answer, and affirmative defenses (Docs. 272, 273). Contrary to O'Neal's argument, there is no basis in the record on which to have "significant doubts" about the Magistrate Judge's "impartiality," MTD at 11 (quoting *Makozy v. Westcor Land Title*, No. 22-11753, 2023 WL 3409619, at *6 (11th Cir. May 12, 2023) (per curiam)), and thus his motion must be denied.

Accordingly, the following is **ORDERED:**

1. O'Neal's Objection (Doc. 483) is **OVERRULED.** In the alternative, his Motion to Disqualify (Doc. 475) is **DENIED.**

**ORDERED** in Tampa, Florida, on February 6, 2025.

Kathryn Kimball Mizelle
United States District Judge

3