[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

---

No. 25-10406

Non-Argument Calendar

---

THOMAS O'NEAL,

Plaintiff-Counter
Defendant-Appellant,

*versus*

AMERICAN SHAMAN FRANCHISE SYSTEMS, INC.,
CBD AMERICAN SHAMAN, LLC,
FLORIDA SHAMAN PROPERTIES, LLC,
BRANDON M. CARNES,
a.k.a. Brandon Carnes,
KATELYN SIGMAN, et al.,

Defendants-Counter
Claimant-Appellees.

---

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cv-00936-KKM-AAS

---

Before ROSENBAUM, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Thomas O'Neal and his attorney, Kevin Graham, appeal following the district court's imposition of sanctions against Graham under 28 U.S.C. § 1927 for unreasonably and vexatiously multiplying proceedings, and its denial of O'Neal's motion for recusal of the magistrate judge in connections with the sanctions ruling. After careful review of the record and the parties' briefs, we affirm.

## I. Background

*A. Underlying Case*

In April 2020, O'Neal sued various defendants for claims arising from efforts to open and operate a retail store in Florida to sell hemp-derived CBD products. In May 2021, O'Neal settled with three of those defendants: American Shaman Franchise Systems, LLC; CBD American Shaman, LLC; and Shaman Botanicals, LLC (collectively, the Shaman Defendants). Then, in July 2021, O'Neal

obtained a default judgment against the remaining defendants, including an individual named Brandon Carnes.

In August 2021, shortly after entry of judgment, O'Neal substituted Graham as counsel of record in place of Scott Terry. Graham then began collection efforts on behalf of O'Neal.

In December 2021, O'Neal initiated supplemental proceedings to recover the value of certain alleged fraudulent transfers, asserting that the Shaman Defendants had aided Carnes in avoiding O'Neal's efforts to enforce his judgment. The Shaman Defendants answered, pled two counterclaims, and moved for judgment on the pleadings on O'Neal's claims, arguing that they were barred by a release in the parties' settlement agreement.

In July 2022, the district court granted the motion for judgment on the pleadings and dismissed O'Neal's supplemental complaint as barred by the underlying settlement agreement. The parties then filed cross motions for summary judgment on the Shaman Defendants' counterclaims against O'Neal for breach of contract by attempting to bring released claims against the Shaman Defendants and by disparaging them.

In March 2024, the district court entered an order on summary judgment. Based on a magistrate judge's recommendations, the court awarded nominal damages of one dollar for breach of the non-disparagement provision and reasonable attorney's fees and expenses for breach of the release provision. The court later awarded more than $200,000 in attorney's fees. The district court's orders on the motions for judgment on the pleadings and for

summary judgment were, along with the magistrate judge's denial of leave for O'Neal to amend his pleadings, the subject of a separate appeal, and they are not at issue in this appeal. *See O'Neal v. Am. Shaman Franchise Sys., Inc.*, No. 24-10900, ___ F.4th ___, 2026 WL 377792 (11th Cir. Feb. 11, 2026).

In its summary-judgment order, the district court also noted that the Shaman Defendants had requested sanctions against Graham, O'Neal's attorney. The court denied the request without prejudice pending more detailed briefing and an evidentiary hearing, and it directed the Shaman Defendants to file a single consolidated sanctions motion.

*B. Sanctions Proceeding*

In April 2024, the Shaman Defendants filed their motion for sanctions based on Graham's litigation conduct. The Shaman Defendants alleged that Graham had engaged in sanctionable conduct by: (1) bringing frivolous claims he knew were barred by the settlement agreement; (2) making false statements to the court about his involvement in settlement negotiations; (3) unreasonably and vexatiously multiplying proceedings; and (4) making "extortionist threats" against opposing counsel. The Shaman Defendants requested that the court hold Graham liable for more than $200,000 in attorney's fees. Graham filed a response in opposition, and a magistrate judge held an evidentiary hearing on the sanctions motion in July 2024.

In December 2024, the magistrate judge issued a report and recommendation ("R&R") concluding that the motion for

sanctions should be granted in part and denied in part. The magistrate judge recommended imposing sanctions as to only one of the four grounds pressed by the Shaman Defendants.

In particular, the magistrate judge found that "Attorney Graham unreasonably and vexatiously multiplied the proceedings by filing . . . duplicative motions he knew raised no new circumstances or arguments from his first attempts." The magistrate judge identified five of Graham's filings—Docs. 279, 288, 398, 402, and 434—which, in the judge's view, were simply "baseless, duplicative" attempts to relitigate already decided issues, and which were so "egregious" as to be "tantamount to bad faith." The judge rejected imposing sanctions as to several other filings proposed by the Shaman Defendants. Accordingly, the judge recommended sanctioning Graham under 28 U.S.C. § 1927 "by holding him jointly and severally liable with Mr. O'Neal for the reasonable attorney's fees and expenses related to the Shaman Defendants defending against these motions."

