UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS O'NEAL,

      Plaintiff,

v.                                    Case No. 8:20-cv-936-KKM-AAS

AMERICAN SHAMAN
FRANCHISE SYSTEMS,
LLC, et al.,

      Defendants.
_____/

## ORDER

Plaintiff Thomas O'Neal moves for leave to supplement the record in support of his motion to set aside judgment (Doc. 501) and for leave to file a reply to the defendants' response in opposition to the motion to set aside judgment. (Doc. 503). In a separate motion, Mr. O'Neal moves to amend his motion to set aside judgment. (Doc. 505). The defendants responded in opposition to both motions. (Docs. 507, 508). This order addresses the pending motions (Docs. 503, 505) together because both motions relate to Mr. O'Neal's motion to set aside judgment. The defendants have already responded in opposition to Mr. O'Neal's underlying motion to set aside judgment. (Doc. 502).

1

## I.    BACKGROUND[1]

Mr. O'Neal initiated this litigation on April 22, 2020. (Doc. 1). The parties reached a settlement regarding the initial litigation. The settlement agreement contained a mutual release provision. (Doc. 180-1, p. 2).

A few months later, Mr. O'Neal initiated a separate action against American Shaman in the Western District of Missouri. Mr. O'Neal argued the claims were not barred by the mutual release in the settlement agreement. Then, Mr. O'Neal filed an amended supplemental complaint in the original litigation. (Doc. 135). He alleged American Shaman is liable for fraudulent transfers, among other claims.

In response, American Shaman moved for judgment on the pleadings; it argued O'Neal's claims are barred by the settlement agreement's mutual release. American Shaman also filed counterclaims for breach of contract against Mr. O'Neal. On February 22, 2022, the defendants moved for judgment on the pleadings. (Doc. 184). The court granted the motion for judgment on the pleadings. (Doc. 230). Later, the parties filed cross motions for summary judgment. The court granted summary judgment in favor of the Shaman Companies' counterclaims and against Mr. O'Neal. (Doc. 415).

---

[1] This is intended to serve as a brief background of the procedural history of the case. A more detailed accounting may be found in the Eleventh Circuit's opinion at Doc. 495, pp. 3–9.

On February 11, 2026, the Eleventh Circuit affirmed this court's judgment on the pleadings and summary judgment decisions. (Doc. 495). Now, Mr. O'Neal moves pursuant to Federal Rule of Civil Procedure 60(d)(3) to set aside the judgment on the pleadings (Doc. 230) and the summary judgment (Doc. 415) for alleged fraud on the court and requests to reopen the case for further proceedings.

## II.    ANALYSIS

Before the court are three requests relating to Mr. O'Neal's motion to set aside judgment: (1) leave to supplement the record in support of his motion (Doc. 503); (2) leave to file a reply to the defendants' response in opposition to the motion (Doc. 503); and (3) leave to amend the motion (Doc. 505). Each request will be addressed in turn.

### A.    Leave to Supplement the Record is Denied

Mr. O'Neal requests leave to supplement the record to include a "proposed Second Amended Complaint . . . together with the sworn testimonial and documentary evidence annexed to the pleading, for the purpose of providing the Court with additional evidence supporting Mr. O'Neal's pending [motion to set aside judgment.]" (Doc. 503, p. 1). Mr. O'Neal intends to file a version of the Proposed Amended Complaint if his motion to set aside judgment is granted. (*Id.* at fn. 1) The Shaman defendants argue "the proposed amended pleading is not germane to the underlying motion, and O'Neal cites no

particular allegations or exhibits to the proposed pleading that would support his argument for fraud on the court." (Doc. 507, p. 1).

