**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

THOMAS O'NEAL,

Plaintiff,

v. Case No. 8:20-cv-936-KKM-AAS

AMERICAN SHAMAN FRANCHISE SYSTEMS, Inc., et al.,

Defendants.

---

**ORDER**

Thomas O'Neal objects to the magistrate judge's order denying his motion to supplement the record, and to two report and recommendations on O'Neal's motions to set aside judgment on the pleadings and summary judgment against him and a sanctions order against him. *See* Objs. to Order (Doc. 518); Objs. to R. & R. on Judgments (Judgments Objs.) (Doc. 526); Objs. to R. & R. on Sanctions (Sanctions Objs.) (Doc. 527).[1] I overrule O'Neal's objections and affirm the magistrate judge's rulings.

---

[1] O'Neal filed nine different objections over the course of two days. *See* (Docs. 518–520, 522–527). O'Neal failed to comply with the Local Rules or to file using the correct "event" on Pacer, thus most of his earlier objections were either stricken or mooted by later filings after the Clerk's office directed him to refile using the proper event. *See* (Docs. 519–520, 522–524). O'Neal's later iterations were untimely, but I accept them nonetheless because the earlier iterations were timely filed albeit using the incorrect event. Further, the defendants do not protest their timeliness. *See* Resp. to Sanctions Objs. (Doc. 531); Resp. to Judgment Objs. (Doc. 530).

## I. BACKGROUND

O'Neal began this action on April 22, 2020. *See* Compl. (Doc. 1). In May 2021, O'Neal signed a settlement agreement with the Shaman Defendants: American Shaman Franchise Systems, Inc.; CBD American Shaman, LLC; and Shaman Botanicals, LLC. *See* (Doc. 180-1). The settlement agreement contained a mutual release provision. *See id.* at 2–3.

In December 2021, O'Neal filed a supplemental complaint alleging that the Shaman Defendants were liable for fraudulent transfers. *See* Supplemental Compl. (Doc. 135). The Shaman Defendants moved for judgment on the pleadings, arguing that O'Neal's claims were barred by the mutual release in the settlement agreement. *See* (Doc. 184) at 1. The Shaman Defendants also filed counterclaims against O'Neal for breach of contract. *See* (Doc. 188) at 19–33. In July 2022, I granted the motion for judgment on the pleadings. *See* (Doc. 230). After the parties filed cross-motions for summary judgment, *see* (Docs. 385, 390), I granted summary judgment in favor of the Shaman Defendants, *see* (Doc. 415).

In April 2024, the Shaman Defendants moved for sanctions against O'Neal's attorney, Kevin Graham, based on his conduct during litigation. (Doc. 424). The magistrate judge recommended sanctioning Graham under 28 U.S.C. § 1927 because Graham "unreasonably and vexatiously multiplied the proceedings by filing . . . duplicative motions he knew raised no new

circumstances or arguments from his first attempts." (Doc. 472) at 16. I overruled Graham's objections and held Graham jointly and severally liable with O'Neal for $14,105 in attorney's fees related to defending against five duplicative motions. *See* (Doc. 481). I "admonished [Graham] for his failure to uphold professional standards throughout the course of this litigation" and directed him to "review the Florida Bar's Guidelines for Professional Conduct." *See id*.

On February 11, 2026, the Eleventh Circuit affirmed the judgment on the pleadings and the summary judgment, *see* (Doc. 495), and the sanctions order, *see* (Doc. 496). O'Neal now moves under Federal Rule of Civil Procedure 60(d)(3) to set aside the judgment on the pleadings, the summary judgment, and the sanctions order. *See* Mot. to Set Aside Judgments (Judgments Mot.) (Doc. 501); Mot. to Set Aside Sanctions (Sanctions Mot.) (Doc. 510). The Shaman Defendants respond in opposition to both. Resp. to Judgments Mot. (Doc. 502); Resp. to Sanctions Mot. (Doc. 511).

O'Neal also moved for leave to supplement the record in support of his motion to set aside the judgments. *See* Mot. to Supplement (Doc. 503). The magistrate judge denied the motion. *See* Order (Doc. 512).

The magistrate judge recommends that I deny O'Neal's motions and award fees to the Shaman Defendants for O'Neal and Graham's continued

unreasonable, vexatious attempts to "relitigate matters that are final." *See* Judgments R. & R. (Doc. 513) at 11–13; Sanctions R. & R. (Doc. 514) at 8–9.

O'Neal objects to the magistrate judge's order and recommendations. *See* Objs. to Order; Judgments Objs.; Sanctions Objs. The Shaman Defendants respond in opposition. *See* Resp. to Objs. to Order (Doc. 532)[2]; Resp. to Judgments Objs. (Doc. 530); Resp. to Sanctions Objs. (Doc. 531).

## II. LEGAL STANDARD

### A. Objections to a Magistrate Judge's Non-Dispositive Orders

Rule 72 permits objection to a magistrate judge's non-dispositive orders and provides that "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). The clear error standard is "highly deferential." *See Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005). For a finding to be clearly erroneous, the district court must be "left with the definite and firm conviction that a mistake has been committed." *Id.*

[2] The Shaman Defendants filed this response one day late, but the Shaman Defendants move for me to accept it out of time. *See* Resp. to Objs. to Order at 1 n.1. The Shaman Defendants represent that they mistakenly calendared the wrong response deadline, partially because of confusion caused by O'Neal's repetitive filing of his objections across multiple days. *See id.* This is excusable neglect, and I grant the motion.