The magistrate judge declined to recommend sanctions as to the other grounds asserted by the Shaman Defendants, apart from issuing an admonishment to Graham for failing to uphold professional standards. The filing of the supplemental complaint was not sanctionable, in the magistrate judge's view, because Graham had arguable grounds to believe the claims were not barred by the settlement agreement. As for the alleged false statements, the magistrate judge was "unable to find that Attorney Graham's statements to the court"—consistently representing that he was

not involved in the drafting or negotiating the settlement agreement—"are tantamount to bad faith misrepresentation," since the testimony and evidence supported "competing interpretations of Attorney Graham's level of involvement with the Settlement Agreement." Finally, the magistrate judge found that Graham's communications with opposing counsel did not rise to the level of extortionate threats, but that they fell "abysmally short of the professional conduct expected of lawyers practicing in this District." So the magistrate judge recommended that Graham be admonished for failing to uphold professional standards and be directed to review the Florida Bar's Guidelines for Professional Conduct.

Graham filed objections, mainly taking issue with the magistrate judge's statement that there were "competing interpretations" of his level of involvement with the settlement agreement, and the judge's alleged failure to consider evidence on that issue. Graham demanded "a definitive adjudication, based on the clear and convincing evidence presented to the court, that he at no time lied to the Court about his involvement in the settlement negotiations or drafting of the settlement agreement." Graham also argued that his filings were not unreasonable or vexatious.

The district court overruled Graham's objections and adopted the R&R. In relevant part, the court agreed with the magistrate judge that sanctions were "not warranted in light of the competing interpretations of Attorney Graham's level of involvement with the completed Settlement Agreement." The court noted that the emails in the record "call[ed] into question the

veracity of [Graham's] assertion that he 'had no communications with any attorney involved in drafting and negotiating the Settlement agreement,'" even if the evidence otherwise supported his claim that he was not involved in drafting or negotiating the terms of the settlement agreement.

The district court also agreed with the magistrate judge that Graham filed duplicative motions that vastly multiplied proceedings and wasted judicial and legal resources. The court reviewed each of the five filings cited by the magistrate judge and agreed that they constituted "bad faith litigation conduct." The court held Graham jointly and severally liable with O'Neal for $14,105 in attorney's fees related to defending against five duplicative motions.

*C. Recusal*

Before the district court ruled on Graham's objections to the R&R, O'Neal filed a motion under 28 U.S.C. § 455(a) to disqualify the magistrate judge because of alleged bias and prejudice against Graham and O'Neal. The magistrate judge issued an order denying the motion, stating that adverse rulings were not grounds for recusal. O'Neal objected to the ruling, arguing that the magistrate judge lacked the authority to determine a post-trial motion to disqualify and requesting de novo review by the district court.

The district court overruled O'Neal's objections and denied the motion to disqualify. The court found that the magistrate judge had the authority to deny the motion to recuse. In any case, the court reasoned that, even under de novo review, the "argument for disqualification is meritless," and was "nothing more than

an effort to relitigate the [m]agistrate [j]udge's handling of the defendants' motions for sanctions" and other matters.

## II. Standards of Review

Graham appeals the district court's order imposing sanctions for certain bad-faith litigation conduct. We review the imposition of sanctions under 28 U.S.C. § 1927 for an abuse of discretion. *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003).

O'Neal appeals the district court's denial of his motion for recusal of the magistrate judge. We review the recusal decisions under 28 U.S.C. § 455 for an abuse of discretion. *Murray v. Scott*, 253 F.3d 1308, 1310 (11th Cir. 2001).

## III. Sanctions under 28 U.S.C. § 1927

Section 1927 allows the district court to sanction an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. "To justify an award of sanctions pursuant to section 1927, an attorney must engage in unreasonable and vexatious conduct; this conduct must multiply the proceedings; and the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct." *Schwartz*, 341 F.3d at 1225.

"We have consistently held that an attorney multiplies proceedings 'unreasonably and vexatiously' within the meaning of the statute only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'" *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007). An attorney's conduct is tantamount to bad faith when the attorney "knowingly or recklessly

pursue[s] a frivolous claim or needlessly obstruct[s] the litigation of a non-frivolous claim." *Id.* Negligent conduct alone is not enough. *Id.* at 1241–42. And "something more than a lack of merit is required." *Schwartz*, 341 F.3d at 1225. But "§ 1927 does not require a malicious intent or a bad purpose." *Amlong*, 500 F.3d at 1240.