Upon review, Mr. O'Neal's motion to supplement the record does not provide sufficient legal justification to grant the motion. The authority cited in the motion is focused on the standards related to Mr. O'Neal's allegations of fraud on the court and standards of ethical conduct. Mr. O'Neal does not provide legal authority to support his request to supplement. In addition, the proposed amended complaint and its attached exhibits, consisting of nearly 700 pages, are not relevant or necessary for the court to rule on Mr. O'Neal's motion to set aside the judgment. Therefore, Mr. O'Neal's request for leave to supplement the record (Doc. 503) is **DENIED**.

### B.    Leave to File a Reply is Denied

Mr. O'Neal also requests leave to file a reply to the defendants' response in opposition to the motion to set aside the judgment. (Doc. 503). A motion for leave to reply "must specify the need for, and the length of, the proposed reply." Local Rule 3.01(e), M.D. Fla.

Mr. O'Neal's motion contains one sentence in support of his request for leave to file a reply. He states, "It is also a proper case to grant Mr. O'Neal leave to file a Reply to the Opposition Memorandum [Doc. 502] to address, inter alia, the application of the 'literal truth doctrine' to the facts of this case and distinguish the authorities cited in the Opposition Memorandum [Doc. 502]."

4

(Doc. 503, p. 4).

Mr. O'Neal did not specify the length of the proposed reply, and it is unclear whether the "literal truth doctrine" is a new argument raised by the defendants.[2] Therefore, because Mr. O'Neal did not comply with the Local Rule and because he did not sufficiently show a valid justification for additional briefing the request for leave to file a reply (Doc. 503) is **DENIED**.

### C.    Leave to Amend the Motion is Denied

Mr. O'Neal moves to amend his motion to set aside judgment (Doc. 501) "solely for the purpose of explicitly including Attorney David L. Luck's additional false and misleading statement in the Luck Declaration (Doc. 177-1) that is not shielded from criminal prosecution under the Eleventh Circuit's 'literal truth doctrine' . . . ." (Doc. 505, p. 1). The defendants argue the motion (Doc. 505) should be denied because the statements Mr. O'Neal wishes to explicitly include are already part of the record because the Luck Declaration was filed as an exhibit (Doc. 501-1). (Doc. 508). The defendants also request Mr. O'Neal's attorney be admonished once again, and that this Court consider referring Mr. O'Neal's attorney to the Florida Bar for disciplinary proceedings.

---

[2] The "literal truth doctrine" stands for the proposition "that a perjury conviction under § 1621 cannot be based upon a statement, however misleading or incomplete, that is the 'literal truth.'" *United States v. Roberts*, 308 F.3d 1147, 1152 (11th Cir. 2002) (internal quotation and citation omitted). The response does not raise any defenses to perjury.

5

Whether any of Attorney Luck's statements in the declaration are not shielded from criminal prosecution is wholly irrelevant to this civil case. The issue before the court is to decide whether the circumstances warrant setting aside the judgments, not whether any statements are or are not shielded from criminal prosecution. Further, as noted by the defendants, the Luck Declaration is already included as an Exhibit to the motion to set aside judgment. Mr. O'Neal does not provide sufficient legal justification to support his motion to amend. Accordingly, the motion to amend (Doc. 505) is **DENIED**. *See Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) ("[T]his Court has long recognized that a district court possesses inherent powers that are 'governed not by rule or statute but by the control necessarily invested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'") (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630−31 (1962)).

Concerningly, Attorney Graham states, "the uttering of a false statement under oath . . . constitutes perjury . . . under applicable Florida criminal law unless Attorney Luck expressly recants that statement before it has become manifest . . . that the falsity of the statement has been or will be exposed." Rule 4-3.4(g) of the Florida Rules of Professional Conduct provides: "A lawyer shall not present, participate in presenting, or threaten to present criminal charges solely to obtain an advantage in a civil matter." This court already admonished Attorney Graham and ordered Attorney Graham to review and Florida Bar's

6

Guidelines for Professional Conduct. (Doc. 148, p. 15). Attorney Graham is warned he may not threaten to bring criminal prosecution to gain advantage in civil litigation.

      **ORDERED** in Tampa, Florida on July 7, 2026.

*Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge

7