**B. Objections to a Report and Recommendation**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by a magistrate judge, the district court must conduct a de novo review with respect to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994) (per curiam); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

**III. ANALYSIS**

**A. Objections to the Magistrate Judge's Order**

The magistrate judge denied O'Neal's motion to supplement the record because the motion was devoid of relevant legal authority that justified supplementation and because the supplemental material, which reached nearly 700 pages, was "not relevant or necessary for the court to rule on . . . [the] motion to set aside the judgment." *See* Order at 4. Indeed, the motion consisted entirely of discussion of the legal standards for fraud on the court and a high-level summary of the attached supplemental materials. *See*

Mot. to Supplement at 1–4. O'Neal did not explain the relevancy of the supplemental materials to the motion to set aside the judgment. *See id.*

O'Neal contends that the magistrate judge's order was clearly erroneous or contrary to law. Objs. to Order at 7–9. In his objections he explains, finally, the purported relevancy of the supplemental materials and cites to legal authority that he interprets as supporting supplementation. *See id.* at 6–9. The problem is that *none* of the relevant arguments and case law were in O'Neal's original motion. *Compare id.*, *with* Mot. to Supplement at 1–4.

The magistrate judge's order was not clear error or contrary to law. In his motion, O'Neal neglected to identify relevant legal authority or explain the relevancy of the supplemental materials. Instead, he merely summarized the materials with little detail and left it to the Court to formulate the relevant arguments for him. This the Court may not do, and the magistrate judge rightly denied the motion. *See Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011) ("Our adversarial system requires [that parties present the argument on which basis their relief is granted]; district courts cannot concoct or resurrect arguments neither made nor advanced by the parties.").

The objections are also overruled because they are moot. The supplemental materials were, according to O'Neal *now*, relevant to helping establish that the Luck Declaration was "intentionally misleading and false," which would purportedly assist in adjudicating the motion to set aside the

judgments. *See* Objs. to Order at 1–2, 8–9. But as the magistrate judge recommends, and I adopt below, even if the Luck Declaration was fraudulent, it would not amount to fraud on the court and it was not used to obtain the judgments that O'Neal seeks to set aside. *See* Judgments R. & R. at 12.

**B. Objections to the Report and Recommendations**

I consider O'Neal's objections to the magistrate judge's recommendations together because they do not substantively differ. *Compare* Judgments Objs., *with* Sanctions Objs. This is no surprise because his "motion to set aside the Sanction Order advances the same arguments as his motion to set aside the judgments." Sanctions R. & R. at 4. O'Neal does not raise a single objection to the magistrate judge's recommendations. Instead, he summarizes the recommendations, repeats the arguments from his motions, and asks me "to conduct a *de nov*[*o*] review" of the recommendations. *See* Judgments Objs. at 1–10; Sanctions Objs. at 1–10.

Should O'Neal characterize the repeated arguments from his motions as objections, these " 'objections' are . . . procedurally improper." *Barnett-Menzer v. Saul*, No. 19-63005-CIV-ALTMAN/Hunt, 2021 WL 1206387, at *4 (S.D. Fla. Mar. 31, 2021). I need to consider O'Neal's earlier arguments only as part of my de novo review of the magistrate judge's legal conclusions because restating his earlier arguments does not raise specific objections that require responses. *See United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (per curiam)

("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)). In the absence of any objections and after reviewing the factual allegations and legal conclusions, I adopt the Report and Recommendations and deny O'Neal's motions.

In accordance with the magistrate judge's recommendations, *see* Judgments R. & R. at 11–13; Sanctions R. & R. at 8–9, I award the Shaman Defendants their reasonable attorney's fees and costs incurred in responding to the motion to set aside judgments and the motion to set aside the sanctions order. No later than August 28, 2026, counsel for the parties shall confer and attempt to agree on the reasonable amount of attorney's fees and costs incurred in relation to the two motions. If the parties cannot agree, the Shaman Defendants may move for the amount sought, with proper supporting documentation.

Accordingly, it is **ORDERED**:

1. O'Neal's Objections to the Magistrate Judge's Order (Doc. 518), Objections to the Report and Recommendation on the Motion to Set Aside Judgments (Doc. 526), and Objections to the Report and Recommendation on the Motion to Set Aside the Sanctions Order (Doc. 527) are **OVERRULED.**

2. The Magistrate Judge's Report and Recommendation on the Motion to Set Aside Judgments (Doc. 513) and Report and Recommendation on the Motion to Set Aside the Sanctions Order (Doc. 514) are **ADOPTED** and made a part of this Order for all purposes.

3. O'Neal's Motion to Set Aside the Judgments (Doc. 501) and Motion to Set Aside the Sanctions Order (Doc. 510) are **DENIED**.

4. Under 28 U.S.C. § 1927, Graham and O'Neal are jointly and severally liable for the reasonable attorney's fees and costs incurred by the Shaman Defendants in responding to the motions to set aside the judgments and the sanctions order.

5. No later than **August 28, 2026**, counsel for the parties shall confer and attempt to agree on the reasonable amount of attorney's fees and costs incurred in relation to the two motions. If the parties cannot agree, the Shaman Defendants may move for the amount sought, with proper supporting documentation, no later than **September 11, 2026**.

**ORDERED** in Tampa, Florida, on August 11, 2026.

Kathryn Kimball Mizelle

Kathryn Kimball Mizelle
United States District Judge