Here, the district court did not abuse its discretion by imposing sanctions under § 1927. Graham argues that his litigation conduct did not rise to the level of objective bad faith and that the court failed to establish more than a lack of merit in the five motions, which is not enough to support the imposition of sanctions under § 1927. We agree that "something more than a lack of merit is required." *Schwartz*, 341 F.3d at 1225. But Graham mischaracterizes the district court's ruling.

In the R&R, which the court adopted, the magistrate judge recommended sanctions not because Graham's motions lacked merit, but rather because they were "duplicative motions [Graham] knew raised no new circumstances or arguments from his first attempts." Graham fails to address the court's ruling that the motions were "baseless, duplicative" attempts to relitigate issues that the court had already decided, or to suggest why baselessly multiplying proceedings in this way would not constitute unreasonable and vexatious conduct that is tantamount to bad faith. *See Amlong*, 500 F.3d at 1239; *Schwartz*, 341 F.3d at 1225. Accordingly,

Graham has not shown an abuse of the court's discretion to impose sanctions under § 1927.[1]

Graham also challenges the district court's comment that there were "competing interpretations" about his level of involvement in the plea negotiations. But the district court did not impose any sanctions in relation to this issue, or even make any specific factual findings. So even assuming Graham is right that the district court plainly misjudged his level of involvement, or failed to consider relevant evidence, any error in that regard is harmless because it had no effect on the judgment or Graham's substantial rights.[2] *See Shinseki v. Sanders*, 556 U.S. 396, 407–08 (2009) (stating that, under 28 U.S.C. § 2111, appellate courts must disregard errors that "do not affect the parties' 'substantial rights'").

In any case, we see nothing "clearly erroneous" about the district court's observation, given that the parties plainly offered "competing interpretations" of Graham's involvement. What's more, the court noted that emails in the record between Graham and Scott "call[ed] into question the veracity of [Graham's]

[1] We note that Graham makes no argument that the amount of the sanction "exceed[ed] the costs occasioned by the objectionable conduct." *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003).

[2] For essentially the same reasons, we reject Graham's argument that the magistrate judge and district court ignored expert testimony with respect to the alleged "threatening" emails. The district court found that the emails did not amount to sanctionable conduct, even if, in the court's view, the emails fell below professional standards and warranted admonishment.

assertion that he 'had no communications with any attorney involved in drafting and negotiating the Settlement agreement,'" even if the evidence otherwise supported his claim that he was not involved in drafting or negotiating the terms of the settlement agreement. Graham offers no response to that specific finding, which is otherwise supported by the record.

For these reasons, we affirm the imposition of sanctions against Graham under § 1927.

## IV. Recusal

Section 455(a) requires a judge to recuse from any proceeding in which her "impartiality might reasonably be questioned." 28 U.S.C. §. 455(a). The standard we apply under § 455(a) is an "objective one": "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990). But "a judge's rulings in the same or a related case may not serve as the basis for a recusal motion," absent "pervasive bias and prejudice." *Id.* (quotation marks omitted).

Here, the district court did not abuse its discretion by declining to order the recusal of the magistrate judge. In asserting the bias of the magistrate judge, O'Neal relies entirely on her rulings and comments in this case, which are insufficient to establish legitimate doubt about the judge's impartiality. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

O'Neal does not identify any extrajudicial bias, nor does the record support a finding of "pervasive bias and prejudice." *See id.* ("[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge."). To the contrary, the record shows that the magistrate judge fairly considered the Shaman Defendants' motion for sanctions and rejected most asserted grounds for sanctions. Because the record does not reveal grounds for recusal of the magistrate judge, the court properly denied the motion to disqualify.

For these reasons, we affirm the denial of O'Neal's motion to disqualify the magistrate judge.

## V. Conclusion

In sum, we affirm the sanctions award against Attorney Graham under § 1927. We also affirm the denial of the motion to disqualify the magistrate judge.

**AFFIRMED.**

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

February 19, 2026

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 25-10406-HH
Case Style: Thomas O'Neal v. Florida Shaman Properties, LLC, et al
District Court Docket No: 8:20-cv-00936-KKM-AAS

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing or rehearing en banc is governed by 11th Cir. R. 40-2. Please see FRAP 40 and the accompanying circuit rules for information concerning petitions for rehearing.

Costs
Costs are taxed against Appellant(s) / Petitioner(s).

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion